# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 20-1300

**Caption [use short title]**

**Motion for:** Extension of time to file opening brief, leave to file Form C, leave to file form D, request for referral to mediation panel, confirmation of in forma pauparis status

Set forth below precise, complete statement of relief sought:

The plaintiff appellant requests an extension of time to file its opening brief, in light of the retaining of new counsel from August 17, 2020 to October 16, 2020 (60 days), as well as leave to file Form C/Preargument statement, Form D, and to refile any necessary forms previously filed by the pro se appellant appellant also requests referral to the mediation panel

Fishman v. Office of Court Administration

**MOVING PARTY:** Marc Fishman  **OPPOSING PARTY:** Office of Court Administration

☑ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Caner Demirayak, Esq.  **OPPOSING ATTORNEY:** Lisa Evans

[name of attorney, with firm, address, phone number and e-mail]

Law Office of Caner Demirayak, Esq.  New York State Office of Court Administration, Counsel
300 Cadman Plaza West, 12th Floor, Brooklyn, NY 11201  25 Beaver Street, Suite 1170, New York, NY 10004
718-344-6048, caner@canerlawoffice.com  212-428-2150; levans@nycourts.gov

Court- Judge/ Agency appealed from: Hon. Kenneth M. Karas, United States District Court for the Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)
Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:_____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

**Signature of Moving Attorney:**
/s/ Caner Demirayak  **Date:** 7/16/20  Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------------------X
MARC FISHMAN,

                                                                               Docket No.: 20-1300

                Plaintiff-Appellant.

        -against-

OFFICE OF COURT ADMINISTRATION NEW YORK
STATE COURTS, MICHELLE D'AMBROSIO, in her
Administrative and Official Capacity, NEW YORK STATE
UNIFIED COURT SYSTEM, NANCY J. BARRY,
DISTRICT EXECUTIVE OF 9TH DISTRICT NY COURTS,
in her Administrative and Official Capacity, DAN WEISZ,
PROFESSIONAL DIRECTOR, in his Administrative and
Official Capacity,

                Defendants-Appellees.
-------------------------------------------------------------------X

**PLAINTIFF-APPELLANT MARC FISHMAN'S UNOPPOSED MOTION
FOR AN EXTENSION OF TIME TO FILE BRIEF, LEAVE TO FILE
FORM C, PREARGUMENT STATEMENT AND FORM D, AND
REFERRAL TO THE CIVIL APPEALS MANAGEMENT
PROGRAM FOR MEDIATION**

Appellant Marc Fishman hereby moves for an extension of sixty days to file his opening brief in this case. The brief is currently due on August 17, 2020. The extension would make it due on October 16, 2020. The appellees do not oppose this motion. Appellant also moves for leave to file form C, the pre argument statement and form D within fourteen days. Appellant previously handled his appeal in a *pro se* manner and was not required to file such forms. New counsel requests leave to file such documents and the appellees do not oppose such motion. Appellant further

1

moves for referral to the civil appeals management program office for mediation. In this appeal involving a *pro se* matter, new counsel feels mediation would be helpful in limiting the issues involved in this appeal and attempting resolution without full briefing. The appellees do not oppose this motion. Finally, appellant moves for clarification as to his *in forma pauperis* status pursuant to Federal Rule of Appellate Procedure 24(a)(3).

**<u>Background</u>**

This appeal raises significant issues relating to the New York State Court System's Americans with Disabilities Act ("ADA") accommodation procedures for persons with disabilities. In this case the Office of Court Administration ("OCA") and the relevant judicial employees placed onerous burdens on appellant to establish his disability in direct contravention of the ADA Amendments Act of 2008. The appellees, as alleged, failed to take into account the appellant's non-apparent or invisible disabilities and compounded such failure with its repeated refusals to accommodate the appellant's disabilities.

In fact, during a November 2, 2015 hearing the family court judge stated: "I'm offended, really, frankly, about your throwing around this language that you are being discriminated against because you are disabled." S.D.N.Y. ECF No. 2, p. 65. The Court further stated: "[Y]ou're saying I'm discriminating against you because you're disabled, and what I'm saying is that as you sit here right now, there is no

apparent disability. You're not in a wheelchair, you didn't come in with a cane, you don't have crutches, you don't have a brace on you. There's no physical indication that you have any disability." S.D.N.Y. ECF No. 2, pp. 65—6.

