# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**        **2. PLEASE TYPE OR PRINT**        **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Marc Fishman v. Office of Court Administration New York State Courts, Michelle D'Ambrosio, in her administrative and official capacity, New York State Unified Court System, Nancy J. Barry, District Executive of 9th District NY Courts, in her administrative and official capacity, Dan Weisz, Professional Director, in his administrative and official capacity | Southern District | Kenneth M. Karas |

| Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|
| March 6, 2020 | 18-cv-282-KMK |

| Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|
| April 4, 2020-pro se mailed | ☐ Yes  ✔ No |

| **Attorney(s) for Appellant(s):** | Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|
| ✔ Plaintiff<br>☐ Defendant | Caner Demirayak, Esq., 300 Cadman Plaza West, 12th Floor, Brooklyn, NY 11201<br>718-344-6048 (tel), 646-679-2527 (fax), caner@canerlawoffice.com | | | | |

| **Attorney(s) for Appellee(s):** | Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|
| ☐ Plaintiff<br>✔ Defendant | Lisa Evans, Esq., 25 Beaver Street, Suite 1170, New York, NY 10004<br>212-428-2150 (tel), 213-428-2155 (fax), lievans@nycourts.gov<br>David Lawrence, III, Esq., 28 Liberty Street, New York, NY 10005<br>212-416-8023 (tel), 212-416-8962 (fax), david.lawrence@ag.ny.gov | | | | |

| Has Transcript Been Prepared?<br>No | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?  ☐ Yes  ✔ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:                    Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A":*  **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

*ADDENDUM "B":*  **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party<br>✔ Federal question (U.S. not a party) | ☐ Diversity<br>☐ Other (specify): ___ | ✔ Final Decision<br>☐ Interlocutory Decision Appealable As of Right | ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br>☐ Other (specify): ___ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B:  DISTRICT  COURT DISPOSITION    (Check as many as apply)**

**1. Stage of Proceedings**

- [✔] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [✔] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [✔] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [✔] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**

- [✔] Damages:
  - [✔] Sought: $ 25,000
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [✔] Injunctions:
  - [ ] Preliminary
  - [✔] Permanent
  - [ ] Denied

Declaratory Relief

---

**PART C:  NATURE OF SUIT   (Check as many as apply)**

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [✔] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright ☐ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax
- [✔] Other (specify): ADA and Rehab Act

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7.** Will appeal raise constitutional issue(s)?
- [✔] Yes     [ ] No

Will appeal raise a matter of first impression?
- [ ] Yes     [✔] No

---

1.  Is any matter relative to this appeal still pending below?  [ ] Yes, specify: _____    [✔] No

2.  To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)    Arises from substantially the same case or controversy as this appeal?    [✔] Yes    [ ] No

    (B)    Involves an issue that is substantially similar or related to an issue in this appeal?    [✔] Yes    [ ] No

If yes, state whether  ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name:<br>Matter of Solomon v. Fishman | Docket No.<br>2020-317 | Citation: | Court or Agency:<br>New York Court of Appeals |
|---|---|---|---|
| Name of Appellant: Marc Fishman | | | |

| Date: 7/22/20 | Signature of Counsel of Record: /s/ Caner Demirayak, Esq. |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

        **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**ADDENDUM "A"**

### Description of the Nature of the Action

Plaintiff, Marc Fishman, claims via a *pro se* complaint that defendants violated his rights under the Americans with Disabilities Act ("ADA") and section 504 of the Rehabilitation Act ("RA") by failing to reasonably accommodate his disabilities during ongoing family court proceedings. Plaintiff contends that defendant-appellee, Michelle D'Ambrosio, Esq., while serving as the family court judge's court attorney, refused to accommodate his disabilities and denied him meaningful access to the family court. Plaintiff-appellant argues that the judicial employee failed to accept his disabilities and refused to provide cost-effective accommodations for his documented cognitive and hearing impairments. Plaintiff contends that the judicial employee cannot be shielded by judicial immunity as the actions taken involving disability accommodations were not judicial in nature, but rather constituted administrative functions unrelated to the exercise of a judicial function.

Plaintiff-appellant further claims that the Office of Court Administration ("OCA") and officials, Nancy J. Barry and Dan Weitz, violated his rights under the ADA and RA by placing an onerous burden on plaintiff to establish his disability

and failing to provide auxiliary aid accommodations for his cognitive and hearing impairments, including a note taker, large print court orders, and computer assisted real time transcription ("CART") services. Plaintiff-appellant contends that OCA and its non-judicial officers are not subject to Eleventh Amendment immunity as the Supreme Court has held that Congress validly abrogated the States' immunity from cases under the ADA involving the fundamental right of access to the courts. *See Tennessee v. Lane*, 541 U.S. 509 (2004). Plaintiff-appellant also argues that OCA's acceptance of federal funds constituted a waiver of any immunity from suit under the RA, rendering analysis of immunity under the ADA academic.

Plaintiff-appellant finally argues that the "*Rooker-Feldman*" and *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) doctrines do not serve as a bar to federal jurisdiction over this action as he claims violations of his federally protected anti-discrimination rights, by non-judicial employees in an administrative context via final decision on his administrative ADA grievance. *See generally Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fid. Tr. Co.,* 263 U.S. 413, 415—16 (1923). Plaintiff seeks declaratory relief finding that the defendants violated his rights under the ADA and RA, permanent injunctive relief, compensatory damages, and attorney's fees.

## The District Court's Holding Below/The Result Below

The district court granted the defendants motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) based on (1) judicial immunity, (2) Eleventh Amendment immunity, and (3) abstained from exercising jurisdiction pursuant to the doctrines of "*Rooker-Feldman*," *Younger* abstention, and *O'Shea v. Littleton*, 414 U.S. 488 (1974). The district court did not specifically address whether the operative Second Amended Complaint failed to state a cause of action and denied leave to file a further amended complaint.

The district court specifically held that D'Ambrosio was entitled to absolute judicial immunity for any actions she took as a court attorney for the family court judge as she engaged in judicial actions and conduct. However, the court did not address whether the facts relating to ADA and RA accommodations could be considered non-judicial in nature. The district court also held that all defendants were shielded from suit under the Eleventh Amendment, relying on this Court's decision in *Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn*, 280 F.3d 98, 111 (2d Cir. 2001) and electing to disregard the Supreme Court's later decision in *United States v. Georgia*, 546 U.S. 151, 159 (2006). Notably, the district court neither analyzed nor addressed plaintiff's allegations that the defendants received federal funding and thereby waived any immunity from suit under the RA.

The Court also held generally that the "*Rooker-Feldman," Younger* abstention *and O'Shea* doctrines required abstention from jurisdiction on all claims without considering that the claims against non-judicial court officials involved an administrative final decision and would not have constituted an audit of or intervention in state court proceedings.

### Notice of Appeal & District Court Docket Sheet

The Notice of Appeal dated, mailed, and e-mailed on April 4, 2020, but entered on April 16, 2020 due to COVID-19 related delays, and the District Court's current docket sheet are attached as Exhibits "A" and "B," respectively.

### The March 5, 2020 District Court Order

The March 5, 2020 Order of the Southern District of New York (Karas, J.), is attached as Exhibit "C."

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Marc Fishman

(List the full name(s) of the plaintiff(s)/petitioner(s).)

18 CV 282 (KMK( )

-against-

**NOTICE OF APPEAL**

Office of Court Administration
New York State Courts, Nancy Barry

(List the full name(s) of the defendant(s)/respondent(s).) Dan Weitz and
Michelle D'Antonio

Notice is hereby given that the following parties:

Marc Fishman, plaintiff

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☒ Judgment ☐ order   entered on: 3/6/2020

(date that Judgment or order was entered on docket)

that: Granted Motion to Dismiss all Plaintiffs
claims

(if the appeal is from an order, provide a brief description above of the decision in the order.)

Dated 4/3/2020                          Signature

Fishman, Marc H.

Name (Last, First, MI)

3200 Netherland Avenue Apt 6 Bronx NY 1046

Address                     City              State          Zip Code

(914) 837-3209            rentdriver@Gmail.com

Telephone Number          E-mail Address (if available)

---

* Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/6/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

MARC FISHMAN,

                              Plaintiff,

          -against-                                                    18 **CIVIL** 282 (KMK)

                                                                              **JUDGMENT**

OFFICE OF THE COURT ADMINISTRATION
NEW YORK STATE COURTS, et al.,

                              Defendants.
------------------------------------------------------------X

          It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion and Order dated March 5, 2020, both Motions to Dismiss are granted,

and all of Plaintiff's claims are dismissed with prejudice; accordingly, the case is closed.

**Dated:** New York, New York
          March 6, 2020

                                                            **RUBY J. KRAJICK**
                                                            _____
                                                                    **Clerk of Court**

                                          **BY:**   _KMargo_
                                                            _____
                                                                    **Deputy Clerk**

(914) 837-3209

17

re: 4/4/2020 email

Dear White Plains, Ct clerk: Vie fax 914-390-4090

Attached is my notice of appeal, D.P. Form
and Form Inpaupeis application.

I mailed and emailed this to the court.
4/4/2020. Not sure if you received.

The US Postal Service Kingsbridge office States
mail is delayed.

Am requesting you accept this facsimile
notice of appeal as timely.

Due to Coronavirus, and my disability, am
unable to travel to the court. I have
traumatic brain injury and have difficulty understanding.
Wish to appeal.

— Thanks Marc Fishman

4/8/2020

 **marc fishman <rentdriver@gmail.com>**

---

**In form pauperis 18-cv-00282kmk notice of appeal**

---

**marc fishman** <rentdriver@gmail.com>                                    Sat, Apr 4, 8:35 PM
To: newcases@ca2.uscourts.gov <newcases@ca2.uscourts.gov>,
prosecases@ca2.uscourts.gov <prosecases@ca2.uscourts.gov>
Bcc: Isabel Bolivar <isabel_bolivar2001@yahoo.com>, marc fishman <rentdriver@gmail.com>

In form pauperis application

Thank you

Marc Fishman 4/3/2020 9148373209

 **Gmail**

marc fishman <rentdriver@gmail.com>

---

## Notice of appeal and inform pauperis 18-cv-00282-Km's

---

**marc fishman** <rentdriver@gmail.com>                                      Sat, Apr 4, 8:31 PM
To: newcases@ca2.uscourts.gov <newcases@ca2.uscourts.gov>,
prosecases@ca2.uscourts.gov <prosecases@ca2.uscourts.gov>
Bcc: Isabel Bolivar <isabel_bolivar2001@yahoo.com>, marc fishman <rentdriver@gmail.com>

Please accept my appeal.  Am disabled and applying u for pauperis.

Lower court grantedinform pauperis.

Thank you
Marc Fishman, pro Se

 Gmail

**marc fishman <rentdriver@gmail.com>**

---

## Pro Se appeal Fishman vs Office if Court Administration New York Courts

**marc fishman** <rentdriver@gmail.com>                    Sun, Apr 5, 10:23 AM
To: newcases@ca2.uscourts.gov <newcases@ca2.uscourts.gov>,
prosecases@ca2.uscourts.gov <prosecases@ca2.uscourts.gov>
Cc: Lisa Evans Esq. <lievans@courts.state.ny.us>, Michael Berg Esq Atty General Atty For
Dambrosio <michael.berg@ag.ny.gov>
Bcc: Isabel Bolivar <isabel_bolivar2001@yahoo.com>, marc fishman
<rentdriver@gmail.com>

Form d-p required to be filed within fourteen days of appeal.

I already have transcript.  Judge Karas gave to me as an american with disabilities act
accommodation to my memory impairment disabilities of traumatic brain injury, post
concussion syndrome and occipital neuralgia.

Please advise how you want me to get transcript to court.  Is there a emailing address?

Please confirm receipt.

Thank you.

Marc Fishman, pro Se 9148373665

C: opposing counsel

# EXHIBIT "B"

# U.S. District Court
## Southern District of New York (White Plains)
## CIVIL DOCKET FOR CASE #: 7:18−cv−00282−KMK

Fishman v. Office of Court Administration New York State
Courts
Assigned to: Judge Kenneth M. Karas
Cause: 28:1331 Fed. Question

Date Filed: 01/10/2018
Date Terminated: 03/06/2020
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Marc Fishman**      represented by   **Marc Fishman**
3200 Netherland Avenue
Apt. G
Bronx, NY 10463
(914) 837−3209
Email: rentdriver@gmail.com
PRO SE

V.

