# 20-1300

## United States Court of Appeals
## for the Second Circuit

MARC FISHMAN,

*Plaintiff-Appellant,*

v.

OFFICE OF COURT ADMINISTRATION NEW YORK STATE COURTS, MICHELE D'AMBROSIO, in her administrative and official capacity, NEW YORK STATE UNIFIED COURT SYSTEM, NANCY J. BARRY, District Executive of 9th District NY Courts, in her administrative and official capacity, DAN WEISZ, Professional Director, in his administrative and official capacity,

*Defendants-Appellees,*

*(caption continues inside front cover)*

On Appeal from the United States District Court
for the Southern District of New York

## BRIEF FOR APPELLEE MICHELE D'AMBROSIO

BARBARA D. UNDERWOOD
 *Solicitor General*
STEVEN C. WU
 *Deputy Solicitor General*
DAVID LAWRENCE III
 *Assistant Solicitor General*
  *of Counsel*

LETITIA JAMES
 *Attorney General*
 *State of New York*
Attorney for Appellee Michele
 D'Ambrosio
28 Liberty Street
New York, New York 10005
(212) 416-8023

Dated: January 15, 2021

JUDGE GORDON OLIVER, in her administrative and official capacity, MAGISTRATE CAROL JORDAN, in her administrative and official capacity, KATHY DAVIDSON, Chief Administrative Judge of the 9th Circuit and former Chief Judge of the Westchester Family Court in her administrative and official capacity, JUDGE MICHELLE I. SCHAUER, in her administrative and official capacity, JUDGE HAL B. GREENWALD, in his administrative and official capacity, JUDGE ALAN D. SCHEINKMAN, in his administrative and official capacity as Chief Administrative Judge of the 9th Circuit Courts,

*Defendants.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..........................................................................ii

PRELIMINARY STATEMENT .................................................................. 1

ISSUES PRESENTED ................................................................................. 3

STATEMENT OF THE CASE ..................................................................... 3

    A.   The Amended Complaint ................................................................ 3

    B.   The Dismissal Order ..................................................................... 5

STANDARD OF REVIEW ........................................................................... 8

SUMMARY OF ARGUMENT ..................................................................... 9

ARGUMENT ............................................................................................... 11

POINT I

    ABSOLUTE JUDICIAL IMMUNITY BARS FISHMAN'S CLAIMS FOR
    DAMAGES AND DECLARATORY RELIEF AGAINST D'AMBROSIO ............... 11

POINT II

    THE ELEVENTH AMENDMENT ALSO BARS FISHMAN'S ADA CLAIMS
    FOR DAMAGES AGAINST D'AMBROSIO, AND FISHMAN'S CLAIM FOR
    INJUNCTIVE RELIEF FAILS FOR INDEPENDENT REASONS ...................... 17

POINT III

    THE DISTRICT COURT WAS REQUIRED TO ABSTAIN FROM
    EXERCISING JURISDICTION UNDER *YOUNGER V. HARRIS* ...................... 23

CONCLUSION .......................................................................................... 28

i

# TABLE OF AUTHORITIES

**Cases**                                                   **Page(s)**

*Ali v. Mukasey*,
   529 F.3d 478 (2d Cir. 2008) ................................................. 25

*Andrews v. Hens-Greco*,
   641 F. App'x 176 (3d Cir. 2016) ........................................ 17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................ 8, 20

*Bliven v. Hunt*,
   579 F.3d 204 (2d Cir. 2009) .......................................... 11, 12

*Bowling v. Roach*,
   816 F. App'x 901 (5th Cir. 2020) ...................................... 14

*Dean v. University at Buffalo Sch. of Med. & Biomedical Scis.*,
   804 F.3d 178 (2d Cir. 2015) .......................................... 17, 18

*Disability Rights New York v. New York*,
   916 F.3d 129 (2d Cir. 2019) ............................................... 8

*Doe v. State of Connecticut Dep't of Health Servs.*,
   75 F.3d 81 (2d Cir. 1996) .................................................. 24

*Duvall v. County of Kitsap*,
   260 F.3d 1124 (9th Cir. 2001) ........................................... 15

*Ex parte Young*,
   209 U.S. 123 (1908) ......................................................... 21

*Forrester v. White*,
   484 U.S. 219 (1988) ......................................................... 12

*Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*,
   280 F.3d 98 (2d Cir. 2001) ........................................... 18, 21

*Gibson v. Berryhill*,
   411 U.S. 564 (1973) ......................................................... 23

**Cases**                                                              **Page(s)**

*Gollomp v. Spitzer*,
   568 F.3d 355 (2d Cir. 2009) ................................................................ 12

*Grieve v. Tamerin*,
   269 F.3d 149 (2d Cir. 2001) ................................................................ 24

*Huminski v. Corsones*,
   396 F.3d 53 (2d Cir. 2005) .................................................................. 11

*I.M. v. City of New York*,
   178 A.D.3d 126 (1st Dep't 2019) ........................................................ 24

*Jackson v. Pfau*,
   523 F. App'x 736 (2d Cir. 2013) ......................................................... 12

