# 20-1300-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT



MARC FISHMAN,

*Plaintiff-Appellant,*

*v.*

OFFICE OF COURT ADMINISTRATION NEW YORK STATE COURTS, MICHELLE D'AMBROSIO, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, NEW YORK STATE UNIFIED COURT SYSTEM, NANCY J. BARRY, DISTRICT EXECUTIVE OF 9TH DISTRICT NY COURTS, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, DAN WEISZ, PROFESSIONAL DIRECTOR, IN HIS ADMINISTRATIVE AND OFFICIAL CAPACITY,

*Defendants-Appellees,*

*and*

JUDGE GORDON OLIVER, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, MAGISTRATE CAROL JORDAN, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, KATHY DAVIDSON, CHIEF ADMINISTRATIVE JUDGE OF THE 9TH CIRCUIT AND FORMER CHIEF JUDGE OF THE WESTCHESTER FAMILY COURT IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, JUDGE MICHELLE I. SCHAUER, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, JUDGE HAL B. GREENWALD, IN HIS ADMINISTRATIVE AND OFFICIAL CAPACITY, JUDGE ALAN D. SCHEINKMAN, IN HIS ADMINISTRATIVE AND OFFICIAL CAPACITY AS CHIEF ADMINISTRATIVE JUDGE OF THE 9TH CIRCUIT COURTS,

*Defendants.*

_____

*On Appeal from the United States District Court*
*for the Southern District of New York*

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

Caner Demirayak
LAW OFFICE OF CANER DEMIRAYAK, ESQ.
*Attorneys for Plaintiff-Appellant*
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
718-344-6048

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ........................................................................ i

**TABLE OF AUTHORITIES** ............................................................... ii

**PRELIMINARY STATEMENT** ...........................................................1

**ARGUMENT** ......................................................................................3

**I.** **Court Attorney D'Ambrosio Performed an Administrative Act When Denying the Requests for "Administrative Accommodations," as Defined by the Appellees' ADA Accommodation Policies** .......................................3

**II.** **Sovereign Immunity for Claims Involving Access to Judicial Services Was Completely Abrogated by the Enactment of Title II of the ADA as Held by the Supreme Court in *Lane* Thereby Obviating the Need to Show any Discriminatory Animus to Overcome Immunity** .......................................7

**III.** **The Appellees' Concession of Acceptance of Federal Funding Renders Their Claims of Sovereign Immunity Academic** .......................................10

**IV.** ***Younger* and Related Abstention Doctrines are not Applicable** ..............13

**CONCLUSION** ................................................................................16

**CERTIFICATE OF COMPLIANCE** ...............................................17

**CERTIFICATE OF SERVICE** ........................................................18

# TABLE OF AUTHORITIES

**Cases**

*Bliven v. Hunt*, 579 F.3d 204 (2d Cir. 2009) ............................................................5

*Bowling v. Roach*, 816 F. App'x. 901 (5th Cir. 2020)..............................................6

*Davis v. Shah*, 821 F.3d 231 (2d Cir. 2016) ............................................................11

*Dean v. University at Buffalo School of Medicine and Biomedical Sciences*, 804 F.3d 178 (2d Cir. 2015) ........................................................................................................1

*Disability Rights N.Y. v. New York*, 916 F.3d 129 (2d Cir. 2019)............................14

*Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) .......................................4

*Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn*, 280 F.3d 98 (2d Cir. 2001) ..........8

*Grove City College v. Bell*, 465 U.S. 555 (1984) .....................................................12

*Henrietta D. v. Bloomberg*, 331 F.3d 261 (2d Cir. 2003).........................................11

*Jackler v. Byrne*, 658 F.3d 225 (2d Cir. 2011) ........................................................13

*Jones v. Cnty. of Westchester*, 678 Fed. Appx. 48 (2d Cir. 2017).................... 13, 14

*Kletschka v. Driver*, 411 F.2d 436 (2d Cir. 1969) ...................................................13

*Levy v. Kan. Dep't. of Soc. & Rehab. Servs.,* 789 F.3d 1164 (10th Cir.2015) ........10

*Loeffler v Staten Island Univ. Hosp.*, 582 F.3d 268 (2d Cir. 2009)...........................9

*Loria v. Gorman*, 306 F.3d 1271 (2d Cir. 2002) ......................................................13

*Matter of Solomon v. Fishman*, 162 A.D.3d 1052 (2d Dep't. 2018).........................8

