

300 Cadman Plaza West, 12th FL  
Brooklyn, NY 11201

718-344-6048  
caner@canerlawoffice.com

Admitted in New York, Florida and Federal Court

Clerk of Court  
United States Court of Appeals for the Second Circuit  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, NY 10007

February 24, 2021

        Re:    *Fishman v. Office of Court Administration, et al.*: 20-1300-cv  
                Request for Mediation

Dear Clerk of Court:

      I am the attorney of record for appellant Marc Fishman. The appeal is now fully briefed but this matter never proceeded to mediation despite an order of referral. The appellant requests that this matter be scheduled for mediation as soon as reasonably practicable due to ongoing developments that may result in resolution of this appeal. As discussed previously in the briefs, the appellees have temporarily provided defendant with the accommodation of Computer Assisted Real Time Transcription ("CART") after this appeal was filed and after the undersigned appeared for the formerly *pro se* appellant. However, on February 24, 2021 the appellees sent a letter to appellant advising him that he failed to submit adequate medical attestation of his current hearing limitation despite a medical evaluation report confirming his status as a hard of hearing person. This was based solely on the fact the report was deemed too old and not recent enough. No such requirement exists in the regulations implementing Title II of the Americans with Disabilities Act or section 504 of the Rehabilitation Act. Yet, the appellees now ask for more recent medical documentation establishing the hearing limitations. Since, the appellees have previously temporarily provided the accommodations involved in this appeal, mediation with the CAMP office may be useful in reaching a resolution without oral argument or a decision in this matter. In addition, New York Judiciary Law 390 requires the appellees to provide appellant with the accommodations requested as a <u>matter of law</u>: "Whenever any…<u>hard of hearing person</u> is a party to a legal proceeding of any nature…the court **in all instances** shall appoint a qualified interpreter [and] upon request of a…hard of hearing person….and in lieu of appointing an interpreter…provide an assistive listening device, **a stenographer who can furnish communication access real-time translation or any appropriate auxiliary aid or service**." Section 390(b)(ii) provides: "Communication access real-time translation (CART)" means the instantaneous translation of everything that is spoken in the court room via real-time feed, which by means of software converts shorthand transcription into real-time captioning immediately which can be displayed on a computer or monitor."

                                                                         Very truly yours,



                                                                     /s/ Caner Demirayak, Esq.





STATE OF NEW YORK
**UNIFIED COURT SYSTEM**
**OFFICE OF THE ADMINISTRATIVE JUDGE**
**NINTH JUDICIAL DISTRICT**
RICHARD J. DARONCO WESTCHESTER COUNTY COURTHOUSE
111 DR. MARTIN LUTHER KING JR. BOULEVARD
WHITE PLAINS, NEW YORK 10601
TEL: (914) 824-5100 FAX: (914) 358-8045

**HON. LAWRENCE K. MARKS**
Chief Administrative Judge

**HON. VITO C. CARUSO**
Deptuy Chief Administraitve Judge
(Outside NYC)

**HON. KATHIE E. DAVIDSON**
District Administrative Judge
Ninth Judicial District

**JAMES M. MCALLISTER**
District Executive

**SENT VIA EMAIL**

February 24, 2021

Marc Fishman
3200 Netherland Avenue, Unit G
Bronx, NY 10463

**RE: ADA ACCOMMODATION**

Dear Mr. Fishman,

In response to your recent submission, sending a five-year old psychological evaluation is not sufficient medical documentation; it does not contain, as per my letter dated September 3, 2020 (attached), an adequate medical attestation of your current hearing limitations.

As you were previously informed in the same letter, we are currently providing CART on a temporary and provisional basis. This decision was based solely on your claim that your tinnitus had allegedly worsened since your last request was denied for lack of medical support, and the fact that it was difficult for people to obtain medical appointments during the pandemic.

As previously noted, you need to provide us with current medical documentation that your hearing is impaired to a degree that interferes with your ability to participate in court proceedings and that CART could address that limitation. The same September 3, 2020 letter further advised that, if you wanted to receive CART at one of your proceedings, you had to attest in writing that you were unable to schedule a hearing exam due to the pandemic.

As it appears from your communications that you have been attending some medical appointments, please include the name and contact information of the person(s) you are allegedly unable to make an appointment with regarding your hearing.

Thank you, in advance, for the anticipated information.

Sincerely,

*James M. McAllister*
James M. McAllister
District Executive
Ninth Judicial District


JMC/mc
cc: Omar Cumberbatch
John Sullivan
James Garfein