At a later June 21, 2017 hearing the family court judge stated: "As far as I can see, there's no disabilities, only new ideas as to how this court can accommodate whatever disabilities he says he has. And frankly, some of these requests are ridiculous." S.D.N.Y. ECF No. 2, p. 122. While the Court in 2017 now "accepted" that appellant was disabled under the ADA, the Court still stated, "I have great concerns about his mental health." *Id* at 133. The hearing ended with the Court stating that she had "enough" of appellant's accommodations requests and that she would not be "accepting any more requests" from appellant's "ADA Advocate." *Id* at 133—4. The appellant attempted to appeal the family court's denials of his accommodation requests to the relevant state appellate panel, but permission to appeal was never granted, leaving appellant with no recourse to challenge violations of his federally protected disability rights. *Id* at 69—71

The lower court dismissed the claims against the judicial employee on the basis of judicial immunity, eleventh amendment immunity and various doctrines suggesting federal courts should not interfere in state proceedings.

On the administrative side of the New York State Court System's accommodation procedures, court officials likewise refused to accept appellant's

non apparent disability. On June 22, 2018 appellee Nancy Barry denied plaintiff's request for an accommodation for realtime reporting or computer assisted realtime transcription ("CART") services by stating such accommodation is for persons with hearing impairments. S.D.N.Y. ECF No. 29, pp., 27-30 & No. 32, pp., 79-82. In denying such accommodation, Barry stated plaintiff did not prove his disability sufficiently to warrant such accommodation. *See id*. On August 7, 2018 appellee Dan Weitz affirmed the denial of the accommodation by Barry and again held that plaintiff failed to prove he was disabled or entitled to the accommodations he requested. *See id* at No. 34-4. This was despite plaintiff's submission of a letter from his doctor stating the appellant had cognitive impairments rendering the requested accommodations helpful. OCA's ADA administrative accommodation grievance procedure does not provide for any further review or appeal after determination by Dan Weitz, the ADA Statewide coordinator. As such, appellant's only recourse was to file an action to challenge the faulty grievance process, failure of court officials to comply with the ADA, and their failure to accommodate his disabilities.

The lower court dismissed plaintiff's claims against OCA and its officers on the basis of eleventh amendment immunity and for failure to state a claim.

**Request for Relief**

The requested extension of time to file the opening brief is necessary to allow new counsel for the appellant adequate time to familiarize himself with the issues in

this matter before filing the brief. The appellees do not oppose this motion. In addition, the requested extension will permit this case to proceed to mediation if the request for referral is granted, thereby limiting the issues on appeal or obviating the need to fully litigate this appeal through oral argument and a decision. Moreover, since this case was previously handled by appellant *pro se*, appellant was not required to file Form C, a pre argument statement or Form D. With new counsel, the appellant requests leave to file such documents so as to sharpen the issues on this appeal and clarify exactly what appellant is seeking. The appellees do not oppose this motion.

Pursuant to Local Rule 33.1, since this matter involved a *pro se* appellant prior to retaining of new counsel, this appeal was not subject to automatic referral to the mediation panel. The appellant, with new counsel, now requests referral to mediation pursuant to Local Rule 33.1(b). The appellees do not oppose this motion.

Finally, the appellant, while *pro se* improperly filed a motion seeking *in forma pauperis* status before this Circuit without realizing such motion was unnecessary. However, pursuant to Federal Rule of Appellate Procedure 24(a)(3), a party who was permitted to proceed *in forma pauperis* in the district court, may proceed on appeal in IFP status without further authorization. On January 19, 2018, Hon. Kenneth M. Karas authorized plaintiff's request for *in forma pauperis* status in the United States District Court for the Southern District of New York. Thus, the

appellant will proceed on this appeal as *in forma pauperis* status and requests that the order striking his motion for IFP status not be deemed to deny such status.

                                          Respectfully submitted,

                                          _____
                                          Caner Demirayak, Esq.
                                          Law Office of Caner Demirayak, Esq.
                                          300 Cadman Plaza West
                                          One Pierrepont Plaza, 12th Floor
                                          Brooklyn, New York 11201
                                          718-344-6048
                                          caner@canerlawoffice.com

# CERTIFICATE OF COMPLIANCE

In accordance with Federal Rules of Appellate Procedure Rule 27(a) & (d) and 32(a)(5) & (6) the undersigned, certifies that the accompanying motion is printed in 14-point typeface, Times New Roman, and, along with footnotes in 12-point typeface Times New Roman, contains no more than 5,200 words. According to the data in Microsoft Word, this motion contains **1,092** words.

/s/ Caner Demirayak
_____
Caner Demirayak, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, I electronically filed the foregoing Emergency Motion with the Clerk of the Court using the CM/ECF NextGen System which sent notice of such filing to the attorneys for the defendants-appellees as registered CM/ECF NextGen users.

I further certify that since the Motion and all attachments/exhibits do not exceed 50 pages, no paper copies were filed with the Clerk of Court.

/s/ Caner Demirayak
_____
Caner Demirayak, Esq.