**Defendant**

**Office of Court Administration New York State Courts**     represented by   **Lee Alan Adlerstein**
Office of New York State Office of Court
Administration
25 Beaver Street
New York, NY 10004
212−425−2150
Fax: 212−428−2155
Email: ladlerst@nycourts.gov
*ATTORNEY TO BE NOTICED*

**Lisa M Evans**
NY State Office Of Court Administration
25 Beaver Street

New York, NY 10004
212−428−2150
Email: lievans@courts.state.ny.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**Judge Gordon Oliver**
*in her administrative and official capacity*
*TERMINATED: 11/26/2018*

**Defendant**

**Michelle D'Ambrosio**
*in her administrative and official capacity*     represented by   **Michael Adam Berg**
Office of The Attorney General(NYS)
28 Liberty Street, 21st Floor
New York, NY 10005
(212) 416−8651
Fax: (212) 416−6075
Email: michael.berg@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Magistrate Carol Jordan**
*in her administrative and official capacity*
*TERMINATED: 11/26/2018*

<u>**Defendant**</u>

**Kathy Davidson**
*Chief Administrative Judge of 9th Circuit*
*and former Chief Judge of the*
*Westchester Family Court in her*
*administrative and official capacity*
*TERMINATED: 11/26/2018*

<u>**Defendant**</u>

**New York State Unified Court System**       represented by   **Lisa M Evans**
                                                                NY State Office Of Court Administration
                                                                25 Beaver Street
                                                                New York, NY 10004
                                                                212–428–2150
                                                                Email: lievans@courts.state.ny.us
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Lee Alan Adlerstein**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Judge Michelle I. Schauer**
*in her administrative and official capacity*
*TERMINATED: 11/26/2018*

<u>**Defendant**</u>

**Nancy J. Barry**                            represented by   **Lisa M Evans**
*District Executive of 9th District NY*                        (See above for address)
*Courts, in her administrative and official*                   *LEAD ATTORNEY*
*capacity*                                                     *ATTORNEY TO BE NOTICED*

                                                                **Lee Alan Adlerstein**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Dan Weisz**                                 represented by   **Lisa M Evans**
*Professional Director, in his*                                (See above for address)
*administrative and official capacity*                         *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Lee Alan Adlerstein**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Judge Hal Greenwald**
*in his administrative and official capacity*
*TERMINATED: 11/26/2018*

<u>**Defendant**</u>

**Judge Alan Scheinkman**
*in his administrative and Official capacity*
*as Chief Administrative Judge of the 9th*
*Circuit Courts*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/10/2018 | 1 | REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Marc Fishman.(sac) (Entered: 01/12/2018) |
| 01/10/2018 | 2 | COMPLAINT against Office of Court Administration New York State Courts. Document filed by Marc Fishman.(sac) (Entered: 01/12/2018) |
| 01/10/2018 | | Case Designated ECF. (sac) (Entered: 01/12/2018) |
| 01/10/2018 | 3 | MOTION re: to Stay all of New York State Family Court orders and proceedings. Document filed by Marc Fishman.(sac) (Entered: 01/12/2018) |
| 01/10/2018 | 4 | DECLARATION in Support re: 3 MOTION re: to Stay all of New York State Family Court orders and proceedings. Document filed by Marc Fishman. (sac) (Entered: 01/12/2018) |
| 01/10/2018 | 5 | APPLICATION for the Court to Request Pro Bono Counsel. Document filed by Marc Fishman.(sac) (Entered: 01/12/2018) |
| 01/19/2018 | | NOTICE OF CASE REASSIGNMENT to Judge Kenneth M. Karas. Judge Unassigned is no longer assigned to the case. (wb) (Entered: 01/19/2018) |
| 01/19/2018 | | Magistrate Judge Lisa M. Smith is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (wb) (Entered: 01/19/2018) |
| 01/19/2018 | 7 | ORDER GRANTING IFP APPLICATION: Leave to proceed in this Court without prepayment of fees is authorized. See 28 U.S.C. § 1915. SO ORDERED. (Signed by Judge Colleen McMahon on 1/19/2018) (anc) (Entered: 01/19/2018) |
| 01/19/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 7 Order Granting IFP Application to the Docket Assistant Clerk for case processing. (anc) (Entered: 01/19/2018) |
| 01/19/2018 | 8 | ORDER GRANTING IFP APPLICATION: Leave to proceed in this Court without prepayment of fees is authorized. 28 U.S.C. § 1915. This application is granted. SO ORDERED. (Signed by Judge Kenneth M. Karas on 1/19/2018) (mml) (Entered: 01/19/2018) |
| 01/22/2018 | | Mailed a copy of 7 Order Granting IFP Application to Marc Fishman 3200 Netherland Avenue, Apt. 6, Bronx, NY 10463. (mhe) (Entered: 01/22/2018) |
| 01/24/2018 | 9 | ORDER OF SERVICE: The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package. The Court denies Plaintiff's requests for pro bono counsel (ECF No. 5) and to stay the Westchester Family Court proceedings (ECF No. 3). The Clerk of Court is instructed to issue a summons and complete the USM–285 forms with the address for Defendant Office of Court Administration, New York State Courts, and deliver to the U.S. Marshals Service all documents necessary to effect service. The Marshals Service shall notify the Office of Pro Se Litigation if service was unexecuted as to any defendant. The Marshals Service shall also notify the Office of Pro Se Litigation when they have completed service of all defendants. The Office of Pro Se Litigation shall promptly notify the Court if service is not effected.The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf Coppedge v. United States, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue. SO ORDERED., Motions terminated: 3 MOTION to Stay. filed by Marc Fishman, 5 APPLICATION for the Court to Request Counsel. filed by Marc Fishman. (Signed by Judge Kenneth M. Karas on 1/24/2018) (rj) (Entered: 01/24/2018) |

| 01/24/2018 | | SUMMONS ISSUED as to Office of Court Administration New York State Courts. (sbr) (Entered: 01/24/2018) |
|---|---|---|
| 01/24/2018 | | FRCP 4 SERVICE PACKAGE HAND DELIVERED TO U.S.M.: on 1/24/2018 Re: Judge Kenneth M. Karas 9 Order of Service, Terminate Motions. The following document(s) were enclosed in the Service Package: Summons, IFP, Order of Service, Completed U.S.M. form(s) for defendant(s)office of court Administration New York State Courts. (sbr) (Entered: 01/24/2018) |
| 01/24/2018 | 10 | FRCP 4 SERVICE PACKAGE MAILED to Marc Fishman, at 3200 Netherland Avenue, Apt. 6, Bronx, NY 10463, on 01/24/2018 Re: 9 Order of Service, Terminate Motions, via REGULAR MAIL. The following document(s) were enclosed in the Service Package: a copy of the order of service or order to answer and other orders entered to date, the individual practices of the district judge and magistrate judge assigned to your case, Instructions for Litigants Who Do Not Have Attorneys, Notice Regarding Privacy and Public Access to Electronic Case Files, a flyer about the free legal assistance clinic located in the Thurgood Marshall Courthouse (only in non prisoner cases), a Motions guide, a notice that the Pro Se Manual has been discontinued, a Notice of Change of Address form to use if your contact information changes, a handout explaining matters handled by magistrate judges and consent form to complete if all parties agree to proceed for all purposes before the magistrate judge, a form for you to complete if you consent to receive filings electronically (only in nonprisoner cases). (sbr) (Entered: 01/24/2018) |
| 03/01/2018 | 11 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Complaint served. Office of Court Administration New York State Courts served on 2/23/2018, answer due 4/24/2018. Service was made by Mail. Document filed by Marc Fishman. (rro) (Entered: 03/14/2018) |
| 03/28/2018 | 12 | PRO SE MEMORANDUM dated 3/28/2018 re: CHANGE OF ADDRESS for Marc Fishman. New Address: Marc Fishman, 3200 Netherland Avenue, Apt. G, Bronx, NY 10463. (man) (Entered: 03/29/2018) |
| 03/28/2018 | 13 | PRO SE CONSENT TO RECEIVE ELECTRONIC SERVICE. The following party: Marc H. Fishman consents to receive electronic service via the ECF system. Document filed by Marc Fishman. (sac) (Entered: 04/02/2018) |
| 04/23/2018 | 14 | NOTICE OF APPEARANCE by Lisa M Evans on behalf of Office of Court Administration New York State Courts. (Evans, Lisa) (Entered: 04/23/2018) |
| 04/23/2018 | 15 | FIRST LETTER MOTION for Conference *a pre−motion conference* addressed to Judge Kenneth M. Karas from Lisa M. Evans dated April 23, 2018. Document filed by Office of Court Administration New York State Courts.(Evans, Lisa) (Entered: 04/23/2018) |
| 04/23/2018 | 16 | CERTIFICATE OF SERVICE of Letter Request for Pre−Motion Conference served on Marc Fishman on April 23, 2018. Service was made by Mail. Document filed by Office of Court Administration New York State Courts. (Evans, Lisa) (Entered: 04/23/2018) |
| 04/24/2018 | 17 | PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF & DECLARATORY JUDGEMENT REQUEST FOR PROMPT HEARING AND INCORPORATED. Document filed by Marc Fishman. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(vn) (Entered: 04/25/2018) |
| 04/27/2018 | 18 | MEMO ENDORSEMENT on re: 17 MOTION. filed by Marc Fishman. ENDORSEMENT: Defendant's are to respond to this application by May 4, 2018. The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff. So Ordered. (Signed by Judge Kenneth M. Karas on 4/26/2018) (js) Modified on 6/28/2018 (tro). (Entered: 04/27/2018) |
| 04/27/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 18 Memo Endorsement, to the Docket Assistant Clerk for case processing. (js) (Entered: 04/27/2018) |
| 04/27/2018 | | Set/Reset Deadlines as to 17 MOTION.. Responses due by 5/4/2018 (js) (Entered: 04/27/2018) |