*Jenkins v. N.Y.*,
   478 F.3d 76 (2d Cir. 2007) .................................................................. 25

*Johnson v. Watkins*,
   101 F.3d 792 (2d Cir. 1996) ................................................................ 25

*Jones v. County of Westchester*,
   678 F. App'x 48 (2d Cir. 2017) ........................................................... 26

*Justice Network, Inc. v. Craig County*,
   931 F.3d 753 (8th Cir. 2019) ............................................................... 17

*Kaufman v. Kaye*,
   466 F.3d 83 (2d Cir. 2006) .................................................................. 27

*Libertarian Party of Erie Cty. v. Cuomo*,
   970 F.3d 106 (2d Cir. 2020) ................................................................ 13

*Losacco v. City of Middletown*,
   71 F.3d 88 (2d Cir. 1995) .................................................................... 25

*Lucas v. United States*,
   775 F.3d 544 (2d Cir. 2015) .................................................................. 8

| Cases | Page(s) |
|---|---|

*Lyng v. Northwest Indian Cemetery Protective Ass'n*,
485 U.S. 439 (1988) .............................................................. 18

*Matter of Solomon v. Fishman*,
162 A.D.3d 1052 (2d Dep't 2018) .................................... 5, 25

*McLeod v. Jewish Guild for the Blind*,
864 F.3d 154 (2d Cir. 2017) ................................................ 8

*MGRX, Inc. v. Vermont*,
452 F. App'x 74 (2d Cir. 2012) .......................................... 23

*Mina v. United States Dist. Ct. for E. Dist. of Pa.*,
710 F. App'x 515 (3d Cir. 2017) ........................................ 14

*Mireles v. Waco*,
502 U.S. 11 (1991) .............................................................. 11

*Moore v. Sims*,
442 U.S. 415 (1979) ............................................................ 24

*Morales v. City of New York*,
752 F.3d 234 (2d Cir. 2014) .............................................. 20

*Nordenstam v. State Univ. of N.Y. Coll. of Envtl. Sci. & Forestry*,
184 A.D.3d 1157 (4th Dep't 2020) .................................... 24

*Norwood v. Ruhle*,
542 F. App'x 83 (2d Cir. 2013) .......................................... 22

*O'Shea v. Littleton*,
414 U.S. 488 (1974) ........................................................ 7, 22

*Oliva v. Heller*,
839 F.2d 37 (2d Cir. 1988) ...................................... 11, 12, 15

*Pennzoil Co. v. Texaco, Inc.*,
481 U.S. 1 (1987) ................................................................ 23

| Cases | Page(s) |
|---|---|

*Pierson v. Ray,*
386 U.S. 547 (1967) ............................................................. 11

*Raspardo v. Carlone,*
770 F.3d 97 (2d Cir. 2014) ................................................. 19

*Richter v. Connecticut Judicial Branch,*
600 F. App'x 804 (2d Cir. 2015) ........................................ 13

*Rodriguez v. Weprin,*
116 F.3d 62 (2d Cir. 1997) ................................................. 13

*Sheppard v. Beerman,*
317 F.3d 351 (2d Cir. 2003) ............................................... 15

*Spargo v. New York State Com'n on Judicial Conduct,*
351 F.3d 65 (2d Cir. 2003) ................................................. 23

*Sprint Commc'ns, Inc. v. Jacobs,*
571 U.S. 69 (2013) ............................................................. 23

*Tennessee v. Lane,*
541 U.S. 509 (2004) ........................................................... 20

*Treistman v. McGinty,*
804 F. App'x 98 (2d Cir. 2020) .......................................... 17

*Triestman v. Federal Bureau of Prisons,*
470 F.3d 471 (2d Cir. 2006) ................................................. 8

*United States v. Georgia,*
546 U.S. 151 (2006) ........................................................... 18

*Virginia Office for Prot. & Advocacy v. Stewart,*
563 U.S. 247 (2011) ........................................................... 17

*Younger v. Harris,*
401 U.S. 37 (1971) ..................................................... 1, 6, 23

**Statutes**                                                    **Page(s)**

*Federal*

29 U.S.C. § 794 ............................................................................ 1

42 U.S.C. § 12131 et seq. ............................................................ 1

*State*

N.Y. Exec. L. §§ 290-301 ............................................................ 5

**Miscellaneous Authorities**

Hon. Michelle I. Schauer, *Part Rules*,
    www.nycourts.gov/LegacyPDFS/courts/9jd/PartRules/PR_
    MISchauer.pdf (last accessed Jan. 9, 2021) ........................................ 4

## PRELIMINARY STATEMENT

In this federal action, plaintiff-appellant Marc Fishman sued defendant-appellee Michele D'Ambrosio, a court attorney in the New York Family Court, as well as other state court officials who are separately represented. Fishman alleged that D'Ambrosio denied his requests for accommodations for certain purported disabilities, and sought damages as well as declaratory and injunctive relief under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., and the Rehabilitation Act, 29 U.S.C. § 794. The U.S. District Court for the Southern District of New York (Karas, J.) dismissed Fishman's second amended complaint as against D'Ambrosio based on judicial immunity and the Eleventh Amendment. The court held that in any event, abstention would be warranted under *Younger v. Harris*, 401 U.S. 37 (1971).