*Mina v. United States Dist. Court*, 710 Fed App'x. 515 (3rd Cir. 2017) .................6

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ...............................................................14

*Otero v. Bridgeport Hous. Auth.*, 297 F.3d 142 (2d Cir. 2002)................................13

*Richter v. Conn. Judicial Branch*, 600 F. App'x. 804 (2d Cir. 2015) ......................5

*Rodriguez v. Weprin*, 116 F.3d 62 (2d Cir. 1997) .....................................................5

*Tennessee v. Lane*, 541 U.S. 509 (U.S. 2004) .......................................................1, 7

*United States v. Georgia*, 546 U.S. 151 (U.S. 2006).................................................8

*Younger v. Harris*, 401 U.S. 37 (1971)..............................................................2, 13

**Statutes**

29 U.S.C. 794(a), *et seq*. ................................................................................. passim

42 U.S.C. 12111 ........................................................................................................10

42 U.S.C. 12131 .............................................................................................. 1, 10, 11

**Other Authorities**

Brief of Plaintiff-Appellee, *T.W. v. N.Y.S. Bd. of Law Examiners*, 19-4136 (2nd Cir. May 29, 2020)...................................................................................................12

*How Court Users Can Obtain accommodations*, New York State Unified Court System, *http://ww2.nycourts.gov/Accessibility/CourtUsers_Guidelines.shtml#how* (last visited Oct. 11, 2020)......................................................................................3

United States Amicus Brief, *King v. Marion County Circuit Court*, No. 16-3726 (7th Cir. Feb. 17, 2017)............................................................................ 1, 7, 8, 9

**Constitutional Provisions**

U.S. Const. amend XI ................................................................................................11

U.S. Const. amend. XIV, § 5 ............................................................ 10, 11

U.S. Const., Art. I, §. 8, cl. 1......................................................... 10, 11

## PRELIMINARY STATEMENT

Michelle D'Ambrosio ("D'Ambrosio") has failed to dispute that she was engaged in administrative conduct when she denied the disabled Appellant a note taker to accommodate his disability. The Appellees' briefs further support Appellant's position that D'Ambrosio was engaged in administrative conduct when she personally denied Appellant's simple disability accommodation request for a note taker or scribe as they admit that the provision of a scribe or note taker is designated as an administrative accommodation as per the Office of Court Administration's ("OCA") own self-imposed rules and procedures. As such, judicial immunity is not available to D'Ambrosio and she does not make any meritorious arguments to the contrary.

The Appellees also improperly argue that sovereign immunity under Title II of the Americans with Disabilities Act, 42 U.S.C. 12131, *et seq.*, ("ADA") and section 504 of the Rehabilitation Act, 29 U.S.C. 794(a), *et seq.*, ("RA") are applicable here in the face of *Tennessee v. Lane*, 541 U.S. 509 (U.S. 2004). The Appellees do not even dispute the Department of Justice's position in their amicus brief in *King v. Marion County Circuit Court* that *Lane* applies to a broad range of discrimination involving judicial services for which there is no sovereign immunity. *See* United States Amicus Brief, *King v. Marion County Circuit Court*, No. 16-3726 (7th Cir. Feb. 17, 2017). Moreover, while the Appellees attempt to argue that proof

discriminatory animus is required, they fail to support such position as binding precedent makes clear such standard is not applicable here. Yet, D'Ambrosio permitted the non-disabled ex-wife of Appellant to have a note taker during court proceedings but refused to permit the disabled Appellant to have a note taker to accommodate him displaying proof of disparate treatment of the disabled Appellant.

The Appellees also concede they receive federal funding and do not explain how the district court could have dismissed the claims below under the RA despite such concession. The district court did not even address the claims of federal funding, rendering its decision fatally flawed. Furthermore, the Appellees admit that State Court proceedings have ended and as such, since all elements of *Younger v. Harris*, 401 U.S. 37 (1971) are not met, the district court should not have abstained from jurisdiction.

Finally, while the Appellees continue to defend against this action and claim that Appellant is not disabled, after the filing of Appellant's brief, they granted Appellant the requested accommodation of Computer Aided Real-Time Transcription ("CART"). And, the Appellees have provided and will provide appellant CART during conferences on October 16, 2020, January 22 and 27, 2021. Appellee's conduct renders their position against this case nonsensical.