| 04/27/2018 | | Mailed a copy of <u>18</u> Memo Endorsement to Marc Fishman, 3200 Netherland Avenue, Apt. G, Bronx, NY 10463. (rro) (Entered: 04/27/2018) |
|---|---|---|
| 04/30/2018 | <u>19</u> | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman dated 4/30/2017 re: Enclosed please find three recent "State" appellate court decisions decided last week denying me "State" entity permission to file ADA grievances for denied reasonable accommodations in "State" public entity family court. Document filed by Marc Fishman.(vn) (Entered: 04/30/2018) |
| 05/03/2018 | <u>22</u> | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman dated 5/3/2018 re: Response to opposing counsel request for hearing for dismissal. Document filed by Marc Fishman.(man) (Entered: 05/04/2018) |
| 05/04/2018 | <u>20</u> | RESPONSE in Opposition to Motion re: <u>17</u> MOTION. . Document filed by Office of Court Administration New York State Courts. (Evans, Lisa) (Entered: 05/04/2018) |
| 05/04/2018 | <u>21</u> | CERTIFICATE OF SERVICE of Response in Opposition to Motion for Preliminary Injunctive Relief and Declaratory Relief served on Marc Fishman on 5/4/2018. Service was made by Overnight Mail. Document filed by Office of Court Administration New York State Courts. (Evans, Lisa) (Entered: 05/04/2018) |
| 05/07/2018 | <u>23</u> | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman dated 5/6/2018 re: Response to opposing counsel opposition for preliminary injunctive relief. Document filed by Marc Fishman.(vn) (Entered: 05/07/2018) |
| 06/11/2018 | 24 | Minute Entry for proceedings held before Judge Kenneth M. Karas: Oral Argument held on 6/11/2018 re: <u>17</u> MOTION. filed by Marc Fishman. (Court Reporter Sabrina D'Emidio) Marc Fishman, pro se Plaintiff, appeared on his own behalf. Isabel Bolivan appeared as Plaintiff's note taker. Lisa Evens appeared on behalf of Defendant. Sabrina D'Emidio served as court reporter. The Court denied Plaintiff's Motion for a Preliminary Injunction. See Order. Plaintiff will file an Amended Complaint within 30 days. If Defendant wishes to file a pre−motion letter in regards to the Amended Complaint, it should include a proposed briefing schedule. (AN) (Entered: 06/13/2018) |
| 06/13/2018 | <u>25</u> | ORDER terminating <u>15</u> Letter Motion for Conference; denying <u>17</u> Motion. For the reasons explained on the record at the hearing on June 11, 2018, Plaintiff's Motion for a Preliminary Injunction is denied. Plaintiff may file an Amended Complaint by July 9, 2018, at which point Defendant may renew its request for a pre−motion conference. The Clerk of the Court is respectfully requested to terminate the pending Motions, (see Dkt. Nos. 15, 17), and mail a copy of this Order to Plaintiff at the address listed on the docket. SO ORDERED. (Signed by Judge Kenneth M. Karas on 6/13/2018) (mml) (Entered: 06/13/2018) |
| 06/13/2018 | | Set/Reset Deadlines: Amended Pleadings due by 7/9/2018. (mml) (Entered: 06/13/2018) |
| 06/13/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: <u>25</u> Order on Motion to the Docket Assistant Clerk for case processing. (mml) (Entered: 06/13/2018) |
| 06/14/2018 | | Mailed a copy of <u>25</u> Order on Motion for Conference, Order on Motion for Miscellaneous Relief to Marc Fishman, 3200 Netherland Avenue, Apt. G, Bronx, NY 10463 (rro) (Entered: 06/14/2018) |
| 07/09/2018 | <u>26</u> | AMENDED COMPLAINT; re: amending <u>2</u> Complaint against Office of Court Administration New York State Courts.Document filed by Marc Fishman. Related document: <u>2</u> Complaint.(sc) (Entered: 07/12/2018) |
| 07/25/2018 | <u>27</u> | LETTER addressed to Judge Kenneth M. Karas from Lisa M. Evans dated 7/25/2018 re: Request for a Pre−Motion Conference. Document filed by Office of Court Administration New York State Courts.(Evans, Lisa) (Entered: 07/25/2018) |
| 08/15/2018 | <u>28</u> | MEMO ENDORSEMENT on re: <u>27</u> Letter filed by Office of Court Administration New York State Courts. ENDORSEMENT: Defendant is to file its Motion to Dismiss the Amended Complaint by 9/14/2018. Plaintiff is to respond by 10/15/2018. Defendant is to reply by 10/29/2018. SO ORDERED. The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff. (Motions due by 9/14/2018. Responses due by 10/15/2018. Replies due by 10/29/2018.) (Signed by Judge Kenneth M. Karas on 8/15/2018) (mml) Transmission to Docket Assistant Clerk for processing. |

| | | |
|---|---|---|
| | | (Entered: 08/15/2018) |
| 08/31/2018 | 29 | PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT, & REQUEST FOR PROMPT HEARING & INCORPORATED. Document filed by Marc Fishman.(sc) (Entered: 09/04/2018) |
| 09/05/2018 | 30 | ORDER: Defendant is ordered to respond to Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 29) by September 12, 2018. SO ORDERED. (Responses due by 9/12/2018.) (Signed by Judge Kenneth M. Karas on 9/5/2018) (mml) (Entered: 09/05/2018) |
| 09/07/2018 | 31 | FIRST LETTER MOTION for Extension of Time to File *Motion to Dismiss* addressed to Judge Kenneth M. Karas from Lisa M. Evans dated 9/7/2018. Document filed by Office of Court Administration New York State Courts.(Evans, Lisa) (Entered: 09/07/2018) |
| 09/07/2018 | 32 | (2nd) AMENDED COMPLAINT; re: amending 26 Amended Complaint against Nancy J. Barry, Michelle D'Ambrosio, Kathy Davidson, Judge Gordon Oliver, Carol Jordan, New York State Unified Court System, Office of Court Administration New York State Courts.Document filed by Marc Fishman. Related document: 26 Amended Complaint.(sc) (Entered: 09/12/2018) |
| 09/12/2018 | 33 | ORDER granting 31 Letter Motion for Extension of Time to File. Granted. SO ORDERED. The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff. (Signed by Judge Kenneth M. Karas on 9/12/2018) (mml) Transmission to Docket Assistant Clerk for processing. Modified on 1/15/2019 (mml). (Entered: 09/12/2018) |
| 09/12/2018 | | Set/Reset Deadlines: Motions due by 10/15/2018. Responses due by 11/12/2018. Replies due by 11/26/2018. (mml) (Entered: 09/12/2018) |
| 09/12/2018 | 34 | LETTER RESPONSE in Opposition to Motion addressed to Judge Kenneth M. Karas from Lisa M. Evans dated 9/12/18 re: 29 MOTION for Preliminary Injunction. MOTION for Declaratory Judgment. MOTION for Hearing. . Document filed by Office of Court Administration New York State Courts. (Attachments: # 1 Exhibit 6/7/2018 Letter, # 2 Exhibit 6/11/2018 Letter, # 3 Exhibit 6/22/18 Letter, # 4 Exhibit 8/7/2018 Letter)(Evans, Lisa) (Entered: 09/12/2018) |
| 09/12/2018 | 35 | CERTIFICATE OF SERVICE of Letter Response in Opposition to Preliminary Injuction served on Marc Fishman on 9/12/18. Service was made by Mail. Document filed by Office of Court Administration New York State Courts. (Evans, Lisa) (Entered: 09/12/2018) |
| 09/12/2018 | | Mailed a copy of 33 Order on Motion for Extension of Time to File to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 09/12/2018) |
| 09/13/2018 | 36 | MEMO ENDORSEMENT on re: 34 Response in Opposition to Motion, filed by Office of Court Administration New York State Courts. ENDORSEMENT: If Plaintiff wishes to file a reply, he must do so by 9/27/2018. SO ORDERED. The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff. (Replies due by 9/27/2018.) (Signed by Judge Kenneth M. Karas on 9/12/2018) (mml) Transmission to Docket Assistant Clerk for processing. (Entered: 09/13/2018) |
| 09/13/2018 | | Mailed a copy of 36 Memo Endorsement, Set Deadlines, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 09/13/2018) |
| 09/18/2018 | 37 | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman dated 9/17/2018 re: Plaintiff is inquiring on the status of his request to include additional plaintiffs to his case. Also, requesting the Court to serve the additional Defendants unless Lisa Evans accepts service for all new Defendants. Document filed by Marc Fishman.(kv) (Entered: 09/20/2018) |
| 09/21/2018 | 38 | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman dated 9/21/18 re: Request for a two week extension from September 27 to October 11, 2018 to put in reply papers. Document filed by Marc Fishman.(mro) (Entered: 09/25/2018) |
| 09/25/2018 | | Received returned mail re: 36 Memo Endorsement, Set Deadlines. Mail was addressed to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463 and was returned |

| | | |
|---|---|---|
| | | for the following reason(s): Return to Sender, Attempted not known, Unable to Forward. (aea) (Entered: 09/25/2018) |
| 09/26/2018 | 39 | MEMO ENDORSEMENT on re: 38 Letter filed by Marc Fishman. ENDORSEMENT: Granted. The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff. (Replies due by 10/11/2018.) (Signed by Judge Kenneth M. Karas on 9/26/2018) (mml) Transmission to Docket Assistant Clerk for processing. (Entered: 09/26/2018) |
| 09/26/2018 | | Mailed a copy of 39 Memo Endorsement, Set Deadlines, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 09/26/2018) |
| 09/28/2018 | 40 | LETTER MOTION for Leave to File Opposition to Plaintiff's Motion to File Second Amended Complaint addressed to Judge Kenneth M. Karas from Lisa M. Evans dated September 28, 2018. Document filed by Office of Court Administration New York State Courts.(Evans, Lisa) (Entered: 09/28/2018) |
| 10/09/2018 | 41 | ORDER TO AMEND: The Court construes Plaintiff's September 7 filing as a motion for leave to file a Second Amended Complaint. Plaintiff is directed to file a Second Amended Complaint by November 8, 2018, or face dismissal of this Action without prejudice. The Clerk of Court is directed to mail a copy of this Order to Plaintiff. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). SO ORDERED. (Amended Pleadings due by 11/8/2018.) (Signed by Judge Kenneth M. Karas on 10/9/2018) (mml) Transmission to Docket Assistant Clerk for processing. (Entered: 10/09/2018) |
| 10/10/2018 | | Mailed a copy of 41 Order, Set Deadlines, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 10/10/2018) |
| 10/11/2018 | 42 | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman, dated 10/11/18 re: REQUEST FOR INJUNCTIVE RELIEF TO ORDER NEW YORK STATE TO USE THE AUXILIARY AIDE OF CART REAL TIME TRANSCRIPTION IN ALL OF MY "STATE" COURT PROCEEDINGS. Document filed by Marc Fishman.(sc) (Entered: 10/15/2018) |
| 11/08/2018 | 43 | (2nd)AMENDED COMPLAINT; re: amending 32 Amended Complaint, against Nancy J. Barry, Michelle D'Ambrosio, Kathy Davidson, Judge Gordon Oliver, Hal Greenwald, Carol Jordan, New York State Unified Court System, Office of Court Administration New York State Courts, Michelle I. Schauer, Alan Scheinkman, Dan Weisz.Document filed by Marc Fishman. Related document: 32 Amended Complaint,.(sc) (Entered: 11/13/2018) |
| 11/08/2018 | 44 | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman, dated 11/9/18 re: REQUEST TO USE THIS AMENDED COMPLAINT INSTEAD OF THE ONE FILED YESTERDAY. Document filed by Marc Fishman. (Attachments: # 1 Proposed Amended Complaint)(sc) (Entered: 11/13/2018) |
| 11/19/2018 | 45 | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman, dated 11/19/18 re: Plaintiff requests that the Court have all of the defendants other than the Office of Court Administration served with the Amended Complaint, because Lisa Evans at OCA said she would not accept service for any of the parties other tan OCA. Document filed by Marc Fishman.(sc) (Entered: 11/23/2018) |
| 11/26/2018 | 46 | ORDER OF SERVICE: The Clerk of Court is directed to mail a copy of this Order to Plaintiff. The Court dismisses Plaintiff's claims against Judge Schauer, Judge Gordon–Oliver, Judge Davidson, Judge Greenwald, Judge Scheinkman, and Magistrate Jordan under 28 U.S.C. 1915(e)(2)(B)(iii). The Clerk of Court is instructed to issue a summons and complete the USM–285 forms with the address for Defendants Berry, Weisz, and D'Ambrosio, and deliver to the U.S. Marshals Service all documents necessary to effect service on these Defendants. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf Coppedge v. United States, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). SO ORDERED. (Hal Greenwald (in his administrative and official capacity), Carol Jordan (in her administrative and official capacity), Michelle I. Schauer (in her administrative |