This Court should affirm. First, the district court correctly held that Fishman's claims for damages and declaratory relief against D'Ambrosio are barred by judicial immunity: D'Ambrosio's alleged actions on Fishman's request for accommodations were all judicial acts because they were made under the authority of the judge for whom D'Ambrosio served as court attorney.

Second, the Eleventh Amendment also bars Fishman's claims for money damages against D'Ambrosio under Title II of the ADA. D'Ambrosio fails to establish that the State's sovereign immunity under that statute was abrogated, where he does not allege facts showing that the purported Title II violation was motivated by discriminatory animus or ill will based on his disability. And while the Eleventh Amendment does not bar Fishman's claim for injunctive relief against D'Ambrosio, that claim independently fails because Fishman lacks standing (as D'Ambrosio is no longer involved in Fishman's Family Court proceeding) and because Fishman admits that D'Ambrosio would lack the authority to grant his requested accommodations in any event.

Third, *Younger* abstention applies here because Fishman sought relief that would affect an ongoing state-court child-custody proceeding, and the state proceeding provided him an adequate opportunity for judicial review of his federal claims.

## ISSUES PRESENTED

1.    Does absolute judicial immunity bar plaintiff's claims for damages and declaratory relief against defendant, a court attorney whose challenged actions were all made under the authority of a state judge?

2.    Does the Eleven Amendment bar plaintiff's damages claims, and does plaintiff's request for injunctive relief fail due to lack of standing and other grounds?

3.    Was the district court required to abstain from adjudicating this action under *Younger v. Harris*, when plaintiff sought to interfere with an ongoing state-court child-custody proceeding?

## STATEMENT OF THE CASE

### A.    The Amended Complaint

Fishman and his wife were divorced in August 2012. Two months later, they began litigation in Family Court concerning child custody and related matters. (*See* Decl. of Michael A. Berg, Ex. A, Decision and Order at 1 & n.1, *Matter of Solomon v. Fishman* (Fam. Ct. Westchester Cty.), ECF No. 68-1.) In this federal action, Fishman sues, among other defendants, D'Ambrosio, who is employed as the court attorney for Family Court Judge Michelle I. Schauer. (Second Am. Compl. ("Compl.")

¶¶ 1, 84, 113, 183 (Nov. 9, 2018), ECF No. 44-1.)[1]. Fishman sues D'Ambrosio solely in her official capacity. (*Id.* at 1 (caption).)

Fishman alleges that he suffers from multiple disabilities (*id.* ¶ 10), is "cognitively and hearing impaired" (*id.* ¶ 42), and has a "slight memory impairment" (*id.* ¶ 65.) He pleads that in Family Court, Judge Schauer[2] and D'Ambrosio denied him certain accommodations for those disabilities. In particular, they allegedly denied him use of the Communication Access Real-Time Translation (CART) system to obtain "same day real time transcripts" (*id.* ¶ 36) and the use of note takers (*id.* ¶¶ 43, 71); delayed the production of transcripts to him (*id.* ¶ 49); refused to pay for his transcripts or provide him free transcripts (*id.* ¶ 57); "expected [him] to remember words stated at a hearing without a note taker," including orders issued from the bench by Judge Schauer (*id.* ¶ 64); and declined

---

[1] Although Fishman also mischaracterizes D'Ambrosio's title as "Attorney Administrator" (Compl. ¶¶ 76, 79, 90, 113), she is in fact an Associate Court Attorney. *See* Hon. Michelle I. Schauer, *Part Rules*, www.nycourts.gov/LegacyPDFS/courts/9jd/PartRules/PR_MISchauer.pd f (last accessed Jan. 9, 2021).

[2] By order dated November 26, 2018 (ECF No. 46), the district court (Karas, J.) dismissed Fishman's claims against Judge Schauer based on judicial immunity (*see id.* at 2-3.) On appeal, Fishman does not challenge that dismissal.

to schedule court hearings for mornings only despite his need for afternoon naps (*id.* ¶¶ 81-82, 84).[3]

Fishman claims that D'Ambrosio violated the ADA and the Rehabilitation Act. He seeks damages and declaratory and injunctive relief.[4] (*See id.* at 2-6 ¶ 1, 59.)

## B.    The Dismissal Order

The district court (Karas, J.) granted the defendants' motions to dismiss the second amended complaint. (*See* Op. & Order (Mar. 5, 2020), ECF No. 84.) First, the court held that D'Ambrosio was entitled to

---

[3] Fishman raised many of these claims about alleged disability discrimination in an unsuccessful state court appeal from an earlier order of protection issued by Judge Schauer. The Appellate Division held that Fishman had "failed to submit sufficient evidence in support of his claim that he was disabled"; that "despite the absence of an adequate showing by [Fishman] of any such disability, [Judge Schauer] nonetheless acceded to all of [Fishman's] reasonable requests for accommodations"; and that Judge Schauer "providently exercised [her] discretion in denying [Fishman's] request for the use by him of a personal note-taker or tape recorder at court proceedings, as [he] had the ability to order official transcripts of the proceedings." *Matter of Solomon v. Fishman*, 162 A.D.3d 1052, 1053 (2d Dep't 2018), *lv. denied*, 32 N.Y.3d 1086 (2018).