**ARGUMENT**

**I.** **Court Attorney D'Ambrosio Performed an Administrative Act When Denying the Requests for "Administrative Accommodations," as Defined by the Appellees' ADA Accommodation Policies**

The Appellees admit that D'Ambrosio was engaged in an administrative and non-judicial function when she denied plaintiff's requested accommodation by reference to OCA's own stated ADA policies: "In contrast, accommodations that do not affect the rights of parties to the proceeding or the judge's inherent authority over the courtroom and proceedings may be arranged by non-judicial court personnel. Such "administrative accommodations" include for example, providing assistive listening devices or scribes…" *See How Court Users Can Obtain accommodations*, New York State Unified Court System, *http://ww2.nycourts.gov/Accessibility/CourtUsers_Guidelines.shtml#how* (last visited Oct. 11, 2020).

The Appellees fail miserably when they attempt to argue that since D'Ambrosio had no independent authority to deny such accommodation and denied same at the behest of Judge Schauer that she is entitled to judicial immunity. But, this argument fails to reconcile with OCA's own definition of the accommodation as "administrative" in which D'Ambrosio could deny such accommodations without the Judge's approval. In fact, D'Ambrosio's refusal to permit the ADA Liaison or OCA to render a determination on such accommodation was improper as per OCA's

own procedures. This may explain why Judge Schauer did not deny such accommodation whereas her court attorney in an administrative role did.

Although Appellees attempt to argue against the import of *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001), the facts of that case are nearly identical when considering the procedures setup by OCA. In *Duvall* the defendant ADA coordinator, like D'Ambrosio alleged she could only grant or deny disability accommodations after consulting with the judge. *See Duvall*, 260 F.3d at 1124. The Court in *Duvall* held that since the statutes require provision of particular accommodations to a disabled person, the ADA coordinator had the authority to make such accommodations as an administrative matter. *See id*. The Court in *Duvall* then denied the motion to dismiss/for summary judgment by stating issues of fact exist as to whether the ADA coordinator was engaged in an administrative or judicial function when denying the accommodations. *See id*.

Similarly here, OCA's own policies classify the provision of a note taker, listening devices, large print court orders, and CART[1] as administrative. Merely because the denial of such administrative accommodation was made by a court attorney who works for a judge, does not cloak D'Ambrosio with judicial immunity.

---

[1] In fact, since the filing of Appellant's brief non-judicial administrative employees of OCA have sent letters to Appellant advising him he would be provided with CART as an accommodation. The July 22 and September 3, 2020 letters from the district executive are annexed to this brief. This demonstrates both that CART is an administrative accommodation and that the accommodation should never have been denied to Appellant prior to this appeal.

And, this Circuit has made that point abundantly clear: "[A] judge's administrative decisions, even though they may be essential to the very functioning of the courts, have not…been regarded as judicial acts." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

Under the functional approach, D'Ambrosio cannot say on this early motion to dismiss that she engaged in a function normally performed by a judge or that she was making an actual judicial decision in relation to a particular case. *See Bliven*, 579 F.3d at 209. The case of *Richter v. Conn. Judicial Branch*, 600 F. App'x. 804, 805 (2d Cir. 2015), does not dictate a different result as the accommodations there did involve the inherent power of the judge to control the court room to accommodate claimed disabilities of anxiety and stress, i.e., extra time in court, less cross-examination, etc. Whereas here the need for a note taker, aide, listening device or CART has nothing to do with the Judge or the judicial capacity. Just like how the changing of light bulbs, provision of computer screens, selection of a court stenographer or placement of chairs in a courtroom has no connection to a judicial function.

*Rodriguez v. Weprin*, 116 F.3d 62 (2d Cir. 1997), is also distinguishable as the plaintiffs there claimed that the clerks were involved in administrative function. However, it was held that the control of the court's docket is part of a Judge's inherent power. *Id*. That case did not involve a request for administrative

accommodations. *Bowling v. Roach*, 816 F. App'x. 901 (5th Cir. 2020), is not on point as the Fifth Circuit there held that the judge's communications with a court reporter constituted a judicial action when he allegedly instructed the reporter to delay release of transcripts to prevent an appeal. That case did not involve a request for an administrative accommodation or actions taken by a court attorney. Likewise, *Mina v. United States Dist. Court*, 710 Fed App'x. 515 (3rd Cir. 2017), is not relevant as that case involved plaintiff's claim that the federal court refused to provide sealed summonses and transcripts from prior lawsuits. The Court held that there was judicial immunity from any such claims. *Id.* Again, that case did not involve a request for administrative accommodations, which cannot be deemed judicial or subject to a judicial function.