| | | |
|---|---|---|
| | | and official capacity), Alan Scheinkman (in his administrative and Official capacity as Chief Administrative Judge of the 9th Circuit Courts), Kathy Davidson (Chief Administrative Judge of 9th Circuit and former Chief Judge of the Westchester Family Court in her administrative and official capacity) and Judge Gordon Oliver (in her administrative and official capacity) terminated.) (Signed by Judge Kenneth M. Karas on 11/26/2018) (anc) (Entered: 11/26/2018) |
| 11/28/2018 | | SUMMONS ISSUED as to Nancy J. Barry, Michelle D'Ambrosio, Dan Weisz. (Waldron, Bonnie) (Entered: 11/29/2018) |
| 11/29/2018 | | FRCP 4 SERVICE PACKAGE HAND DELIVERED TO U.S.M.: on 11/29/2018 Re: Judge Kenneth M. Karas 46 Order of Service. The following document(s) were enclosed in the Service Package: Summons, IFP, Order of Service, Completed U.S.M. form(s) for defendant(s)Barry, Weisz, and D'Ambrosio. (Waldron, Bonnie) (Entered: 11/29/2018) |
| 11/29/2018 | | Mailed a copy of 46 Order of Service, Add and Terminate Parties, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (Waldron, Bonnie) (Entered: 11/29/2018) |
| 12/11/2018 | 47 | LETTER MOTION for Extension of Time to File Answer addressed to Judge Kenneth M. Karas from Lisa M. Evans dated 12/11/2018. Document filed by Office of Court Administration New York State Courts.(Evans, Lisa) (Entered: 12/11/2018) |
| 12/12/2018 | 48 | ORDER denying 47 Letter Motion for Extension of Time to Answer. Dkt. No. 44 contains the operative Second Amended Complaint. Answers will be due within the time prescribed by the rules after the last Defendant is served. SO ORDERED. The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff. (Signed by Judge Kenneth M. Karas on 12/12/2018) (jca) Transmission to Docket Assistant Clerk for processing. (Entered: 12/12/2018) |
| 12/12/2018 | 49 | LETTER from Marc Fishman dated 12/12/2018 re: Request for Injunctive Relief and Opposition to extension of time to Answer Amended Complaint. Document filed by Marc Fishman.(rdz) (Entered: 12/19/2018) |
| 12/13/2018 | | Mailed a copy of 48 Order on Motion for Extension of Time to Answer, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 12/13/2018) |
| 01/08/2019 | 51 | PRO SE CONSENT TO RECEIVE ELECTRONIC SERVICE. The following party: Marc Fishman consents to receive electronic service via the ECF system. Document filed by Marc Fishman.(vn) (Entered: 01/09/2019) |
| 01/08/2019 | 52 | Application for the Court to Request Pro Bono Counsel. Document filed by Marc Fishman.(vn) (Entered: 01/09/2019) |
| 01/09/2019 | 50 | ORDER denying 29 Motion for Preliminary Injunction; denying 29 Motion for Declaratory Judgment; denying 29 Motion for Hearing. Accordingly, for the foregoing reasons, the Motion is denied. The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 29), and to mail a copy of this Order to Plaintiff. So Ordered. (Signed by Judge Kenneth M. Karas on 1/8/2019) (js) Transmission to Docket Assistant Clerk for processing. (Entered: 01/09/2019) |
| 01/10/2019 | | Mailed a copy of 50 Order on Motion for Preliminary Injunction, Order on Motion for Declaratory Judgment, Order on Motion for Hearing, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 01/10/2019) |
| 01/22/2019 | 53 | NOTICE OF APPEARANCE by Michael Adam Berg on behalf of Michelle D'Ambrosio. (Berg, Michael) (Entered: 01/22/2019) |
| 01/30/2019 | 54 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Amended Complaint, served. Dan Weisz served on 1/3/2019, answer due 3/4/2019. Service was accepted by Daniel Weitz – Self. Document filed by Marc Fishman. (aea) (Entered: 01/30/2019) |
| 01/30/2019 | 55 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Amended Complaint, served. Michelle D'Ambrosio served on 1/2/2019, answer due 3/4/2019. Service was accepted by Michele D'Ambrosio – Self. Document |

| | | filed by Marc Fishman. (aea) (Entered: 01/30/2019) |
|---|---|---|
| 01/30/2019 | 56 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Amended Complaint, served. Nancy J. Barry served on 1/4/2019, answer due 3/5/2019. Service was accepted by Nancy J. Barry – Self. Document filed by Marc Fishman. (aea) (Entered: 01/30/2019) |
| 02/26/2019 | 57 | ORDER denying without prejudice 52 Application for the Court to Request Counsel: For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Should circumstances materially change, Plaintiff may renew his request. The Clerk is respectfully directed to terminate the pending motion, (see Dkt. No. 52), and mail a copy of this Order to Plaintiff. (Signed by Judge Kenneth M. Karas on 2/25/2019) (jwh) Transmission to Docket Assistant Clerk for processing. (Entered: 02/26/2019) |
| 02/26/2019 | | Mailed a copy of 57 Order on Application for the Court to Request Counsel, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463 (aea) (Entered: 02/26/2019) |
| 02/28/2019 | 58 | LETTER MOTION for Conference *re Motion to Dismiss* addressed to Judge Kenneth M. Karas from Michael A. Berg dated 2/28/2019. Document filed by Michelle D'Ambrosio.(Berg, Michael) (Entered: 02/28/2019) |
| 02/28/2019 | 59 | LETTER MOTION for Conference addressed to Judge Kenneth M. Karas from Lisa M. Evans dated 2/28/19. Document filed by Nancy J. Barry, New York State Unified Court System, Office of Court Administration New York State Courts, Dan Weisz.(Evans, Lisa) (Entered: 02/28/2019) |
| 03/12/2019 | 60 | ORDER with respect to 58 Letter Motion for Conference re Motion to Dismiss. Plaintiff is respond to this Letter by 3/18/19. SO ORDERED. (Signed by Judge Kenneth M. Karas on 3/11/2019) (jca) (Entered: 03/12/2019) |
| 03/18/2019 | 61 | ENDORSED LETTER addressed to Judge Kenneth M. Karas from Marc Fishman dated 3/18/2019 re: Am requesting a two week extension to reply to the defendants request for conference after I receive the Michelle D'ambrosio answer. ENDORSEMENT: Defendant filed a pre–motion letter on 2/28/2019. (See Dkt. No. 58). Plaintiff is directed to respond to that letter by 4/1/2019. The Clerk's office is directed to mail Plaintiff a copy of Dkt. Nos. 58 and 60. No extensions will be granted. SO ORDERED. (Signed by Judge Kenneth M. Karas on 3/18/2019) (jca) Transmission to Docket Assistant Clerk for processing. (Entered: 03/18/2019) |
| 03/18/2019 | | Mailed a copy of 58 LETTER MOTION for Conference re Motion to Dismiss addressed to Judge Kenneth M. Karas from Michael A. Berg dated 2/28/2019., 60 Order on Motion for Conference, 61 Endorsed Letter, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 03/18/2019) |
| 04/01/2019 | 62 | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman dated 3/31/2019 re: I strongly urge the court to REJECT the requests for a dismissal hearing or permission to submit dismissal papers. Document filed by Marc Fishman.(vn) (Entered: 04/03/2019) |
| 04/03/2019 | 63 | MEMO ENDORSEMENT on re: 59 LETTER MOTION for Conference addressed to Judge Kenneth M. Karas from Lisa M. Evans dated 2/28/19. filed by Dan Weisz, Office of Court Administration New York State Courts, Nancy J. Barry, New York State Unified Court System. ENDORSEMENT: All defense Motions to Dismiss are due 5/3/19. Plaintiff's response is due 6/3/19. Defense replies are due 6/28/19. The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff. So Ordered., (Motions due by 5/3/2019., Responses due by 6/3/2019, Replies due by 6/28/2019.) (Signed by Judge Kenneth M. Karas on 4/3/19) (yv) Transmission to Docket Assistant Clerk for processing. Modified on 8/14/2019 (yv). (Entered: 04/03/2019) |
| 04/03/2019 | | Mailed a copy of 63 Memo Endorsement, Set Deadlines, to Marc Fishman 3200 Netherland A venue Apt. G Bronx, NY 10463. (aea) (Entered: 04/03/2019) |
| 04/04/2019 | 64 | CONSENT LETTER MOTION for Extension of Time *for Motions to Dismiss* addressed to Judge Kenneth M. Karas from Michael A. Berg dated 04/04/2019. Document filed by Michelle D'Ambrosio.(Berg, Michael) (Entered: 04/04/2019) |

| 04/05/2019 | 65 | ORDER granting 64 Letter Motion for Extension of Time. Granted. The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff. (Signed by Judge Kenneth M. Karas on 4/4/2019) (mro) Transmission to Docket Assistant Clerk for processing. (Entered: 04/05/2019) |
|---|---|---|
| 04/05/2019 | | Set/Reset Deadlines: Responses due by 6/24/2019 Replies due by 7/15/2019. (mro) (Entered: 04/05/2019) |
| 04/05/2019 | | Mailed a copy of 65 Order on Motion for Extension of Time, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 04/05/2019) |
| 05/23/2019 | 66 | NOTICE OF APPEARANCE by Lee Alan Adlerstein on behalf of Nancy J. Barry, New York State Unified Court System, Office of Court Administration New York State Courts, Dan Weisz. (Adlerstein, Lee) (Entered: 05/23/2019) |
| 05/23/2019 | 67 | MOTION to Dismiss . Document filed by Michelle D'Ambrosio. Responses due by 6/24/2019 (Attachments: # 1 Cer)(Berg, Michael) (Entered: 05/23/2019) |
| 05/23/2019 | 68 | DECLARATION of Michael A. Berg in Support re: 67 MOTION to Dismiss .. Document filed by Michelle D'Ambrosio. (Attachments: # 1 State Court Order, # 2 Amended Complaint)(Berg, Michael) (Entered: 05/23/2019) |
| 05/23/2019 | 69 | MEMORANDUM OF LAW in Support re: 67 MOTION to Dismiss . . Document filed by Michelle D'Ambrosio. (Berg, Michael) (Entered: 05/23/2019) |
| 05/24/2019 | 70 | MOTION to Dismiss . Document filed by Nancy J. Barry, New York State Unified Court System, Office of Court Administration New York State Courts, Dan Weisz.(Adlerstein, Lee) (Entered: 05/24/2019) |
| 05/24/2019 | 71 | DECLARATION of Lee Alan Adlerstein in Support re: 70 MOTION to Dismiss .. Document filed by Nancy J. Barry, New York State Unified Court System, Office of Court Administration New York State Courts, Dan Weisz. (Attachments: # 1 Exhibit Email dated 6/15/18, # 2 Exhibit Email dated 6/18/18)(Adlerstein, Lee) (Entered: 05/24/2019) |
| 05/24/2019 | 72 | MEMORANDUM OF LAW in Support re: 70 MOTION to Dismiss . . Document filed by Nancy J. Barry, New York State Unified Court System, Office of Court Administration New York State Courts, Dan Weisz. (Adlerstein, Lee) (Entered: 05/24/2019) |
| 06/19/2019 | 73 | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman dated 6/18/2019 re: Request for 30 Day Extension to Answer Motion to Dismiss. Document filed by Marc Fishman.(rdz) Modified on 6/21/2019 (rdz). (Entered: 06/21/2019) |
| 06/19/2019 | 74 | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman dated 6/18/2019 re: Request for ADA Accommodation of Court Provided Transcript for 6/2/2018 hearing due to cognitive disabilities. Document filed by Marc Fishman.(rdz) (Entered: 06/21/2019) |
| 06/24/2019 | 75 | MEMO ENDORSEMENT on re: 74 Letter filed by Marc Fishman. ENDORSEMENT: The clerk is respectfully directed to provide Plaintiff with a transcript of the proceedings at Dkt. no. 24. Should Plaintiff request other transcripts, he shall explain in detail why they are necessary and reasonable under the ADA. See, e.g., 28 C.F.R. § 35.1303 28 C.F.R § 36.303; see also Novak v. Hall, 139 F. Supp. 3d 901(N.D.I11.2015). SO ORDERED. (Signed by Judge Kenneth M. Karas on 6/24/2019) (jca) Transmission to Docket Assistant Clerk for processing. (Entered: 06/24/2019) |
| 06/24/2019 | | Mailed a copy of text–only copy of the Minute Entry at Dkt 24 Oral Argument and 75 Memo Endorsement, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 06/24/2019) |
| 06/24/2019 | 76 | MEMO ENDORSEMENT on re: 73 Letter filed by Marc Fishman. ENDORSEMENT: Granted. The Clerk is to mail this to Plaintiff. SO ORDERED. (Replies due by 7/24/2019.) (Signed by Judge Kenneth M. Karas on 6/24/2019) (jca) Transmission to Docket Assistant Clerk for processing. (Entered: 06/24/2019) |
| 06/25/2019 | | Mailed a copy of 76 Memo Endorsement, Set Deadlines, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 06/25/2019) |