[4] The district court dismissed Fishman's separate claim against D'Ambrosio under the New York State Human Rights Law, N.Y. Exec. L. §§ 290-301. (*See* Compl. at 59 ¶ C.) On appeal, Fishman does not contest that dismissal.

absolute judicial immunity because Fishman's "claims against [her] are based entirely on conduct that she engaged in within her capacity as Judge Schauer's court attorney." (*Id.* at 12.)

Second, the court ruled that Fishman's ADA claims are barred by the Eleventh Amendment since Title II of the ADA abrogated state immunity only to the extent that plaintiffs "'establish that the Title II violation was motivated by discriminatory animus or ill will based on the plaintiff's disability'" (*id.* at 15 (quoting *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 290 F.3d 98, 111 (2d Cir. 2001)), which Fishman's allegations do not establish (*id.* at 15-16).[5] The court further held that Fishman's claims under the Rehabilitation Act are also barred by the Eleventh Amendment. (*Id.* at 16.)

Third, the court ruled that it was required to abstain from hearing the action under *Younger*, 401 U.S. 37, in order to avoid interfering with the state Family Court proceedings. (*Id.* at 20.) The court noted that Fishman had acknowledged that such proceedings remained ongoing at

---

[5] The court also held that certain of Fishman's claims, which do not involve D'Ambrosio, were barred by the *Rooker-Feldman* doctrine. (*See* Op. & Order at 17-19.)

the time. (*Id.* at 21.) The court further reasoned that "child custody disputes are a matter rightfully reserved for state courts" (*id.*), and that Fishman "would have an 'adequate opportunity for judicial review of the federal constitutional claims in state court'" by taking state-court appeals (*id.* at 22 (quoting *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)). The district court held that abstention was also required under *O'Shea v. Littleton*, 414 U.S. 488 (1974), which compels federal courts to refrain from interfering with the internal operations of state courts. (*Id.* at 22-23.) Finally, the district court denied leave to amend as futile.[6] (*Id.* at 25.)

According to Fishman, the Family Court proceedings before Judge Schauer "have ended and are not currently pending." (Br. for Pltf.-Appellant (Br.) at 31.)

---

[6] Fishman does not challenge that denial on appeal, other than to make the conclusory statement that he "should be provided leave to file an amended complaint." (Br. for Pltf.-Appellant at 39).

# STANDARD OF REVIEW

This Court reviews de novo "the essentially legal determination of whether the requirements for abstention have been met." *Disability Rights New York v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (quotation marks omitted). The Court also reviews de novo a district court's dismissal of a complaint for failure to state a claim. *Lucas v. United States*, 775 F.3d 544, 547 (2d Cir. 2015). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).

Although Fishman is represented by counsel on appeal, in the district court he proceeded pro se. Courts must construe pro se pleadings liberally, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017), but they should not read into *pro se* pleadings claims that are inconsistent with the plaintiff's allegations, *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam).

## SUMMARY OF ARGUMENT

The district court correctly dismissed Fishman's claims on multiple, overlapping grounds.

First, Fishman's claims for damages and declaratory relief against D'Ambrosio are barred by judicial immunity. D'Ambrosio's alleged failures to provide accommodations for Fishman's purported disabilities were judicial in nature and not, as Fishman contends, administrative acts for which no immunity applies. This Court has previously held that judicial immunity barred a claim for failure to accommodate a plaintiff's alleged disability in a particular proceeding; and here, D'Ambrosio's alleged actions took place as part of Fishman's particular Family Court proceeding, rather than as part of overall management of the state court system. Moreover, D'Ambrosio acted at all times under the authority of Judge Schauer, whose decisions indisputably are entitled to judicial immunity. And D'Ambrosio's judicial immunity extends beyond damages to also bar Fishman's claim for declaratory relief, because his claims are retrospective in nature.

Second, the Eleventh Amendment bars Fishman's claims for money damages against D'Ambrosio under Title II of the ADA. Under well-

established law, a state's sovereign immunity under Title II is abrogated only where the plaintiff alleges facts showing that the purported Title II violation was motivated by discriminatory animus or ill will based on the plaintiff's disability. The district court correctly found that Fishman made no such allegations here. Moreover, although the Eleventh Amendment does not bar Fishman's claim for injunctive relief against D'Ambrosio, that claim independently fails: (a) Fishman lacks standing to seek prospective injunctive relief in light of the undisputed fact that D'Ambrosio is no longer involved in any Family Court proceeding concerning Fishman; and (b) as Fishman admits, D'Ambrosio would lack the authority to grant his requested accommodations in any event.