As such, on this record and in the motion to dismiss stage, it was error for the lower court to hold that D'Ambrosio[2] was entitled to dismissal on the basis of judicial immunity. Especially when the Appellees boldly admit the requested accommodations are defined as "administrative" as per their own posted policies.

---

[2] While the Appellees attempt to argue that Appellant lacks standing to pursue claims against D'Ambrosio as she is no longer involved in the Family Court proceedings and because she has no authority to grant the requested accommodations, those arguments were not raised below and are not preserved for appeal.

**II.     Sovereign Immunity for Claims Involving Access to Judicial Services Was Completely Abrogated by the Enactment of Title II of the ADA as Held by the Supreme Court in *Lane* Thereby Obviating the Need to Show any Discriminatory Animus to Overcome Immunity**

The Appellees fail to contest or even address the United States Department of Justice's ("DOJ") position as enunciated in their amicus brief in *King v. Marion County Circuit Court* that "The holding in Lane is not limited to cases involving physical access to the courts. Indeed the Court noted that in enacting the ADA, Congress considered the failure of state and local governments to provide interpretive services for the hearing impaired." United States Amicus Brief, *King v. Marion County Circuit Court*, No. 16-3726 (7th Cir. Feb 17, 2017) (internal citations omitted). As the DOJ is the agency charged with promulgating regulations implementing Title II and interpreting the statute, its position as to the statute is entitled to strong deference by this Court.

This position makes sense as the Supreme Court broadly held that "Title II, as it applies to the class of cases implicating the fundamental right of access to the court, constitutes a valid exercise of Congress' section 5 authority to enforce the guarantees of the Fourteenth Amendment." *Tennessee v. Lane*, 541 U.S. 509, 533—34 (U.S. 2004). The Court in *Lane* did not limit its holding to "physical" or "genuine" access to the court. It held broadly that anything involving the *fundamental* right of access to the courts by those with physical impairments, visual

impairments, hearing impairments, cognitive impairments or other impairments would not be subject to sovereign immunity. *See id.*

As such, since plaintiff makes claims that the failure to accommodate his hearing and cognitive disabilities[3] caused him an inability to hear, follow, understand, remember or pay attention during court proceedings, his fundamental right of access to the court was impaired thereby waiving any sovereign immunity.

The Appellees also do not address the DOJ's position that "The deliberate indifference standard best serves the ADA's purpose of deterring and curtailing a wide array of disability discrimination, not merely that motivated by prejudice." *See* United States Amicus Brief, *King v. Marion County Circuit Court*, No. 16-3726. The Appellees instead attempt to argue that discriminatory animus must be shown to abrogate[4] immunity under Title II of the ADA for damages as per *Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn*, 280 F.3d 98 (2d Cir. 2001).

---

[3] The Appellees' argument that they are entitled to the benefits of collateral estoppel for the Second Department's holding in *Matter of Solomon v. Fishman*, 162 A.D.3d 1052, 1053 (2d Dep't. 2018), is meritless. First, the Appellees did not raise such defense in their answers. Next, the Appellees did not raise this argument below in the district court and it is not preserved for appeal. As the issues involved in that matter are different and not identical nor decisive to the case at bar, collateral estoppel is not available. And in any event, the Appellant in that action did not have a full opportunity to argue his disability as the Court refused to accept medical documentation. Finally, the district court below did not make any findings or holdings as to whether Appellant was disabled. Most likely because on a motion to dismiss the allegations as to Appellant's disability must be accepted as true.

[4] The Appellant has nevertheless presented plausible facts in his *pro se* complaint that he can satisfy the requirements of *United States v. Georgia*, 546 U.S. 151 (U.S. 2006) as to an abrogation of immunity under Title II. Since this case involves access to judicial services, "abrogation of

In making such arguments the Appellees disregard the holding of *Lane*, the DOJ's position, and this Circuit's own precedent in *Loeffler v Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009), in which it was held that the appropriate standard was of deliberate indifference. This holding makes sense because as the DOJ has stated, "At the time of the ADA's enactment, discrimination against the handicapped was perceived by Congress to be most often the product, not of invidious animus, but rather of thoughtlessness and indifference—of benign neglect." *See* United States Amicus Brief, *King v. Marion County Circuit Court*, No. 16-3726.