| | | |
|---|---|---|
| 07/02/2019 | 77 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Decision proceeding held on 06/11/2018 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(D'Emidio, Sabrina) (Entered: 07/02/2019) |
| 07/02/2019 | 78 | TRANSCRIPT of Proceedings re: Decision held on 6/11/2018 before Judge Kenneth M. Karas. Court Reporter/Transcriber: Sabrina D'Emidio, (914) 390–4053. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/23/2019. Redacted Transcript Deadline set for 8/2/2019. Release of Transcript Restriction set for 9/30/2019.(D'Emidio, Sabrina) (Entered: 07/02/2019) |
| 07/24/2019 | 79 | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman dated 7/24/19 re: Request to file for Injunctive Relief against defendant's Michelle D'ambrosio, Nancy Barry, Dan Weitz and opposition to defendant's motion to dismiss. Document filed by Marc Fishman.(sbr) (Entered: 07/24/2019) |
| 07/25/2019 | 80 | MEMO ENDORSEMENT on re: 79 Letter, filed by Marc Fishman. ENDORSEMENT: The Court construes this Letter as Plaintiff's response memorandum in opposition to the Motion to Dismiss Filed at Dkt. Nos. 67, 70. Defendants shall File replies by 8/16/19. SO ORDERED. The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff. (Replies due by 8/16/2019.) (Signed by Judge Kenneth M. Karas on 7/25/2019) (jca) Transmission to Docket Assistant Clerk for processing. (Entered: 07/25/2019) |
| 07/25/2019 | | Mailed a copy of 80 Memo Endorsement, Set Deadlines, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 07/25/2019) |
| 07/31/2019 | 81 | REPLY MEMORANDUM OF LAW in Support re: 67 MOTION to Dismiss . . Document filed by Michelle D'Ambrosio. (Berg, Michael) (Entered: 07/31/2019) |
| 08/02/2019 | 82 | LETTER addressed to Judge Kenneth M. Karas from Lisa M. Evans dated August 2, 2019 re: Letter submitted in Reply to Plainitff's Letter opposing OCA Defendants' Motion to Dismiss. Document filed by New York State Unified Court System.(Evans, Lisa) (Entered: 08/02/2019) |
| 03/04/2020 | 83 | LETTER addressed to Judge Kenneth M. Karas from Marc Fishman dated 3/4/20 re: I am writing to notify the court that the repeated disability discrimination, failure to accommodate disabilities and retaliation continues unabated from the State Family Court and their employees and administrators against the qualified ADA disabled. Document filed by Marc Fishman.(sbr) (Entered: 03/04/2020) |
| 03/05/2020 | 84 | OPINION AND ORDER re: 67 MOTION to Dismiss . filed by Michelle D'Ambrosio, 70 MOTION to Dismiss . filed by Dan Weisz, Office of Court Administration New York State Courts, Nancy J. Barry, New York State Unified Court System. For the reasons stated above, both Motions To Dismiss are granted, and all of Plaintiff's claims are dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the pending Motions, (see Dkt. Nos. 67, 70), to mail a copy of this Opinion & Order to Plaintiff, and to close this case. SO ORDERED. (Signed by Judge Kenneth M. Karas on 3/5/2020) (kv) Transmission to Docket Assistant Clerk for processing. Transmission to Orders and Judgments Clerk for processing. (Entered: 03/05/2020) |
| 03/05/2020 | | Mailed a copy of 84 Memorandum & Opinion, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463. (aea) (Entered: 03/05/2020) |
| 03/06/2020 | 85 | CLERK'S JUDGMENT re: 84 Memorandum & Opinion in favor of New York State Unified Court System, Office of Court Administration New York State Courts, Dan Weisz, Michelle D'Ambrosio, Nancy J. Barry against Marc Fishman. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated March 5, 2020, both Motions to Dismiss are granted, and all of Plaintiff's claims are dismissed with prejudice; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 3/6/2020) (Attachments: # 1 Right to Appeal) (km) Transmission to Docket Assistant Clerk for processing. (Entered: 03/06/2020) |

| | | |
|---|---|---|
| 03/06/2020 | | Terminate Transcript Deadlines (km) (Entered: 03/06/2020) |
| 03/06/2020 | | Mailed a copy of 85 Clerk's Judgment, Notice of Appeal Forms, to Marc Fishman 3200 Netherland Avenue Apt. G Bronx, NY 10463..(vba) (Entered: 03/06/2020) |
| 04/16/2020 | 86 | NOTICE OF APPEAL from 84 Memorandum & Opinion, 85 Clerk's Judgment. Document filed by Marc Fishman. Form D–P is due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Motion for IFP, # 2 Form D–P). (tp) (Entered: 04/20/2020) |
| 04/16/2020 | | Appeal Remark as to 86 Notice of Appeal filed by Marc Fishman. IFP GRANTED 01/19/2018. (tp) (Entered: 04/20/2020) |
| 04/20/2020 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 86 Notice of Appeal. (tp) (Entered: 04/20/2020) |
| 04/20/2020 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 86 Notice of Appeal filed by Marc Fishman were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/20/2020) |

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARC FISHMAN,

                              Plaintiff,

            v.

OFFICE OF COURT ADMINISTRATION
NEW YORK STATE COURTS, *et al.*,

                              Defendants.

---

No. 18-CV-282 (KMK)

<u>OPINION & ORDER</u>

<u>APPEARANCES</u>:

Marc Fishman
Bronx, NY
*Pro se Plaintiff*

Lee Alan Adlerstein, Esq.
Lisa M. Evans, Esq.
Office of New York State Office of Court Administration
New York, NY
*Counsel for Defendants Office of Court Administration New York State Courts, New York State Unified Court System, Nancy J. Barry, and Dan Weisz*

Michael Adam Berg, Esq.
Office of New York State Attorney General
New York, NY
*Counsel for Defendant Michelle D'Ambrosio*

KENNETH M. KARAS, United States District Judge:

      Pro se Plaintiff Marc Fishman ("Plaintiff") brings this Action, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, and the New York Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–301. Plaintiff seeks various forms of relief against the Office of Court Administration, New York State Courts ("OCA"); the New York State Unified Court System ("NYSUCS"); Nancy J. Barry, District Executive of the Ninth Judicial District ("Barry"); and Dan Weisz, Statewide ADA Coordinator for NYSUCS ("Weisz") (collectively, "OCA Defendants"); and Associate Court

Attorney Michelle D'Ambrosio ("D'Ambrosio)[1] (collectively, "Defendants").[2] All Defendants

are sued exclusively in their "administrative and official capacity[ies]." (*See generally* Sec. Am.

Compl. ("SAC") (Dkt. No. 44-1).) Before the Court are D'Ambrosio's and OCA Defendants'

respective Motions To Dismiss (the "Motions"). (Not. of Mot. (Dkt. No. 67); Not. of Mot. (Dkt.

No. 70).) For the following reasons, the Motions are granted.

## I. Background

### A. Factual Background

The following facts, which are taken as true for the purpose of resolving the instant

Motions, are drawn from Plaintiff's SAC, exhibits attached thereto, and matters of which judicial

notice may be taken. *See Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999).

Plaintiff is a divorced father of four minor children engaged in proceedings in the New

York State Family Court ("Family Court"). (SAC ¶¶ 1, 155.) Plaintiff suffers from traumatic

brain injury, post-concussion syndrome, occipital neuralgia, temporomandibular joint syndrome,

sleep apnea, and other cognitive disorders. (*Id.* ¶¶ 1, 10, 173–182.) As relevant here, Plaintiff

alleges that his rights were violated when Defendants "discriminated against [him] and other[s]

similarly situated" and "retaliate[ed] against [them] with deliberate intent and indifference for

[their] 'Qualified ADA Disabilities.'" (*Id.* ¶ 1.)

---

[1] Although Plaintiff refers to D'Ambrosio as a "court administrator," her proper job title, "Associate Court Attorney," is listed on the public document displaying Judge Schauer's individual "Part Rules," available on the New York Courts system's official website at: https://www.nycourts.gov/LegacyPDFS/courts/9jd/PartRules/PR_MISchauer.pdf.

[2] Plaintiff names several additional purported defendants in his SAC, including Judge Gordon Oliver, Magistrate Carol Jordan, Judge Kathy Davidson, Judge Michelle I. Schauer, Judge Hal Greenwald, and Judge Alan Scheinkman. (SAC ¶ 1.) However, in issuing its Order of Service, the Court dismissed all such claims on judicial immunity grounds. (*See* Dkt. No. 46.) Accordingly, the recitation of facts below omits allegations that focus only on these dismissed defendants.

Plaintiff alleges that Defendants require "excessive proof of disability," (*id.* ¶ 11), and have therefore denied several of Plaintiff's requested accommodations, including his requests for "a note taker," "large print court orders," " access to medical records held in court," "use of the 'CART' real time transcription services," "use of notes in court," "morning only court appearances," adjournments based on his disability, and "home[-]based based visitation" after surgery. (*Id.* ¶¶ 1, 36.)  The denial of these accommodations caused Plaintiff "and others similarly situated" anxiety and post-traumatic stress disorder, led to "extensive medical[] and therapy review," and "interfered with [Plaintiff's] civil rights as a father." (*Id.* ¶ 1.)  Plaintiff has also been forced to "pay for the auxiliary aid[] of transcriber costs," (¶ 50), expending over $25,000, (*id.* ¶ 87), even though the requested accommodations could be provided at little cost to the courts, (*id.* ¶¶ 50, 87, 94–97).

Plaintiff also alleges certain specific adverse acts.  In particular, he alleges that Family Court Judge Michelle I. Schauer ("Judge Schauer"), Magistrate Carol Jordan ("Magistrate Jordan") and their judicial staffs denied Plaintiff's requests for a note-taker despite repeatedly permitting his ex-wife "multiple note-takers." (*Id.* ¶¶ 43, 49, 71.)  Additionally, several Family Court judges and officials, including Judge Schauer and D'Ambrosio, "intentionally" delayed the production of transcripts by "instructing the court clerk and staff not to send digital recordings or delay sending recordings" to Plaintiff's transcriber. (*Id.* ¶¶ 49, 74.)  Specifically, Judge Schauer required a court clerk to obtain individual permission before sending recordings for transcripts in Plaintiff's case, a practice that Plaintiff alleges was unusual. (*Id.* ¶ 73.)

In 2016, Plaintiff sent gifts to his children for Passover, Memorial Day, Independence Day and his twins' birthday. (*Id.* ¶ 59.)  Although a temporary order of protection ("TOP") prohibited him from doing so, Plaintiff believed at the time that these particular gifts were

permitted because they were "on major holidays." (*Id.* ¶ 60.)  Plaintiff now acknowledges that "Defendants" (presumably Judge Schauer and D'Ambrosio) clarified at a prior hearing "that there were no major holidays between April and July 2016." (*Id.* ¶ 63.)  However, with his "slight memory impairment" and without the assistance of a real-time transcript or a note-taker (denied by Judge Schauer), Plaintiff did not remember these instructions. (*Id.* ¶¶ 59–70.)  Nevertheless, Judge Schauer denied him the opportunity to call "rebuttal medical witnesses to testify that [his] disabilities . . . prevented [him] from remembering" the Family Court's instructions. (*Id.* ¶¶ 70, 153.)

On another, unspecified, occasion, Judge Schauer again refused to allow a social worker to testify on Plaintiff behalf. (*Id.* ¶ 160.)  Additionally, Judge Schauer and other Defendants have refused to lift the TOP restricting Plaintiff's access to his children's school, even though he is "zero threat" to the school and has no history of violence. (*Id.* ¶¶ 186–89.)  Plaintiff believes that Judge Schauer's decisions were discriminatory, as "non-disabled fathers in similar court proceedings" have been treated differently, (*id.* ¶ 130), and retaliatory, as they followed multiple requests that she recuse herself, (*id.* ¶ 132).

Although the OCA Defendants were "repeatedly made aware" of Judge Schauer and D'Ambrosio's actions, they failed to "act administratively" to redress his complaints. (*Id.* ¶ 76–79.)  Defendants have also failed to "negotiate or compromise" on Plaintiff's ADA accommodation requests. (*Id.* ¶ 205.)  Plaintiff was informed by a court "ADA liaison," William Curry, that if the decision were his, he would ordinarily grant accommodations similar to those requested by Plaintiff. (*Id.* ¶¶ 79, 84.)  By contrast, Defendants, including D'Ambrosio, scheduled afternoon court sessions (despite awareness of Plaintiff's need for afternoon naps) and denied his requests for a note-taker and related accommodations. (*Id.* ¶¶ 81, 84.)

4

Plaintiff further alleges that Magistrate Jordan and OCA staff threatened to jail Plaintiff if he did not bring multiple note-takers (from which she could choose) to court appearances in Family Court.  (*Id.* ¶ 103.)  Magistrate Jordan also failed to hear Plaintiff's requests to lower his child support obligations in light of his disabilities, or to "order the support collection unit to credit child support paid in 2014 and other years between September 2014 and November 2018." (*Id.* ¶ 109.)  Additionally, Magistrate Jordan dismissed Plaintiff's cases for failure to appear, even though that failure was due to Plaintiff's recent hospitalization, and despite a doctor's letter indicating that Plaintiff should "not go to court for 5 days."  (*Id.* ¶¶ 110–12.)