Finally, the district court correctly held that *Younger* abstention applied here. Fishman sought relief that would affect an ongoing state court proceeding, and the state proceeding accorded Fishman an adequate opportunity for judicial review of his federal claims. Indeed, the state appellate court's decision rejecting Fishman's claim that he was disabled, and holding that he had received all reasonable accommodations, is entitled to collateral estoppel effect here.

# ARGUMENT

## POINT I

### ABSOLUTE JUDICIAL IMMUNITY BARS FISHMAN'S CLAIMS FOR DAMAGES AND DECLARATORY RELIEF AGAINST D'AMBROSIO

Judges receive absolute immunity from civil damages for their judicial acts. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Such immunity serves the important purpose of enabling judges "to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (quotation marks omitted). Judicial immunity applies so long as "the relevant action is judicial in nature" and "was not taken in the complete absence of jurisdiction." *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005). Such immunity cannot be overcome "by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 11, 13 (1991).

Judicial immunity applies not only to judges, but also to those "who perform functions closely associated with the judicial process." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (quotation marks omitted). Under that principle, a court attorney like D'Ambrosio receives absolute judicial immunity for actions that she takes on behalf of Judge Schauer. As the

district court noted, court attorneys "function in New York state courts much like law clerks in federal courts[.]" (Op. & Order at 12.) This Court has held that judicial immunity applied to a judge's court attorney, *see Jackson v. Pfau*, 523 F. App'x 736, 737 (2d Cir. 2013); *Bliven*, 579 F.3d at 214; law secretary, *see Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir. 2009); and law clerk, *see Oliva*, 839 F.2d at 39.

To be sure, it is "the nature of the function performed, not the identity of the actor who performed it," that determines whether one is entitled to immunity. *Forrester v. White*, 484 U.S. 219, 229 (1988). And "[a]dministrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts" for purposes of judicial immunity. *Id.* at 228. But, for at least three reasons, Fishman errs by contending (Br. at 13-16) that D'Ambrosio's alleged conduct here involved an administrative function rather than a judicial function.

First, acts that "aris[e] out of, or [are] related to, individual cases before the judge are considered judicial in nature" for purposes of judicial immunity. *Bliven*, 579 F.3d at 210. Thus, this Court has recognized that "some functions may be viewed as judicial acts when performed in the

context of a particular case but as administrative when performed for the purpose of overall management in anticipation of future cases." *Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 124 (2d Cir. 2020). Here, D'Ambrosio's alleged denials of Fishman's requests for various accommodations all were limited to his individual cases before Judge Schauer. Fishman does not allege that D'Ambrosio's actions were undertaken as part of general administration of the Family Court. D'Ambrosio was thus engaging in a judicial, not administrative, function.

Second, this and other federal appellate courts have held that judicial immunity applies to alleged denials of accommodations for litigants' disabilities. For example, this Court has held that judicial immunity barred a claim for a purported failure to provide accommodations for a plaintiff's alleged disability, resulting in the plaintiff's "difficulty comprehending and participating in court proceedings," *Richter v. Connecticut Judicial Branch*, 600 F. App'x 804, 805 (2d Cir. 2015)— allegations similar to those that Fishman makes here (*see* Compl. ¶¶ 48, 64-65, 75). Likewise, this Court has held that a court clerk had judicial immunity for allegedly "failing to properly manage the court calendar," *Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997), an allegation that

parallels Fishman's complaint that D'Ambrosio refused to schedule morning-only hearings (*see* Compl. ¶¶ 81-82, 84). Other federal appellate courts have similarly held that judicial personnel were absolutely immune for their alleged wrongdoing concerning the transcription of court hearings, as Fishman alleged here against D'Ambrosio (*see* Compl. ¶¶ 43, 49, 57, 64, 71). *See Bowling v. Roach*, 816 F. App'x 901, 905-06 (5th Cir. 2020) (judge "allegedly instructed his court reporter to delay the release of transcripts"); *Mina v. United States Dist. Ct. for E. Dist. of Pa.*, 710 F. App'x 515, 517 (3d Cir. 2017) (court clerks purportedly refused to provide transcripts).

Third, D'Ambrosio is entitled to judicial immunity under Fishman's allegations that D'Ambrosio acted in conjunction with Judge Schauer to deny Fishman's requested accommodations. Fishman's allegations repeatedly describe these denials as being effected by both Judge Schauer and D'Ambrosio (*see* Compl. ¶¶ 49, 57, 71, 81, 84, 87, 90), and he admits that "the judge is the sole person in the court responsible for administering required [ADA] accommodations" (*id.* ¶ 158). Fishman's admission is consistent with this Court's case law, which holds that "[l]aw clerks are simply extensions of the judges at whose pleasure they serve," so that "for

purposes of absolute judicial immunity, judges and their law clerks are one." *Oliva*, 839 F.2d at 40; *see also Sheppard v. Beerman*, 317 F.3d 351, 355 (2d Cir. 2003) (discussing the close working relationship between law clerks and judges).