Here, there are ample plausible facts presented in the pleading stage that Appellant has alleged the Appellees engaged in deliberate indifference by refusing to accept his disability and thereafter failing to accommodate it. Since the district court used the wrong standard in dismissing this case, reversal is required.

In any event, there was no need for the district court to rule on whether Title II was a valid abrogation of immunity since the Appellees knowingly waived their immunity under the RA by accepting federal funding. *See Dean v. University at Buffalo School of Medicine and Biomedical Sciences*, 804 F.3d 178, 187 (2d Cir.

---

immunity as to this particular class of conduct is valid" even if an equal protection violation was not present.

2015) ("As the standards for actions under these provisions of the ADA and Rehabilitation Act are generally equivalent, we analyze such claims together.").

### III. The Appellees' Concession of Acceptance of Federal Funding Renders Their Claims of Sovereign Immunity Academic

The Appellees all admit in their briefs that the acceptance of federal funding results in a waiver of any sovereign immunity from claims under the RA. D'Ambrosio only discusses this point in one paragraph of its brief and makes no dispute that federal funding was received or that it would waive immunity. The Appellees instead dubiously argue that acceptance of federal funding does not waive immunity under Title II of the ADA[5]. However, the Appellant is not claiming federal funding waives any immunity under Title II of the ADA, which was not enacted as per the Spending Clause. U.S. Const., Art. I, §. 8, cl. 1.

Instead, the Appellant argues that because there can be no immunity under the RA, that the court cannot dismiss the Title II claims since the claims are viewed in tandem. So long as a plaintiff can demonstrate a waiver of immunity under the Spending Clause or Section 5 of the Fourteenth Amendment, U.S. Const. amend. XIV, § 5, all of plaintiff's disability discrimination claims must proceed since it

---

[5] Strangely the Appellees refer to the case of *Levy v. Kan. Dep't. of Soc. & Rehab. Servs.*, 789 F.3d 1164 (10th Cir.2015), involving Title I of the ADA when trying to make this point. However, the standards under Title I, 42 U.S.C. 12111, *et seq.*, for employment and Title II for public entities are drastically different. Title I and the RA are also not viewed identically whereas Title II and the RA are viewed in tandem.

would be academic to dismiss ADA claims but retain RA claims and vice versa. The Appellees' argument on this aspect further bolsters the Appellant's position that the district court, in dismissing all claims and not even discussing the receipt of federal funding, committed reversible error. If anything the Appellees seem to argue that the Court should have retained jurisdiction over the RA claims, even if the Title II claims were dismissed. But, this is not the established law.

This Circuit has held that "The requirements under the ADA are nearly identical [to the Rehabilitation Act and as such] any distinctions are not relevant to" determining whether a plaintiff has been discriminated against. *Henrietta D. v. Bloomberg*, 331 F.3d 261 (2d Cir. 2003). In *Davis v. Shah*, 821 F.3d 231, 258 (2d Cir. 2016), this Court also stated that "Because the standards imposed by Title II on public entities are generally equivalent to those of section 504, we treat claims under the two statutes identically in most cases."

Simply put, the district court was wrong to flat out ignore the Appellant's claims made under the RA and dismiss based on a lack of waiver of sovereign immunity under Title II. The only permissible way for the district court to have dismissed all of plaintiff's claims as per the Eleventh Amendment, U.S. Const. amend XI, here would be if there was no dispute that immunity was not abrogated under both Title II of the ADA (Section 5 of the Fourteenth Amendment) and RA (Spending Clause). The district court and public entities cannot avoid liability just

by claiming immunity under one of the statutes. If the district court's decision was permitted to stand then defendants who discriminate and accept federal funding will not be held accountable for their wrongful conduct when they argue there could be immunity under another similar statute.

Appellees OCA, Barry and Weitz also attempt to argue that while they may have received federal funding, it does not broadly waive their immunity under the RA. This argument is wrong, not founded in any binding precedent and this Circuit has never held that the receipt of federal funding was subject to such a narrow view. Nor could this court make such a decision.