Plaintiff's additional allegations against unspecified Defendants include that they have: "exploited" his disabilities and "falsely mislabel[ed his] disabilities as personality disorders," (*id.* ¶ 1); "sided with" his ex-wife's and children's counsel in custody proceedings and shared confidential medical information with that counsel, (*id.* ¶¶ 24, 33); and failed to respond to his request that certain medical records, created by a court-appointed social worker from 2014–2016, be produced to his treating psychologist, (*id.* ¶ 184).

Plaintiff has tried to appeal adverse ADA decisions, but has determined that successfully appealing the denial of an ADA accommodation to New York's Second Department is "an impossible endeavor."  (*Id.* ¶ 122.)  First, Plaintiff was informed by Second Department Clerk of Court Aprilanne Agostino that responding to "ADA accommodations is an 'administrative function that the appellate division could not help me out with.'"  (*Id.*)  Likewise, the "[A]ppellate [D]ivision [S]econd [D]epartment recommended [that Plaintiff] contact" OCA and the Commission on Judicial Conduct ("CJC") about such matters.  (*Id.* ¶ 123.)  Both OCA and CJC, however, informed Plaintiff that he would need to file an appeal to the Second Department. (*Id.* ¶ 124.)  When Plaintiff has done so, the Second Department has rejected Plaintiff's appeals,

explaining that the denial of requested accommodations in Family Court cannot be appealed without a final order. (*Id.* ¶¶ 124, 141–42.) Plaintiff believes that Defendants have delayed issuing final orders in order to inhibit him from filing such appeals. (*Id.* ¶ 156.)

According to Plaintiff, "New York State's ADA accommodation process of allowing inexperienced Judges and Court Attorneys . . . in Family [C]ourt hearings to usurp the Experienced Court ADA Liaisons and prevent liaisons like William Curry from granting of ADA accommodations interferes with . . . and violates the ADA." (*Id.* ¶ 113.) This policy contrasts with the ADA policies of other states which employ "central [ADA] administration judges" to provide accommodations within "hours or days." (*Id.* ¶ 116.)

Plaintiff seeks several forms of relief. First, he seeks a declaratory judgment declaring that New York State discriminated against him and others similarly situated in violation of federal and state law. (*Id.* ¶¶ A, C).[3] Second, Plaintiff requests that the Court issue an order requiring OCA to provide specific accommodations (e.g., "morning[-]only appearances due to my tiredness from sleep apnea," or that all of his requests "be administered by the court [ADA] liaison, not the sitting judge as is customary practice"). (*Id.* ¶ B.) Third, Plaintiff seeks reimbursement of various legal and medical costs as well as compensatory damages. (*Id.* ¶¶ D, E.) Fourth, Plaintiff requests that the Court direct Defendants to provide all previously requested accommodations, enjoin Defendants from retaliating against him, and order "a stay of all State Family Court proceedings until Defendants comply" with the ADA and the Rehabilitation Act, as well as grant "other relief as it deems just and equitable." (*Id.* ¶¶ F–I .)

---

[3] The last several paragraphs of Plaintiff's SAC are marked by letter rather than number. The Court identifies these paragraphs accordingly.

B.  Procedural Background

Plaintiff filed his initial Complaint and a request to proceed in forma pauperis ("IFP") on January 10, 2018.  (Dkt. Nos. 1–2.)  On January 19, 2018, the Court granted Plaintiff's IFP application.  (Dkt. No. 7.)  On July 9, 2018, Plaintiff filed his First Amended Complaint.  (Dkt. No. 26.)  On September 7, 2018, Plaintiff purported to file a second amended complaint without Defendants' written consent or the Court's leave.  (Dkt. No. 32.)  On October 9, 2018, the Court directed Plaintiff to file a second amended complaint that complied with Federal Rule of Civil Procedure 8.  (Dkt. No. 41.)  Plaintiff then filed the operative SAC on November 8, 2018.  (Dkt. No. 44-1.)  The Court issued an Order of Service as to current Defendants on November 26, 2018, but as it did so, the Court dismissed several original defendants, all judges of Westchester Family Court, on the grounds of absolute judicial immunity.  (Dkt. No. 46.)

Plaintiff has also twice sought, and been denied, preliminary injunctions.  On April 24, 2018, Plaintiff filed his first Motion for a Preliminary Injunction, seeking to be provided with "a qualified note taker, an aide for the court program of visitation[,] and large print court orders."  (Dkt. No. 17.)  On June 11, 2018, the Court held oral argument, (Dkt. No. 24), after which it filed an Order denying the Motion, (Dkt. No. 25).  On August 31, 2018, Plaintiff filed a second Motion for a Preliminary Injunction, again seeking an order directing OCA to provide him with real-time transcription services during court proceedings.  (Dkt. No. 29.)  On January 9, 2019, the Court denied that Motion as well.  (Dkt. No. 50.)

On May 23, 2019, D'Ambrosio filed her Motion To Dismiss and accompanying papers, (Dkt. Nos. 67–69), and the next day, OCA Defendants followed suit, (Dkt. Nos. 70–72).  On July 24, 2019, Plaintiff filed a letter styled, "Request to file for Injunctive relief . . . and [O]pposition to [D]efendant[s'] [M]otion[s] [T]o [D]ismiss," which the Court construed as Plaintiff's

Response.  (Dkt. Nos. 79–80.)  On July 31, 2019, D'Ambrosio filed a Reply, (Dkt. No. 81), and

on August 2, 2019, OCA Defendants file a letter in Reply as well, (Dkt. No. 82).

## II.  Discussion

Defendants advance several arguments: that D'Ambrosio is shielded by judicial

immunity; that federal jurisdiction over the case is barred by *Younger* abstention; that the

Eleventh Amendment bars many of the claims at issue; that Plaintiff, as a non-attorney, is

forbidden from representing others in court, (*see generally* D'Ambrosio's Mem. of Law in Supp.

of Mot. To Dismiss ("D'Ambrosio Mem.") (Dkt. No. 69)); and that the SAC fails to state a claim

for which relief can be granted, (*see generally* OCA Defs.' Mem. of Law in Supp. of Mot. To

Dismiss ("OCA Mem.") (Dkt. No. 72).)  The Court addresses the arguments as needed.

### A.  Standard of Review

The Supreme Court has held that, while a complaint "does not need detailed factual

allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(citations, quotation marks, and alterations omitted).  Indeed, Rule 8 of the Federal Rules of Civil

Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked

assertions devoid of further factual enhancement."  *Id.* (quotation marks and alteration omitted).

Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the

speculative level."  *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated

adequately, it may be supported by showing any set of facts consistent with the allegations in the

complaint," *id.* at 563, and a plaintiff need allege "only enough facts to state a claim to relief that

is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (citation and quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the "complaint[] must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (citation and quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation and quotation marks omitted); *see also Caidor v. Onondaga County*,

517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves

regarding procedural rules and to comply with them." (citation, italics, and quotation marks

omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its

consideration to facts stated on the face of the complaint, in documents appended to the

complaint or incorporated in the complaint by reference, and to matters of which judicial notice

may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation

marks and citation omitted). When a plaintiff proceeds pro se, however, the Court may consider

"materials outside the complaint to the extent that they are consistent with the allegations in the

complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug.

2, 2013) (citation and quotation marks omitted), including, as relevant here, "documents that a

pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL

5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (citation and italics omitted).

    B.  Analysis

        1.  Claims for Damages

            a.  Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the

scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("A long line

of this Court's precedents acknowledges that, generally, a judge is immune from a suit for

money damages." (citations omitted)). Generally, "acts arising out of, or related to, individual

cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d

Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id*.

at 209 (citations omitted). Thus, judicial immunity is "overcome in only two sets of

circumstances[:] . . . [(1)] actions not taken in the judge's judicial capacity[,] . . . [and (2)] actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citations omitted). The reason for this far-reaching grant of immunity is simple: "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (citation omitted), *cert. denied*, 514 U.S. 1102 (1995). Moreover, this rationale applies with particular force to judicial figures called upon to adjudicate family law disputes. "Not surprisingly, disgruntled ex-spouses often bring claims against state court judges who have presided over divorce and child custody issues. . . . Given the inherently emotional nature of their work, family court judges may be particularly susceptible to harassment." *Lewittes v. Lobis*, No. 04-CV-155, 2004 WL 1854082, at \*5 (S.D.N.Y. Aug. 19, 2004) (citations and quotation marks omitted), *aff'd*, 164 F. App'x 97 (2d Cir. 2006).

Importantly, the absolute immunity afforded to judges is not limited to judges alone, but also extends to "certain others who perform functions closely associated with the judicial process." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (citation omitted); *see also McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121, 124 (2d Cir. 2016) (citing *Oliva*). Thus, individuals whose responsibilities are "functionally comparable" to those of a judge are also absolutely immune from liability. *Bliven*, 579 F.3d at 211 (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)). Accordingly, "courts have granted absolute immunity to court clerks where they were performing discretionary acts of a judicial nature," because their "duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function," and because they "are simply extensions of the judges at whose pleasure they serve." *Oliva*, 839 F.2d at 39–40 (citations omitted); *see also Jackson v. Pfau*, 523 F. App'x 736, 737–38

(2d Cir. 2013) (affirming the dismissal of claims against judicial law clerks, court attorneys, and attorneys in the OCA on judicial immunity grounds).  Similarly, courts in the Second Circuit have recognized that "court attorneys," who function in New York State courts much like law clerks in federal courts, are protected by judicial immunity.  *See Clark v. Adams,* No. 10-CV-1263, 2010 WL 3123294, at *2–3 (E.D.N.Y. Aug. 8, 2010) (holding that a court attorney in the New York court system "perform[ed] acts of a judicial nature," and was "therefore entitled to absolute immunity"); *Alfano v. Vill. of Farmingdale,* 693 F. Supp. 2d 231, 233 (E.D.N.Y. 2010) (confirming that "the legal advisors to state and federal judges are entitled to judicial immunity" (citations omitted)).

Here, Plaintiff's claims against D'Ambrosio are based entirely on conduct that she engaged in within her capacity as Judge Schauer's court attorney.  For example, Plaintiff alleges that "Judge Schauer . . . and Michelle D['A]mbrosio . . . instruct[ed] the court clerk and staff not to send digital recordings or delay sending recordings to [his] transcriber," (SAC ¶ 49); that the Family Court's "refusal to pay for [Plaintiff's requested] transcripts . . . was intentional and willful by Defendants[] including Judge Schauer . . . [and] Michelle D'[A]mbrosio," (*id.* ¶ 57); that "Defendants including Judge Schauer and Michelle D'Ambrosio expected [Plaintiff] to remember words stated at a hearing without a note taker," (*id.* ¶ 64); that "Judge Schauer, Michelle D'Ambrosio, [and others] purposely and willfully scheduled afternoon court sessions," (*id.* ¶¶ 81–84); and that "Judge Schauer and . . . D'Ambrosio, purposefully and intentionally chose the highest cost of disability accommodation", (*id.* ¶ 90).  As illustrated by Plaintiff's intertwining of all allegations against D'Ambrosio with identical claims against Judge Schauer, here, D'Ambrosio simply acted as an "extension[] of the judge[] at whose pleasure [she] serve[s]."  *Oliva*, 839 F.2d at 39–40 (citation omitted).  D'Ambrosio is therefore "entitled to

12

absolute immunity as a [court attorney] to a state court judge because [she] was acting in a judicial capacity." *Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir. 2009) (citation omitted).

  b.  Eleventh Amendment

As a general rule, "state governments may not be sued in federal court [for damages] unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under [Section] 5 of the Fourteenth Amendment." *Id.* at 366 (citation, alteration, and quotation marks omitted). This immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (citation and quotation marks omitted).  Accordingly, state sovereign immunity also "extends to damage actions against state employees acting in their official capacities, because the State is the real party in interest in such actions." *Cole v. Goord*, No. 05-CV-2902, 2009 WL 2601369, at *5 (S.D.N.Y. Aug. 25, 2009) (citation omitted); *see also Henrietta D. v. Bloomberg*, 331 F.3d 261, 288 (2d Cir. 2003) ("The real party in interest in an official-capacity suit is the government entity." (citation omitted)), *cert. denied*, 541 U.S. 936 (2004).