Fishman's arguments against judicial immunity are meritless. Fishman errs by relying on *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) (cited in Br. at 14-15). That case actually supports immunity here. In *Duvall*, the Ninth Circuit held that a state judge was entitled to judicial immunity for declining to provide the hearing-impaired plaintiff with real-time transcription of court hearings (as Fishman allegedly sought here, *see* Compl. ¶ 36). *See* 260 F.3d at 1130. Although the Ninth Circuit then held that there was an issue of fact whether the court's ADA Coordinator had judicial immunity for declining the same accommodation, a factual dispute existed in *Duvall* only because, unlike here, the ADA Coordinator had the independent authority to "make that decision [her]self" whether to provide particular ADA accommodations. *Id.* at 1134. By contrast, D'Ambrosio lacks similar authority to independently decide the manner of proceedings in her judge's courtroom. See *supra* at 14-15.

Fishman also misses the mark by contending that D'Ambrosio acted in an administrative capacity in denying his requested accommodations since the New York State Unified Court System (UCS) purportedly "defines [his requested] accommodations as administrative." Br. at 15. The basis for Fishman's argument is the statement from UCS's website that, while UCS has the power to provide the CART transcription system to litigants, "[c]ourt administrators cannot grant, as an ADA accommodation, requests that would implicate the rights of parties to the proceeding or the Judge's inherent power to manage the courtroom and proceeding." *Id.* at 15-16 (quoting UCS, "How Court Users Can Obtain Accommodations," https://tinyurl.com/y469udzk.) That statement was not meant to characterize the administrative or judicial nature of court attorneys' decisions on behalf of the judges for whom they work. If anything, the statement only confirms that actions taken under the authority of a judge in his courtroom are properly seen as judicial rather than administrative functions.

Judicial immunity bars not only Fishman's damages claims against D'Ambrosio, but also his claims for declaratory relief against her. Because D'Ambrosio is concededly no longer involved in his Family Court

proceeding, Fishman's declaratory claims are purely retrospective in nature. *See Treistman v. McGinty*, 804 F. App'x 98, 99 (2d Cir. 2020) (judicial immunity bars claims for retrospective declaratory relief); *Justice Network, Inc. v. Craig County*, 931 F.3d 753, 764 (8th Cir. 2019) (same); *Andrews v. Hens-Greco*, 641 F. App'x 176, 180-81 (3d Cir. 2016) (same).

## POINT II

### THE ELEVENTH AMENDMENT ALSO BARS FISHMAN'S ADA CLAIMS FOR DAMAGES AGAINST D'AMBROSIO, AND FISHMAN'S CLAIM FOR INJUNCTIVE RELIEF FAILS FOR INDEPENDENT REASONS

The Eleventh Amendment also bars Fishman's claims under the ADA for money damages against D'Ambrosio. Absent a waiver or valid abrogation of a State's sovereign immunity under the Eleventh Amendment, "federal courts may not entertain a private person's suit against a State." *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011). Suits against state officers acting in their official capacities, as this lawsuit is, are functionally equivalent to suits against the State for purposes of the Eleventh Amendment. *Dean v. University at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015).

Fishman does not contend that the State waived its sovereign immunity to claims under Title II of the ADA. And in *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, this Court held that Congress abrogated States' immunity to such claims only where the plaintiff shows "that the Title II violation was motivated by discriminatory animus or ill will based on the plaintiff's disability." *Id.* at 111.[7]

The district court correctly found that Fishman's allegations do not satisfy this requirement. Fishman alleges no facts establishing animus or ill will based on his disabilities. For example, he does not allege that D'Ambrosio ever commented on his condition, disparaged him, or expressed any disrespect to persons with disabilities. Indeed on appeal, Fishman does not assert that D'Ambrosio made any discriminatory remarks to him

_____

[7] Although this Court has expressed some "uncertainty as to the validity of *Garcia*," *Dean*, 804 F.3d at 194-95, in light of the U.S. Supreme Court's subsequent decision in *United States v. Georgia*, 546 U.S. 151 (2006), *Garcia* remains the law of this circuit and has not been overruled by the Court sitting en banc. In any event, Fishman's damages claims are independently barred by judicial immunity (see *supra* at 11-17), and *Younger* abstention would apply here as well (see *infra* at 23-27). *See Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.")

at all. Instead, he simply cites certain statements, taken out of context, where *Judge Schauer* expressed doubt about whether Fishman is in fact disabled (*see* Br. at 3-4, 17-18)—doubts that a state appellate court later found were warranted on the record (see *supra* n. 3). In any event, Fishman's meritless assertion that Judge Schauer's alleged remarks "should also be attributed to Ms. D'Ambrosio" because she is the judge's court attorney (Br. at 18) fails to meet his burden to plead facts showing that D'Ambrosio individually harbored discriminatory intent.[8] *See Raspardo v. Carlone*, 770 F.3d 97, 125 (2d Cir. 2014).