In 1988, the Congress specifically expanded the scope of the RA by broadly defining "program or activity" in its enactment of the Civil Rights Restoration Act. The purpose of such legislation was to reject the Supreme Court's narrow view of "program or activity" as per *Grove City College v. Bell*, 465 U.S. 555 (1984). As the Appellee in *T.W. v. New York State Board of Law Examiners*, 19-4136, argues: "In the Senate Report accompanying the Civil Rights Restoration Act, Congress explained that it was rejecting the Supreme Court's 'limited interpretation' of the term 'program or activity' in favor of the broadest interpretation." Brief of Plaintiff-Appellee, *T.W. v. N.Y.S. Bd. of Law Examiners*, 19-4136 (2nd Cir. May 29, 2020) (internal citations omitted).

This Court should now hold in this case that the acceptance of federal funding by OCA/UCS or any state agency or department broadly waives RA immunity.

## IV.    *Younger* and Related Abstention Doctrines are not Applicable

The Appellees concede that proceedings involving D'Ambrosio, OCA, Weitz, and Barry have ended, rendering their arguments as to *Younger* abstention invalid. The Appellees merely attempt to argue that because some other unrelated proceedings are ongoing, that they are also entitled to abstention under *Younger*. The Appellees are wrong and do not present any case law supporting this argument[6].

"*Younger* abstention…is one of the extraordinary and narrow exceptions to…the federal court['s] virtually unflagging obligation…to exercise the jurisdiction given to them." *Jones v. Cnty. of Westchester*, 678 Fed. Appx. 48, 49 (2d Cir. 2017).

The *Jones* case is nearly identical to the facts of this case and mandates that *Younger* abstention is not available. *See id*. The OCA Appellees do not mention or address *Jones* in their brief. And, D'Ambrosio makes no argument against *Jones*'

---

[6] The Appellees also do not make any arguments as to *Rooker-Feldman*. They have thus waived and abandoned their claim that dismissal was required as per *Rooker-Feldman*. *See Jackler v. Byrne*, 658 F.3d 225, 233 (2d Cir. 2011) (holding issues are deemed abandoned on appeal where appellate brief contains no argument as to an issue); *Loria v. Gorman*, 306 F.3d 1271, 1287 (2d Cir. 2002) (deeming claims abandoned on appeal where no arguments were made in brief); *Otero v. Bridgeport Hous. Auth.*, 297 F.3d 142, 144 (2d Cir. 2002) (holding that issues were waived on appeal as the brief did not contain any argument as to such issues); *Kletschka v. Driver*, 411 F.2d 436, 447 (2d Cir. 1969) (holding that claims on appeal which are not mentioned in the brief are abandoned).

holding that where a plaintiff claims money damages, *Younger* cannot apply. *See Jones*, 678 Fed. Appx. at 49.

In *Jones*, this Circuit stated: "There appears to be little chance that a potential award of money damages would interfere with or disrupt the…proceedings that are ongoing in Westchester County Family Court." *Jones*, 678 Fed. Appx. at 49. Here, plaintiff claims past economic money damages for the Appellees improper conduct in forcing the disabled plaintiff to expend his own monies in obtaining auxiliary aids and purchasing transcripts in family court. Plaintiff does not seek any damages for ongoing proceedings, only those past proceedings that have already ended.

In light of the procedural posture of this case *Younger* cannot apply because it only "mandates abstention when the plaintiff seeks to enjoin ongoing state proceedings." *Disability Rights N.Y. v. New York*, 916 F.3d 129, 134 (2d Cir. 2019).

In addition, the Appellees arguments as to abstention under *O'Shea v. Littleton*, 414 U.S. 488 (1974) are without merit. The Appellees claim that the Appellant seeks to have the federal courts audit the family court and to somehow change how ADA accommodations are handled. However, the Appellees fail to understand that Appellant is only seeking to have Appellees follow the procedures they imposed upon themselves as it relates to disability accommodations. The Appellant also seeks to either be provided with the accommodations he needs to

fully participate in family court or be compensated for the monetary sums he was wrongfully forced to spend on his accommodations and auxiliary aids.

As discussed above, OCA has set up a policy in which "administrative accommodations" are handled by OCA and non-judicial personnel and where "judicial accommodations" are subject to the assigned judge's rulings. The facts of this case demonstrate that the Appellees permitted the incorrect decision makers to grant or deny administrative or judicial accommodations. Judge Schauer and D'Ambrosio should not have made any determinations on administrative accommodations. They should have permitted the ADA Liaison and District Executive to determine the administrative accommodations of a note taker, CART, large print court orders, and a scribe. Thus, Appellant does not seek to have non-judicial personnel overrule the decisions of judicial personnel. Instead, he seeks to hold the Appellees to their own established rules for the handling of accommodations.