Here, all Defendants are sued in their official capacities.  (*See* SAC.)[4]  Moreover, the Second Circuit has specifically held that "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted).  Accordingly, the Eleventh

---

[4] The SAC makes clear that all claims are against Defendants in their official capacities. However, even if that were not clear from the face of the SAC, "[i]t is well settled that individuals in their personal capacities are not proper defendants on claims brought under the ADA or the Rehabilitation Act." *Holly v. Cunningham*, No. 15-CV-284, 2016 WL 8711593, at *4 (S.D.N.Y. June 17, 2016) (quotation marks omitted) (collecting cases).

Amendment precludes Plaintiff's damages claims, unless New York State has consented to suit (under the NYSHRL) or Congress has validly abrogated the states' Eleventh Amendment immunity (through passage of Title II of the ADA).

With respect to the NYSHRL claims, uniform precedent establishes that New York State has not consented to suit for such claims. *See Moultry v. Rockland Psychiatric Ctr.,* No. 17-CV-4063, 2018 WL 5621485, at *2 (S.D.N.Y. Oct. 30, 2018) ("New York did not waive its immunity under NYSHRL." (citations omitted)); *Sunnen v. N.Y. State Dep't of Health,* No. 17-CV-1014, 2018 WL 3611978, at *4 (S.D.N.Y. July 27, 2018) ("New York State has not consented or waived its sovereign immunity to suits arising under the NYSHRL or NYCHRL." (citations omitted)), *aff'd*, ---F. App'x---, No. 18-CV-3382, 2020 WL 521858 (Mem) (2d Cir. Feb. 3, 2020). Accordingly, all NYSHRL claims are barred by the Eleventh Amendment and must be dismissed.[5]

The question with respect to the ADA is more complex. While Congress "explicitly stated an intent under Title II [of the ADA] to abrogate the States' sovereign immunity," such abrogation is only effective to the extent it is "a valid exercise of power under [Section 5 of the Fourteenth Amendment." *Cole*, 2009 WL 2601369, at *5 (citations and quotation marks omitted); *see also Tennessee v. Lane,* 541 U.S. 509, 518 (2004) (explaining the scope of Congress's power to abrogate Eleventh Amendment immunity). The Second Circuit has concluded that Title II successfully abrogated state immunity only to the extent that plaintiffs

---

[5] Although the *Ex Parte Young* doctrine permits suits for injunctive relief against states under federal law, the Eleventh Amendment bars such suits when based on state law claims. *See, e.g.*, *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.,* 206 F. Supp. 3d 869, 914 (S.D.N.Y. 2016); *see also Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). Accordingly, all Plaintiff's NYSHRL claims for injunctive relief are dismissed as well.

"establish that the Title II violation was motivated by discriminatory animus or ill will based on the plaintiff's disability . . . i.e., conduct that is based on irrational prejudice or wholly lacking a legitimate government interest." *Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn*, 280 F.3d 98, 111 (2d Cir. 2001) (citation omitted).

Subsequent Supreme Court precedent, although consistent with *Garcia*, articulates a more generic test for analyzing whether state immunity precludes Title II suits:

> [L]ower courts will be best situated to determine in the first instance, on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*United States v. Georgia*, 546 U.S. 151, 159 (2006). Since *Georgia*, courts in the Second Circuit have divided over whether to continue applying *Garcia*. *See Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 194–95 (2d Cir. 2015) ("Some district courts apply *Garcia*. Others[] adopt[] the approach in *Georgia*." (footnote omitted)). As *Garcia* is consistent with *Georgia,* and as the Second Circuit has given no indication that *Garcia* should be adjusted in light of *Georgia*, this Court continues to assume that *Garcia* governs. *See Davis v. Collado*, No. 16-CV-7139, 2018 WL 4757966, at *8 (S.D.N.Y. Sept. 30, 2018) (applying *Garcia*'s "discriminatory animus or ill will due to disability" test).

Here, Plaintiff alleges no facts indicating that any Defendant acted "with discriminatory animus or ill will" toward Plaintiff's disability. For example, Plaintiff cites no discriminatory comments by Defendants. *See Davis*, 2018 WL 4757966, at *8 (dismissing official capacity ADA claims based on a failure to sufficiently allege "discriminatory animus or ill will due to disability," and citing the absence of discriminatory comments as a partial basis for this conclusion (italics omitted)). Nor is there any factual, non-conclusory allegation that Defendants

15

treated disabled persons any differently than non-disabled comparators.  *See Doe v. City of New York,* No. 05-CV-5439, 2009 WL 7295358, at \*11 (E.D.N.Y. Nov. 10, 2009) (holding that the plaintiff failed to raise an issue of fact as to discriminatory animus by failing to identify similarly situated non-disabled individuals), *adopted by* 2011 WL 37131 (E.D.N.Y. Jan. 5, 2011), *aff'd,* 473 F. App'x 24 (2d Cir. 2012).  In fact, Plaintiff acknowledges that other disabled litigants have been treated better than him.  (*See* SAC ¶ 146 ("Other[] disabled litigants in other courts not in New York [F]amily Court [A]rticle 6 and or 8 proceedings are permitted to appeal as of right, where I am discriminated against for my disabilities against appealing.").)  To the extent that Plaintiff does allege disparate treatment compared with non-disabled comparators, all such allegations are entirely generic and conclusory.  (*See e.g., id.* ¶¶ 133 ("Other non-disabled fathers and mothers are not jailed by [t]he State for sending gifts to their kids."); 149 ("Other non-disabled litigants in front of other judges do not have to pay for transcripts on their own.").)  Such conclusory allegations cannot support a claim for the requisite discriminatory intent.  *See Clay v. Lee,* No. 13-CV-7662, 2019 WL 1284290, at \*7 (S.D.N.Y. Mar. 20, 2019) ("These conclusory allegations fail to allege that Defendants acted with 'discriminatory animus or ill will' at all, let alone 'due to" Plaintiff's alleged "mental health issues.'" (citations omitted)).  Accordingly, given the absence of any factual allegations that meet *Garcia*'s standard, "Defendants are entitled to Eleventh Amendment immunity on Plaintiff's ADA and Rehabilitation Act claims."  *Id.* (citation omitted).[6]

---

[6] Plaintiff also argues that the Supreme Court's decision in *Tennessee v. Lane* alters the analysis here because his claims relate to a right of access to the courts.  (*See* SAC ¶ B.)  *Lane,* however, is inapposite.  In *Lane,* the Supreme Court was presented with the case of two paraplegics who were physically unable to access county courthouses because of the absence of elevators.  541 U.S. at 513–14.  Declining to address the effectiveness of Title II as a whole, the Supreme Court instead conducted an "as-applied" analysis.  Concluding that "Congress had the power under § 5 to enforce the constitutional right of access to the courts," the Court held that

## 2. Injunctive and Declaratory Relief

Plaintiff not only seeks damages; he also requests injunctive and declaratory relief. (SAC ¶¶ A–H.) Here, however, the Court is precluded from considering such relief by several additional legal principles, including the so-called *Rooker-Feldman* doctrine, *see generally Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923), and the Court's abstention obligations under *Younger v. Harris*, 401 U.S. 37, 43–44 (1971) and *O'Shea v. Littleton*, 414 U.S. 488 (1974).

### a. The *Rooker-Feldman* Doctrine

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citation omitted) (per curiam). The *Rooker-Feldman* doctrine is, however, "narrow" and only applies to federal lawsuits brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

---

Title II of the ADA successfully abrogated sovereign immunity "as it applies to the class of cases implicating the accessibility of judicial services." *Id.* at 531 (citation and footnote omitted). The Second Circuit, however, has made clear that *Lane* is not to be applied simply because a plaintiff asserts an infringement of his access to courts; on the contrary, *Lane* suggests that immunity is abrogated only with respect to claims that raise a genuine issue of the right of access to courts. *See City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 398 (2d Cir. 2008) (explaining that ADA plaintiffs failed to overcome sovereign immunity because a challenged provision "does not impede, let alone entirely foreclose, general use of the courts by would-be plaintiffs"), *cert. denied*, 556 U.S. 1104 (2009). While Plaintiff conclusorily alleges that Defendants "ma[d]e it extra hard and more difficult [] for [him] to have meaningful access to the state courts," (SAC ¶ 84), no specific factual allegation suggests anything remotely rising to the level of a constitutional deprivation.

Additionally, the Court notes that even if Plaintiff's claims overcome sovereign immunity, this Court would still be barred from considering the merits for reasons of abstention, as discussed below. *See* Section 2, *infra*.

judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Four

requirements must be met before the *Rooker-Feldman* bar applies:

> First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff
> must complain of injuries caused by a state-court judgment.  Third, the plaintiff
> must invite district court review and rejection of that judgment.  Fourth, the state-
> court judgment must have been rendered before the district court proceedings
> commenced—i.e., *Rooker-Feldman* has no application to federal-court suits
> proceeding in parallel with ongoing state-court litigation.

*Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (citation, alterations and quotation marks

omitted).

There is an exception to *Rooker-Feldman* in the case of "judicial review of executive

action, including determinations made by a state administrative agency."  *Verizon Md. Inc. v.*

*Pub. Serv. Comm'n*, 535 U.S. 635, 644 n.3 (2002).  This exception applies "even where the

administrative agency acted in an adjudicative capacity . . . or where the plaintiff could have

sought, but did not seek, review of the agency's determination in a state court."  *Mitchell v.*

*Fishbein*, 377 F.3d 157, 165 (2d Cir. 2004) (citations omitted).  But this exception does not

apply—and thus the *Rooker-Feldman* bar does apply—if the agency is "appropriately

characterized as [an] arm[] of the state judiciary qua judiciary, either because [it] exercise[s]

powers that are inherent to the judiciary, or because the state has provided mechanisms for

judicial review of [its] determinations that distinguish those determinations from other types of

state administrative action."  *Id.* at 166 (italics omitted).

Here, the *Rooker-Feldman* doctrine applies to at least some, though not all, of Plaintiff's

claims.  Plaintiff's SAC challenges numerous rulings by Judge Schauer, Magistrate Jordan, and

other judges in the underlying state court proceedings—and at least some of these rulings appear

to be final orders.  (*See, e.g.*, SAC ¶¶ 59–63 (alleging that Judge Schauer's order jailing him for

violation of a TOP violated the ADA); *id.* ¶ 156 (noting that a final Family Court order was

entered on June 13, 2018).)  Insofar as Plaintiff seeks to have this Court declare these and other adverse judgments discriminatory and otherwise erroneous, or seeks to be compensated for them, (*see id.* ¶¶ A-F), Plaintiff runs afoul of *Rooker-Feldman*.  This is so because he (i) "invite[s] district court review and rejection of [state court] judgments" that were (ii) rendered before this Action commenced, (iii) with respect to which he is the losing party, and (iv) complaining of injuries that resulted from such judgments.  Such claims meet all the requirements of *Rooker-Feldman.  See Mattingly*, 585 F.3d at 101 (listing the essential elements of *Rooker-Feldman*). Accordingly, all such claims are barred and must be dismissed.  *See J.R. ex rel. Blanchard v. City of New York*, No. 11-CV-841, 2012 WL 5932816, at *8 (E.D.N.Y. Nov. 27, 2012) (dismissing a suit under *Rooker-Feldman* because the plaintiff sought that the court "essentially reject the family court's order").

      Plaintiff, however, seeks more than the undoing of final state court judgments.  At least some of the decisions Plaintiff challenges are preliminary or intermediary rulings in proceedings that were ongoing when this suit began.  (*See* SAC ¶¶ 140–42 (discussing his struggle to appeal non-final orders).)  Such orders are likely not subject to *Rooker-Feldman.  See Mattingly*, 585 F.3d at 102 (explaining that the *Rooker-Feldman* doctrine bars only "state-court losers" and thus did not bar claims by a parent who temporarily lost custody of her child but who secured the reversal of that decision).  Moreover, Plaintiff also challenges the entire organizational structure and allocation of decision-making power within the New York Court system.  (*See* SAC ¶ B (seeking an order requiring that ADA requests "be administered by the court [ADA] liaison, not the sitting judge as is customary practice").  Naturally, such a challenge is not directed at an individual judgment, but at the general procedures of the courts.