Nor has Fishman supported any inference of discriminatory intent because he does not allege that D'Ambrosio treated him differently from any similarly situated person based on his alleged disabilities. Instead, Fishman uses conclusory terms in an attempt to characterize D'Ambrosio's purported state of mind. Thus, he asserts, without factual support, that

_____

[8] Fishman misses the mark by arguing (Br. at 21-22) that because discriminatory animus need not be shown in order to state a Rehabilitation Act claim, and the standards adopted by the Rehabilitation Act and the ADA are nearly identical, he need not show discriminatory animus in order to proceed on his ADA claim. Whether discriminatory animus is required to state an ADA claim is distinct from the question of whether such animus must be shown to abrogate a State's Eleventh Amendment immunity.

Judge Schauer and D'Ambrosio "deliberately interfered" with his efforts to obtain accommodations from the State Office of Court Administration (Compl., ¶ 79); that they scheduled afternoon court hearings despite his sleep apnea because they "wanted [him] to be overly tired" when he testified there (*id.*, ¶ 82); and that they "purposely and intentionally" caused him to purchase expensive court transcripts by Judge Schauer's denying his requests for note-takers or recordings (*id.*, ¶¶ 87 & 90). "[M]ere conclusory statements" cannot plead a plausible claim. *Iqbal*, 556 U.S. at 678; *see also Morales v. City of New York*, 752 F.3d 234, 238 (2d Cir. 2014) (conclusory allegations of discriminatory animus are insufficient to state a claim).

Fishman also errs by relying on *Tennessee v. Lane*, 541 U.S. 509 (2004). In *Lane*, the U.S. Supreme Court held that Title II of the ADA validly abrogated state sovereign immunity for state actions that deprived litigants with disabilities of physical access to courts. *See id.* at 531-34. As the district court here correctly noted here, however, "*Lane* suggests that immunity is abrogated only with respect to claims that raise a genuine issue of the right of access to the courts," such as the *Lane* plaintiffs' inability to enter courtrooms with their wheelchairs. *See id.* at

513-14. Here, by contrast, while Fishman "conclusorily alleges that Defendants 'made it extra hard and more difficult . . . for him to have meaningful access to the state courts,' no specific factual allegation suggests anything remotely rising to the level of a constitutional deprivation." (Op. & Order at 17 n.5 (alteration marks omitted) (citation omitted) (quoting Compl., ¶ 84).)

Fishman also errs by asserting that since the State receives federal funding, and such receipt purportedly abrogates the State's immunity under the Rehabilitation Act, "[a]s long as a plaintiff shows a lack of immunity under one of the statutes, claims under both [the ADA and the Rehabilitation Act] will survive." Br. at 24. While the receipt of federal funding may abrogate sovereign immunity under the Rehabilitation Act in certain circumstances, *see Garcia*, 280 F.3d at 114-15, it does not do so under Title II of the ADA because the ADA was not "enacted pursuant to Congress's authority under the Spending Clause." *Id.* at 113.

Finally, while the requirement to show discriminatory animus or will does not generally apply to Title II claims against state officials for injunctive relief because of *Ex parte Young*, 209 U.S. 123 (1908), *see Garcia*, 280 F.3d at 115, *Ex parte Young* does not apply here because, as

Fishman admits (Compl., ¶ 158), D'Ambrosio lacks the authority to grant his requested disability accommodations. *See Norwood v. Ruhle*, 542 F. App'x 83, 84 (2d Cir. 2013) (*Ex parte Young* inapplicable where "there is no evidence in the record that [the defendants] had the authority" to grant the plaintiff's requested relief). And in fact, Fishman lacks standing to bring that injunctive-relief claim against D'Ambrosio because, as he also admits (Br. at 31), D'Ambrosio is no longer involved in any Family Court proceeding concerning him. It is entirely speculative that such involvement would recur. *See O'Shea*, 414 U.S. at 496 (finding no standing where "the prospect of future injury rests on the likelihood that respondents will again" be arrested, charged, and appear before the defendant judges).

## POINT III

### THE DISTRICT COURT WAS REQUIRED TO ABSTAIN FROM EXERCISING JURISDICTION UNDER *YOUNGER V. HARRIS*

The district court correctly held that it was required to abstain from exercising jurisdiction under *Younger*, 401 U.S. 37. The *Younger* doctrine is rooted in "principles of equity, comity, and federalism," *Gibson v. Berryhill*, 411 U.S. 564, 575 (1973), and recognizes that "the States have important interests in administering certain aspects of their judicial systems," *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12-13 (1987). Thus, the Supreme Court has held that *Younger* abstention applies to "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quotation marks omitted). This Court has held that "*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims," *Spargo v. New York State Com'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003), or federal statutory claims, *see MGRX, Inc. v. Vermont*, 452 F.

App'x 74, 74-75 (2d Cir. 2012); *Doe v. State of Connecticut Dep't of Health Servs.*, 75 F.3d 81, 86 (2d Cir. 1996).