Had the Appellees followed their procedures, D'Ambrosio would not have had any involvement in the "administrative" accommodations of providing auxiliary aids, CART, note taker, and large print court orders. Instead, D'Ambrosio and Judge Shauer wrongly determined "administrative" accommodations which OCA and non-judicial personnel should have handled.

## CONCLUSION

For the reasons set forth above, the decision and order of the United States District Court for the Southern District of New York dismissing this case and abstaining from exercising jurisdiction should be reversed, plaintiff-appellant should be provided leave to file an amended complaint, and attorney's fees and costs should be awarded to plaintiff-appellant.

# CERTIFICATE OF COMPLIANCE

In accordance with Federal Rules of Appellate Procedure Rules 32(a)(7)(B) and (C), the undersigned attorney certifies that the accompanying brief is printed in 14-point typeface, Times New Roman, and, along with footnotes in 12-point typeface Times New Roman, contains no more than 7,000 words. According to the data in Microsoft Word, this brief contains **3,780** words.

/s/ Caner Demirayak
_____
Caner Demirayak, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2021, I electronically filed the foregoing Reply Brief with the Clerk of the Court using the CM/ECF NextGen System which sent notice of such filing to the attorneys for the defendants-appellees as registered CM/ECF NextGen users.

I further certify that on January 29, 2021, six paper copies of the brief were filed with the Clerk of the Court by FEDEX overnight delivery.

/s/ Caner Demirayak

Caner Demirayak, Esq.



STATE OF NEW YORK
**UNIFIED COURT SYSTEM**
**OFFICE OF THE ADMINISTRATIVE JUDGE**
**NINTH JUDICIAL DISTRICT**
RICHARD J. DARONCO WESTCHESTER COUNTY COURTHOUSE
111 DR. MARTIN LUTHER KING JR. BOULEVARD
WHITE PLAINS, NEW YORK 10601
TEL: (914) 824-5100   FAX: (914) 358-8045

**HON. LAWRENCE K. MARKS**
Chief Administrative Judge

**HON. VITO C. CARUSO**
Deptuy Chief Administraitve Judge
(Outside NYC)

**HON. KATHIE E. DAVIDSON**
District Administrative Judge
Ninth Judicial District

**JAMES M. MCALLISTER**
District Executive

## SENT VIA EMAIL

July 22, 2020

Dear Mr. Fishman:

This is in response to your recent request for the use of CART or Realtime transcription during your virtual court appearance on July 30, 2020.

As you may recall, requests for CART reporting as a reasonable accommodation for a hearing disability are handled administratively, not by the judge or judicial officer that your matter is before.

Your e-mail to Judge Zuckerman and others of July 8, 2020 states that the reason for your request is "tinnitus in my left ear associated with occipital neuralgia and post concussion syndrome." You also state that your "tinnitus has gotten worse during the pandemic and my neurostimulator leads that pass the ear sometimes interfere with hearing."

Your e-mail to Support Magistrate Jordan and others of July 9, 2020 appends that July 8 e-mail and additionally asserts that your "doctors have stated I need real time transcription to fully understand the court … particularly when I am outside the court and cannot read lips of the person speaking."

In your July 8 e-mail you state that "medical documentation necessitating the need and requesting cart has been previously sent to the ADA liaison and Dan Weitz."

Please be advised that my office is not in possession of any recent medical documentation regarding your hearing disability. The only material I am aware of is that which you submitted in support of a request for CART in June 2018. As you are aware, your CART request was denied at that time, based in part on the inadequacy of the medical information you provided with respect to your asserted hearing impairment. Although you were invited at that time to submit additional documentation that you were hearing impaired and that your ability to participate in court proceedings was thereby impacted, you did not do so. I am also aware that you subsequently asked a federal court to direct the state court to provide you with Realtime reporting, but the federal court declined to do so.

To the extent that you are relying on the medical documentation you submitted in conjunction with your June 2018 request, that material remains insufficient to support your present request. If we have overlooked more recent medical documentation of your hearing problems, please resubmit it. We will consider your accommodation request in full when we receive medical documentation demonstrating that your hearing is impaired to an extent that renders you unable to fully participate in court proceedings.