### b. *Younger* Abstention

While such claims may not be precluded by *Rooker-Feldman*, they are precluded by the abstention principles articulated in *Younger* and *O'Shea*.

*Younger* abstention provides that "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003), *cert. denied*, 541 U.S. 1085 (2004). The Court is mindful that "abstention is generally disfavored, and federal courts have a virtually unflagging obligation to exercise their jurisdiction." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (citation and quotation marks omitted). And, "unlike the *Rooker-Feldman* doctrine, *Younger* abstention is a 'prudential limitation' grounded in considerations of comity rather than a 'jurisdictional bar' derived from Article III of the Constitution." *Sullivan v. N.Y. State Unified Court Sys.*, No. 15-CV-4023, 2016 WL 3406124, at *6 (S.D.N.Y. June 17, 2016) (quoting *Kaufman v. Kaye*, 466 F.3d 83, 88 n.1 (2d Cir. 2006)). The Supreme Court has thus "clarified that district courts should abstain from exercising jurisdiction only in three exceptional circumstances involving (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Falco v. Justices of the Matrimonial Parts of Sup. Ct. of Suffolk Cty.*, 805 F.3d 425, 427 (2d Cir. 2015) (citation and quotation marks omitted), *cert. denied*, 136 S. Ct. 2469 (2016). Finally, "*Younger* abstention is *required* when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal

constitutional claims." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (emphasis added) (citation omitted).

Here, with respect to Plaintiff's challenges of all non-final judicial rulings, the *Younger* abstention conditions are clearly met. First, state-court proceedings regarding the appropriate child custody arrangement are ongoing in Family Court and New York State appellate courts. Indeed, Plaintiff acknowledges that they are ongoing as he explains his various difficulties obtaining appellate review in light of the ongoing nature of proceedings. (*See* SAC ¶¶ 140–42 ("A[ppellate] Division denied permission to appeal denial of ADA accommodations twice stating these were not "final orders.").)

Second, child custody disputes are a matter rightfully reserved for state courts. *See Puletti v. Patel*, No. 05-CV-2293, 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006) ("The United States Supreme Court . . . has long recognized that 'the whole subject of the domestic relations of . . . parent and child[] belongs to the laws of the States and not to the laws of the United States." (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890))). Indeed, the Supreme Court has long recognized a "domestic relations exception" that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Reno v. Flores*, 507 U.S. 292, 310 (1993) (noting that states have "special proficiency in the field of domestic relations, including child custody" (citation and quotation marks omitted)); *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018) ("Family law, after all, is an area of law that federal courts and Congress leave almost exclusively to state law and state courts." (citations omitted)). The underlying child custody proceeding thus undoubtedly involves an "important state interest." *Diamond "D" Const. Corp.*, 282 F.3d at 198.

Third, Plaintiff would have "an adequate opportunity for judicial review of the federal constitutional claims" in state court. *Id.* After the Family Court makes its final disposition on custody and visitation (or, if it has already done so), Plaintiff may appeal that decision within the state court system and raise all federal constitutional claims there. *See Donkor v. City of N.Y. Human Res. Admin. Special Servs. for Children*, 673 F. Supp. 1221, 1226 (S.D.N.Y. 1987) ("[The Second] Circuit has often recognized the obligation and competence of state courts to decide federal constitutional questions." (citing *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1142 (2d Cir. 1986) and *Star Distributors, Ltd. v. Marino*, 613 F.2d 4, 8 n.10 (2d Cir. 1980))). Plaintiff has "not shown any procedural barrier to [his] assertion of constitutional issues in the state court proceeding." *Id.* at 1226 (citing *Moore v. Sims*, 442 U.S. 415, 430 (1979)).

Therefore, insofar as Plaintiff seeks to procure federal judicial involvement in any non-final judicial proceedings, the *Younger* factors are met. Moreover, there is no showing that any exception to *Younger*, such as bias on the part of OCA, is present. *See Diamond "D" Const. Corp.*, 282 F.3d at 201 (noting exception to *Younger* "when the state administrative agency was incompetent by reason of bias to adjudicate the issues pending before it" (citation and quotation marks omitted)). Accordingly, "abstention is mandatory and its application deprives the federal court of jurisdiction in the matter." *Id.* at 197 (citation omitted).

### c. *O'Shea*

"Although *Younger* mandates abstention only when the plaintiff seeks to enjoin ongoing state proceedings . . ., the Supreme Court has also held that even where no state proceedings are pending, federal courts must abstain where failure to do so would result in 'an ongoing federal audit of state criminal proceedings.'" *Disability Rights N.Y. v. New York*, 916 F.3d 129, 134 (2d Cir. 2019) (quoting *O'Shea*, 414 U.S. at 500). In recent years, the Second Circuit has further

explained that, while *O'Shea* discussed only criminal matters, "*O'Shea* has also been applied in certain civil contexts involving the operations of state courts." *Id.* (citation omitted). Thus, for example, the Second Circuit has dictated that federal courts must abstain from enjoining internal state court judicial assignment procedures. *See Kaufman*, 466 F.3d at 86. And just last year, the Second Circuit held that similar abstention principles prohibited federal courts from "direct[ing] the New York State Unified Court System, the Chief Judge of the State of New York, and the Chief Administrative Judge for the Courts of New York" to adopt certain procedures in its guardianship proceedings. *Disability Rights*, 916 F.3d at 136. Such relief, whether declaratory or injunctive, would "effect a continuing, impermissible 'audit' of New York Surrogate's Court proceedings, which would offend the principles of comity and federalism." *Id.* at 136.[7]

Here, Plaintiff attempts to subject the New York State court system to precisely the sort of "ongoing audit" and structural interference that *O'Shea* and *Disability Rights* prohibit. As Plaintiff makes clear throughout his SAC, insofar as he does not challenge individual judicial decisions, he seeks a federal judicial mandate to shift decision-making from Family Court judges

---

[7] In *Disability Rights,* the Second Circuit approvingly cited several similar precedents from other circuits. *See* 916 F.3d at 134–35 (citing *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1065–66 (7th Cir. 2018) (abstaining from enjoining the Clerk of the Circuit Court of Cook County to release newly filed complaints at the moment of receipt), *cert. denied,* 140 S. Ct. 384 (2019); *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 612 (8th Cir. 2018) (abstaining from enjoining allegedly unconstitutional child custody proceedings because "[t]he relief requested would interfere with the state judicial proceedings by requiring the defendants to comply with numerous procedural requirements" and "failure to comply with the district court's injunction would subject state officials to potential sanctions"); *Miles v. Wesley*, 801 F.3d 1060, 1064, 1066 (9th Cir. 2015) (abstaining from enjoining the Los Angeles Supreme Court from reducing the number of courthouses used for unlawful detainer actions); *Hall v. Valeska*, 509 F. App'x 834, 835–36 (11th Cir. 2012) (per curiam) (abstaining from enjoining allegedly discriminatory jury selection procedures); *Parker v. Turner*, 626 F.2d 1, 8 & n.18 (6th Cir. 1980) (providing that *O'Shea* establishes a rule of "near-absolute restraint . . . to situations where the relief sought would interfere with the day-to-day conduct of state trials")). The instant case falls squarely within this line of precedent.

23

to court bureaucrats.  (*See* SAC ¶¶ B (seeking an order directing OCA to accommodate requests that have been denied by state judges); F (seeking a judgment requiring OCA, rather than state judges, to "provide all accommodation requests").  In other words, Plaintiff "would have federal courts conduct a preemptive review of state court procedure in . . . an area in which states have an especially strong interest."  *Disability Rights*, 916 F.3d at 136 (citation omitted).  Moreover, providing Plaintiff's requested relief would necessitate an "[o]ngoing, case-by-case oversight of state courts, . . . exactly the sort of interference *O'Shea* seeks to avoid."  *Id.* (citation omitted).  Indeed, Plaintiff seeks an order compelling the Family Court to hold hearings at particular times of day, to provide him with specific court records, to adopt specific procedures for transcription proceedings and to transfer certain authorities from state judges to "the court [ADA] liaison."  (SAC ¶ B.)  It is difficult to imagine a "more substantial invasion of state courts' domain."  *Disability Rights*, 916 F.3d at 136.  Accordingly, because "a federal district court has no power to intervene in the internal procedures of the state courts," Plaintiff's request that this Court compel OCA Defendants to overrule and seize authority from state judges, or to otherwise tinker with the internal operations of the state courts, is dismissed.  *Kaufman*, 466 F.3d at 86 (citation and quotation marks omitted).

To summarize: *Rooker-Feldman* bars Plaintiff's claims insofar as he challenges adverse final judicial orders; *Younger* precludes the Court from interfering in Plaintiff's ongoing state court proceedings; and *O'Shea* demands that the Court refrain from overhauling the internal procedures of the state courts.  Accordingly, the Court declines to exercise jurisdiction over all of Plaintiff's claims for injunctive or declaratory relief.[8]

---

[8] The Court's decision to abstain is further "supported by the 'availability of other avenues of relief,'" as Plaintiff is free to "avail [him]self of the state courts to challenge the

### 3. Leave to Amend and Dismissal with Prejudice

This Opinion & Order dismisses all of Plaintiff's claims and terminates all the Defendants from this case. Because Plaintiff has already amended his Complaint twice (not to mention twice argued, and been denied, preliminary injunctions), and because Plaintiff's claims are barred as a matter of law by immunity or lack of jurisdiction, dismissal is with prejudice. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (noting that although a "pro se complaint should not be dismissed without the [c]ourt granting leave to amend at least once[,] . . . leave to amend a complaint may be denied when amendment would be futile" (citations and quotation marks omitted)). Even the special solicitude afforded to pro se litigants does not entitle Plaintiff to file additional amended pleadings when the pleading "contains substantive problems such that an amended pleading would be futile." *Lastra v. Barnes & Noble Bookstore*, No. 11-CV-2173, 2012 WL 12876, at *9 (S.D.N.Y. Jan 3, 2012).

### III. Conclusion

For the reasons stated above, both Motions To Dismiss are granted, and all of Plaintiff's claims are dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the pending Motions, (*see* Dkt. Nos. 67, 70), to mail a copy of this Opinion & Order to Plaintiff, and to close this case.

SO ORDERED.

Dated:   March __5__ , 2020
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

legality of the state court procedures. *Disability Rights*, 916 F.3d at 137 (citation omitted) (quoting *O'Shea*, 414 U.S. at 504).

25

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**ADDENDUM "B"**

**Proposed Issues and Standards of Review**

<u>Issue 1</u>

Whether the district court erred in holding that court attorney Michelle D'Ambrosio is entitled to absolute judicial immunity for her actions involving plaintiff's request for reasonable accommodations under the Americans with Disabilities Act and the Rehabilitation Act?

<u>Issue 2</u>

Whether the district court erred in holding that the Eleventh Amendment provides immunity to defendants from suit involving the fundamental right of access to the courts?

<u>Issue 3</u>

Whether the district court committed reversible error by failing to address plaintiff's claims that the defendants waived any purported Eleventh Amendment immunity under the Rehabilitation Act by accepting federal funds post *Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn*, 280 F.3d 98 (2d Cir. 2001) and *Bd. Of Trs. v. Garrett*, 531 U.S. 356 (U.S. 2001)?

<u>Issue 4</u>

Whether the district court erred in declining to exercise jurisdiction over this matter pursuant to the doctrines of "*Rooker-Feldman*," *Younger*, and *O'Shea*?

<u>Standard of Review for all Issues</u>

The Second Circuit reviews all decisions involving dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) *de novo*. *See Morabita v. New York*, 803 Fed. Appx. 463, 465 (2d Cir. 2020) (*citing Washington v. Barr*, 925 F.3d 109, 113) (2d Cir. 2019).

The Second Circuit also reviews legal conclusions relating to dismissal under the Eleventh Amendment *de novo* but reviews any factual findings as to the Eleventh Amendment for clear error. *See Morabita*, 803 Fed. Appx. At 465 (*citing Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015).

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

## ADDENDUM AS TO OTHER PENDING CASES

*People of the State of New York v. Marc Fishman*, 06293M-2018, Westchester County Court, Criminal Term