Here, the requirements for *Younger* abstention are met. First, Fishman sought to have the federal courts intervene in his state child-custody proceeding, and he acknowledged that the proceeding remained ongoing at the time he filed his complaint (Compl. ¶ 159)—such as by conceding that the "Family Court proceeding continue[s]" (*id.* ¶ 217). Second, "[a] state plainly has an interest in the outcome of a child custody dispute adjudicated in its courts." *Grieve v. Tamerin*, 269 F.3d 149, 152-53 (2d Cir. 2001); *see also Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."). Third, the New York courts are fully capable of adjudicating claims under the ADA and the Rehabilitation Act. *See, e.g.*, *Nordenstam v. State Univ. of N.Y. Coll. of Envtl. Sci. & Forestry*, 184 A.D.3d 1157, 1157-58 (4th Dep't 2020); *I.M. v. City of New York*, 178 A.D.3d 126, 128 (1st Dep't 2019). Indeed, Fishman has already raised his claim of disability discrimination in the state courts, and the Appellate Division fully considered (but rejected) his arguments that he had a cognizable disability within the meaning of the

ADA and that he had been denied reasonable accommodations. *Matter of Solomon v. Fishman*, 162 A.D.3d 1052, 1053 (2d Dep't 2018).

This holding has collateral estoppel effect here. Under the collateral estoppel doctrine, "an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the parties or their privies." *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008) (quotation marks and emphasis omitted). This doctrine applies equally to judgments by state courts, to which a federal court must give "the same preclusive effect as would be given to the judgment under the law of the State in which the judgment was rendered." *Johnson v. Watkins*, 101 F.3d 792, 794 (2d Cir. 1996). In New York, collateral estoppel applies where, as here, "the identical issue" was "necessarily . . . decided in the prior action and [was] decisive of the present action," and "the party to be precluded . . . had a full and fair opportunity to contest the prior determination." *Jenkins v. N.Y.*, 478 F.3d 76, 85 (2d Cir. 2007) (quotation marks omitted).

Fishman arguments against *Younger* abstention (Br. at 30-32) are waived because he made none of these arguments below. (*See* Letter Opp'n to Mot. to Dismiss (July 24, 2019), ECF No. 79.) *See Losacco v. City*

*of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). Those arguments are in any event meritless.

First, Fishman argues (Br. at 30) that *Younger* abstention does not apply to actions that seek money damages. But the only case he cites, *Jones v. County of Westchester*, involved an action that *only* sought money damages. 678 F. App'x 48, 50 (2d Cir. 2017). Here, Fishman seeks not only money damages but also declaratory and injunctive relief. (*See* Compl., pp. 57-59; Letter Opp'n to Mot. to Dismiss at 1, 3.)

Second, Fishman asserts that *Younger* abstention would be inappropriate here because this federal action "does not arise out of a state court proceeding that 'involves the ability of state courts to perform their judicial functions.'" Br. at 31 (quoting *Jones*, 678 F. App'x at 50). But, in fact, Fishman seeks extensive federal-court intervention in the manner in which the Family Court "perform[s] [its] "judicial functions" (*id.* (quotation marks omitted)) including, inter alia, requiring defendants to provide him with "a note taker, court provided transcripts or a steno-grapher" (Compl. at 57-58); to "schedule morning only court appearances" (*id.* at 58); to provide him with orders in large print (*id.*); to require that "all [ADA] requests . . . be administered by the court [ADA] liason, not

the sitting judge as is customary practice" (*id.*); and to "[o]rder a stay of all State Family Court proceedings until Defendants comply with the [ADA] and [R]ehabilitation [A]ct" (*id.* at 59). This type of ongoing federal involvement with state judicial proceedings is precisely the type of interference that the *Younger* doctrine and its progeny are meant to prevent. As this Court has explained, "federal courts may not entertain actions, like the present one, that seek an 'ongoing federal audit of state . . . proceedings.'" *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting *O'Shea*, 414 U.S. at 500)).

Third, Fishman also misses the mark by arguing that *Younger* abstention does not apply here because the specific proceedings in which "D'Ambrosio was involved in or on behalf of Judge Schauer have ended and are not currently pending." Br. at 31. For one thing, Fishman continues to seek injunctive relief against D'Ambrosio. (*See* Br. at 19; Letter Opp'n to Mot. to Dismiss at 1, 3). More fundamentally, other Family Court proceedings involving Fishman remain ongoing before other judicial personnel.

## CONCLUSION

Based on the foregoing, this Court should affirm the March 6, 2020, judgment of dismissal.

Dated:  New York, New York
        January 15, 2021

                                    Respectfully submitted,

                                    LETITIA JAMES
                                      *Attorney General*
                                      *State of New York*
                                    Attorney for Appellee Michele
                                      D'Ambrosio


                                    By:  */s/ David Lawrence III*
                                         DAVID LAWRENCE III
                                         Assistant Solicitor General

BARBARA D. UNDERWOOD
  *Solicitor General*                    28 Liberty Street
STEVEN C. WU                             New York, NY 10005
  *Deputy Solicitor General*             (212) 416-8023
DAVID LAWRENCE III
  *Assistant Solicitor General*
        *of Counsel*

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a) of the Federal Rules of Appellate Procedure, William P. Ford, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this brief, the brief contains 5,283 words and complies with the typeface requirements and length limits of Rule 32(a)(5)-(7) and Local Rule 32.1.

_/s/ William P. Ford_____