You have noted that your tinnitus has worsened in recent months. Given the current extraordinary circumstances of the pandemic and the necessity of conducting court proceedings on a remote basis, your request for CART reporting for your virtual appearance on July 30 is granted on a provisional basis. Please be clear that this decision to provide an accommodation on a one-time basis does not mean that you have adequately demonstrated the existence of a hearing disability, nor that CART would be the only accommodation capable of addressing any hearing limitations impacting your ability to participate in court proceedings, remotely or in-person. Rather, it only reflects a belief that remote court proceedings may in some instances prove more difficult for those with hearing limitations, and an awareness that current conditions may make medical documentation less immediately available. Thus, notwithstanding your failure to provide adequate medical verification of your condition and its impact, we are willing to consider and grant your request on a strictly temporary basis, pending submission of adequate medical documentation regarding any hearing limitations.

CART reporting will be granted only for the remote appearance on July 30. Any further provision of CART services on future court dates, whether remote or in-person, will be contingent on your submission to this office of adequate medical documentation regarding your asserted hearing loss, as outlined above. Such material submitted in support of your request going forward will be given due consideration, but if it is insufficient to establish your right to an accommodation or need for CART reporting, future requests will be denied.

To enable the use of CART reporting, your remote proceeding will be conducted via the Microsoft Teams application. More information on use of that application will be provided in advance of your court date.

Sincerely,

James M. McAllister
District Executive

JMC/mc



STATE OF NEW YORK
**UNIFIED COURT SYSTEM**
**OFFICE OF THE ADMINISTRATIVE JUDGE**
**NINTH JUDICIAL DISTRICT**
RICHARD J. DARONCO WESTCHESTER COUNTY COURTHOUSE
111 DR. MARTIN LUTHER KING JR. BOULEVARD
WHITE PLAINS, NEW YORK 10601
TEL: (914) 824-5100   FAX: (914) 358-8045

**HON. LAWRENCE K. MARKS**
Chief Administrative Judge

**HON. VITO C. CARUSO**
Deptuy Chief Administraitve Judge
(Outside NYC)

**HON. KATHIE E. DAVIDSON**
District Administrative Judge
Ninth Judicial District

**JAMES M. MCALLISTER**
District Executive

## SENT VIA EMAIL

September 3, 2020

Dear Mr. Fishman:

This is in response to your recent request for the use of CART or Realtime transcription during your virtual court appearance in Family Court on September 10, 2020. Your request for CART reporting as an accommodation for a hearing disability was previously responded to in my letter to you dated July 22, 2020. As that letter notes, CART requests you made in 2018 were denied, based in part on the inadequacy of the medical information you provided with respect to your asserted hearing impairment. As that July 22 letter also notes, my office is not in possession of any recent medical documentation regarding your hearing disability. To date, you have not submitted any additional documentation from a medical professional adequately attesting to the current state of your hearing ability. Accordingly, the material you have submitted remains insufficient to support your present request.

For your most recent virtual appearance in another court on July 30, it was decided that given the current extraordinary circumstances of the pandemic and the necessity of conducting court proceedings on a remote basis, as well as your assertion that your tinnitus had worsened during the pandemic, your request for CART reporting would be granted on a provisional basis. As the July 22 letter noted, the decision to provide an accommodation on a temporary basis does not mean that you have adequately demonstrated the existence of a hearing disability, nor that CART would be the only accommodation capable of addressing any hearing limitations impacting your ability to participate in court proceedings, remotely or in-person. Rather, it only reflects a belief that remote court proceedings may in some instances prove more difficult for those with hearing limitations, and an awareness that current conditions may make medical documentation less immediately available.

It is unclear whether you are able to attend medical appointments at the present time. If that is the case, you must attest in writing that the present pandemic prevents you from obtaining a current medical evaluation of your hearing loss due to tinnitus and its impact on your ability to participate in court proceedings, remotely and in person. If you can provide such attestation, your request for CART will be granted on a provisional basis for the September 10, 2020 court proceeding. Otherwise, the request for this proceeding will not be granted. Please note that, as before, if your request is granted in this instance, it does not mean that requests for CART services on future court dates will be granted absent provision of adequate medical documentation regarding your asserted hearing loss. The material so far submitted in support of your request is insufficient and has not established your right to an accommodation or a specific need for CART reporting.

Sincerely,

James M. McAllister
District Executive

JMC/mc

cc:      Omar Cumberbatch