# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 20-1300

**Caption [use short title]**

**Motion for:** Reasonable accommodation for plaintiff's communications disability during oral argument

Set forth below precise, complete statement of relief sought:

The plaintiff appellant requests that CART or another auxiliary aid be provided to reasonably accommodate his hearing and cognitive disabilities during oral argument

Fishman v. Office of Court Administration

**MOVING PARTY:** Marc Fishman
**OPPOSING PARTY:** Office of Court Administration

[✓] Plaintiff  [ ] Defendant
[✓] Appellant/Petitioner  [ ] Appellee/Respondent

**MOVING ATTORNEY:** Caner Demirayak, Esq.
**OPPOSING ATTORNEY:** Lisa Evans

[name of attorney, with firm, address, phone number and e-mail]

Law Office of Caner Demirayak, Esq.
300 Cadman Plaza West, 12th Floor, Brooklyn, NY 11201
718-344-6048, caner@canerlawoffice.com

New York State Office of Court Administration, Counsel
25 Beaver Street, Suite 1170, New York, NY 10004
212-428-2150; levans@nycourts.gov

**Court- Judge/ Agency appealed from:** Hon. Kenneth M. Karas, United States District Court for the Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[ ] Yes [✓] No (explain): This request for a reasonable accomodation is solely a determination for this court to which the defendant's cannot take a position

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [✓] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes [ ] No [✓] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? [ ] Yes [✓] No
Has this relief been previously sought in this court? [ ] Yes [✓] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? [ ] Yes [✓] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [✓] No If yes, enter date: _____

**Signature of Moving Attorney:**
/s/ Caner Demirayak   Date: 06/01/2021   Service by: [✓] CM/ECF  [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------------X
MARC FISHMAN,

                                                                                          Docket No.: 20-1300

              Plaintiff-Appellant.

          -against-

OFFICE OF COURT ADMINISTRATION NEW YORK
STATE COURTS, MICHELLE D'AMBROSIO, in her
Administrative and Official Capacity, NEW YORK STATE
UNIFIED COURT SYSTEM, NANCY J. BARRY,
DISTRICT EXECUTIVE OF 9TH DISTRICT NY COURTS,
in her Administrative and Official Capacity, DAN WEISZ,
PROFESSIONAL DIRECTOR, in his Administrative and
Official Capacity,

              Defendants-Appellees.
------------------------------------------------------------------X

## PLAINTIFF-APPELLANT MARC FISHMAN'S MOTION FOR REASONABLE ACCOMODATIONS

Plaintiff-Appellant Marc Fishman hereby moves for a reasonable accommodation to accommodate his communication disability during oral argument of this matter as per the federal Guide to Judiciary Policies and Procedures.

**<u>Background</u>**

Several years ago, Marc Fishman was involved in a devastating accident which resulted in a severe traumatic brain injury. This injury substantially limited Marc Fishman's hearing (tinnitus), memory, verbal functioning, verbal learning, and has caused him difficulties in processing information presented to him verbally.

Despite these severe disabilities, the defendants-appellees repeatedly refused to accommodate the plaintiff's communications, hearing and cognitive disabilities.

The documentation attached to his motion which supports Marc Fishman's communications disabilities were only some of the hundreds of pages of documents submitted to the defendants prior to this appeal over the last several years. However, they still refused to accommodate his disability despite overwhelming proof. This includes the following:

1. Letter dated April 19, 2018, from the Center for Cognition and Communication;

2. Advocacy letter dated December 20, 2019, by Disability Rights New York;

3. Letter dated March 20, 2019, from the Center for Cognition and Communication;

4. Letter dated March 28, 2019, from the Center for Cognition and Communication;

5. Letter dated October 6, 2020, from the Center for Cognition and Communication;

6. Letter dated March 22, 2021, from the Center for Cognition and Communication;

7. Letter dated May 18, 2021, from the Center for Cognition and Communication.

Each of these documents are annexed for the court and the access coordinator's review in accommodating Marc Fishman's disability. A traumatic brain injury of the type sustained by Marc does not go away or get better with time. Marc is now faced and has been faced with a lifelong struggle of living with his hearing and cognitive disabilities. His suffering in the New York State court system was abysmal and stands against everything the Americans with Disabilities Act was enacted for. It is eye opening that this Court will likely grant the accommodations that the state Court refused to provide, even though the ADA does not even apply to this Circuit!

The refusal to accommodate Marc's disability has had profound collateral consequences. He has faced extreme difficulty in equal access to child visitation. He was wrongfully convicted of violating an order of protection and he is now pending sentencing for that conviction. Sentencing has been delayed as the state court has refused to accommodate his disabilities. The requested auxiliary aids were not provided in the state court. And the refusal to provide such auxiliary aids has been rejected as a reason to throw out the conviction. Marc was even forced to pay for his own auxiliary aids when they were seldom allowed.

Understandably, cognitive and communications disabilities are not well understood or known as they are not apparent to the naked eye. However, places of justice, such as courthouses should make more efforts to determine if the disability impairs the person's ability to meaningfully participate in proceedings. To deny a disabled person accommodations and then punish him for not being able to understand or hear the happenings in court is a profound injustice. Such injustices have been caused by the defendant-appellees.

This Circuit's granting of accommodations does not change or rectify the prior injustices created by the Unified Court System of the State of New York, but it will present a profound message that those with communications disabilities must be accommodated to be able to participate in court proceedings.

The Guide to Judiciary Policies and Procedures provides: "Each federal court is required to provide, at judiciary expense, sign language interpreters or other appropriate auxiliary aids or services to participants in federal court proceedings who are deaf, hearing-impaired, or have other communications disabilities. The court shall give primary consideration to a participant's choice of auxiliary aid or service." Vol I, Administrative Manual, Chapter III, General Management and Administration, Guide to Judiciary Policies and Procedures, Guidelines for Providing Services to the Hearing-Impaired and Other Persons with Communications Disabilities.

The guidelines further provide: "Where a court determines such to be appropriate, computer assisted real time (also called CART) reporting is one of the services that may be provided under these guidelines." *See id*, *Communication Access in Federal Courts*, National Association of the Deaf, *available at*, https://www.nad.org/resources/justice/courts/communication-access-in-federal-courts/ (last visited Jun, 1, 2021).

Here, the plaintiff-appellant is a "participant" entitled to a reasonable accommodation as he is a party to this appeal. As such, he should be provided with a reasonable accommodation for his communication disability: tinnitus, cognitive deficits, and traumatic brain injury. The plaintiff's choice of auxiliary aid or service is CART, to which primary consideration must be given. This must be given primary consideration unless this Circuit can show another equally effective means of communication is available, or that the use of the means chosen would result in a fundamental alteration in the nature of the court proceeding or in undue financial or administrative burden. It is respectfully submitted that CART is the best accommodation.

We were unable to get in contract with the defendants-appellees prior to filing this motion. In any event, the defendants-appellees should not be permitted to take any position on this motion as the determination of providing a reasonable

accommodation is solely within the purview of this court. An adverse party cannot be permitted to challenge a disabled litigant's disability and accommodation request.

Respectfully submitted,

_____/s/_____
*Caner Demirayak*
Caner Demirayak, Esq.
Law Office of Caner Demirayak, Esq., P.C.
300 Cadman Plaza West
One Pierrepont Plaza, 12th Floor
Brooklyn, New York 11201
718-344-6048
caner@canerlawoffice.com

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rules of Appellate Procedure Rule 27(a) & (d) and 32(a)(5) & (6) the undersigned, certifies that the accompanying motion is printed in 14-point typeface, Times New Roman, and, along with footnotes in 12-point typeface Times New Roman, contains no more than 5,200 words. According to the data in Microsoft Word, this motion contains **886** words.

/s/ Caner Demirayak
_____
Caner Demirayak, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2021, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF NextGen System which sent notice of such filing to the attorneys for the defendants-appellees as registered CM/ECF NextGen users.

I further certify that since the Motion and all attachments/exhibits do not exceed 50 pages, no paper copies were filed with the Clerk of Court.

/s/ Caner Demirayak
*Caner Demirayak*
Caner Demirayak, Esq.



5/18/21

**Patient's Name:** Marc Fishman
**Date of Birth:** ███
**Date of Injury:** 11/20/13

To Whom It May Concern:

Mr. Fishman sustained a Head Injury and Post-Concussion Syndrome and has been receiving cognitive rehabilitation treatment at our center. In April 2017, Mr. Fishman underwent a neuropsychological evaluation and demonstrated cognitive deficits in areas of verbal learning and memory trials, initial acquisition of non-verbal learning and memory, working memory, and verbal functioning (confrontation naming). Given his symptoms of tinnitus (hearing difficulty), along with memory difficulties, he will require the CART system (Computer Aided Real Time Transcription/Captioning System) in order to optimize his ability to process information.

Respectfully Submitted,

Jason Brown, M.D.
Clinical Professor, Neurology (ret.)
New York University Medical Center

19 EAST 37TH STREET
NEW YORK, NY 10016
TEL: (212) 689-2262

MAIN OFFICE
418 EAST 71ST STREET, NEW YORK, NY 10021
TEL: (212) 535-8932 • FAX: (212) 535-5443
WWW.CCCREHAB.COM

91-31 QUEENS BLVD., SUITE 308
ELMHURST, NY 11373
TEL: (212) 535-8932



3/22/21

**Patient's Name:** Marc Fishman
**Date of Birth:** ███
**Date of Injury:** 11/20/13

To Whom It May Concern:

Mr. Fishman sustained a Head Injury and Post-Concussion Syndrome and received cognitive rehabilitation treatment at our center (April 2017-January 2019). In April 2017, Mr. Fishman underwent an initial neuropsychological evaluation and demonstrated cognitive deficits in areas of verbal learning and memory trials, initial acquisition of non-verbal learning and memory, working memory, and verbal functioning (confrontation naming). In fact, he performed within the 8th percentile in memory and within the 6th percentile in verbal functioning. That is, 92% of his peers are performing better than him in the area of memory and 94% of his peers are performing better than him the area of verbal functioning. He continues to experience persistent tinnitus (hearing difficulty) along with considerable memory difficulties that interfere with his daily functioning. Due to the aforementioned difficulties, he struggles with processing and retaining information presented to him. If you have any further questions, we can be reached at (212)-535-8932.

Respectfully Submitted,

Kim Busichio, Ph.D.
Clinical Director, Neuropsychology

Jason Brown, M.D.
Clinical Professor, Neurology (ret.)
New York University Medical Center

19 EAST 37TH STREET
NEW YORK, NY 10016
TEL: (212) 689-2262

MAIN OFFICE
418 EAST 71ST STREET, NEW YORK, NY 10021
TEL: (212) 535-8932 • FAX: (212) 535-5443
WWW.CCCREHAB.COM

91-31 QUEENS BLVD., SUITE 308
ELMHURST, NY 11373
TEL: (212) 535-8932




CCC
CENTER FOR COGNITION AND COMMUNICATION

10/6/20

**Patient's Name:** Marc Fishman
**Date of Birth:**
**Date of Injury:** 11/20/13

To Whom It May Concern:

Mr. Fishman sustained a Head Injury and Post-Concussion Syndrome and received cognitive rehabilitation treatment at our center (April 2017-January 2019). In April 2017, Mr. Fishman underwent an initial neuropsychological evaluation and demonstrated cognitive deficits in areas of verbal learning and memory trials, initial acquisition of non-verbal learning and memory, working memory, and verbal functioning (confrontation naming). In fact, he performed within the 8th percentile in memory and within the 6th percentile in verbal functioning. That is, 92% of his peers are performing better than him in the area of memory and 94% of his peers are performing better than him the area of verbal functioning. After speaking with him today, he continues to experience persistent tinnitus (hearing difficulty) along with considerable memory difficulties that interfere with his daily functioning. Due to the aforementioned difficulties, he struggles with processing and retaining information presented to him. If you have any further questions, we can be reached at (212)-535-8932 (unavailable October 14, 2020).

Respectfully Submitted,

Kim Bulchio, Ph.D.
Clinical Director, Neuropsychology

Jason Brown, M.D.
Clinical Professor, Neurology (ret.)
New York University Medical Center

19 EAST 37TH STREET
NEW YORK, NY 10016
TEL: (212) 689-2262

MAIN OFFICE
418 EAST 71ST STREET, NEW YORK, NY 10021
TEL: (212) 535-8932 • FAX: (212) 535-5443
WWW.CCCREHAB.COM

91-31 QUEENS BLVD., SUITE 308
ELMHURST, NY 11373
TEL: (212) 535-8932



# DISABILITY RIGHTS NEW YORK

 www.drny.org  mail@drny.org  518 432 7861

December 20, 2019

*Via email @ AD2-clerksoffice@nycourts.gov and aagostin@nycourts.gov*

Ms. April Agostino, Clerk of the Court
Supreme Court of the State of New York
Appellate Division, Second Department
45 Monroe Place
Brooklyn, New York 11201

Re: Fishman v Solomon, 2018-08743 and 2018-08934,
Letter in Support of Reasonable Accommodation Request by Pro Se Litigant

Dear Ms. Agostino:

It has come to my attention that Marc Fishman, date of birth ██████████, is scheduled to appear in the Appellate Division on January 2, 2020 in the above-referenced matters. Disability Rights New York does not represent Mr. Fishman in the matters, but is working with Mr. Fishman on issues related to his access to reasonable accommodations in the court setting. For the reasons set forth below, DRNY respectfully asks that the Court provide Mr. Fishman with a note taker during the January 2 appearance and going forward to accommodate processing and communication issues caused by his existing traumatic brain injury. DRNY also respectfully asks that Mr. Fishman's case be heard during the morning session, as sleep apnea caused by his traumatic brain injury significantly impacts his ability to process information and respond appropriately later in the day.

I have reviewed the medical record relating to Mr. Fishman's Neurobehavioral Screening conducted at the Center for Cognition and Communication, 952 Fifth Avenue, New York, on April 28, 2017. This record contains the findings of Jason Brown, M.D., Clinical Professor of Neurology (ret.), New York University Medical Center, and Kim Busichio, Clinical Director of Neuropsychology at the Center for Cognition and Communication. The record establishes that Mr. Fishman has been under the care of a neurologist subsequent to a November 2013 motor vehicle accident. It also includes a diagnosis of head injury, Post-Concussion Syndrome and Cognitive Deficits. These diagnoses are consistent with the definition of traumatic brain injury, a physical disability. DRNY and other members of the National Disability Rights Network are called upon to advocate on behalf of individuals with traumatic brain injury in ever-increasing numbers.

| ALBANY | BROOKLYN | ROCHESTER |  | TTY: 518-512-3448 |
| 725 Broadway, Suite 450 | 25 Chapel St, Suite 1005 | 44 Exchange Blvd, Suite 110 |  | Fax: 518-427-6561 |
| Albany, NY 12207-5001 | Brooklyn, NY 11201 | Rochester, NY 14614 |  | Toll Free: 1-800-993-8982 |

I have also met with Mr. Fishman and discussed his ongoing work with Dr. Busichio, which includes development of tools to assist Mr. Fishman in managing manifestations of his traumatic brain injury. These tools include identification of accommodations that enable Mr. Fishman to process and appropriately respond to information being discussed during stressful and/or unfamiliar situations. Mr. Fishman has advised that his court appearances in the above-captioned matter cause him the kinds of significant stress that test his ability to represent himself and his interests adequately.

DRNY has found that Mr. Fishman and others similarly situated benefit tremendously from the accommodations requested, particularly under circumstances like the ones Mr. Fishman faces when he represents his interests in court. It is our position that Mr. Fishman's request for a note taker to be present and work with him during such proceedings, and his request to be heard during the morning session, constitute reasonable accommodations that are consistent with the standards set forth in the American With Disabilities Act and applicable case law interpreting the standards. It is my understanding, based upon the history provide to me by Mr. Fishman, that he has used the procedures established by the New York State Unified Court System to request this accommodation. I therefore respectfully advocate for the Court to provide Mr. Fishman with a note taker for the January 2, 2020 proceeding and a morning hearing of the matter. I would also advocate for continued provision of such accommodations in subsequent proceedings in these matters where Mr. Fishman has used proper protocols to request them.

DRNY is aware of the Unified Court System's commitment to sustaining an accessible environment for all litigants. We suggest that the provision of these accommodations would be consistent with this ongoing commitment.

Respectfully Submitted,

*Marc J. Fluedner*
Director, PAIR Program (Protection & Advocacy for Individual Rights)

cc: Marc Fishman

**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207-5001

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: 518-512-3448
Fax: 518-427-6561
Toll Free: 1-800-993-8982

**CENTER FOR COGNITION AND COMMUNICATION**
952 Fifth Avenue, New York, NY 10075
(212) 535-8932 Fax: (212) 535-5443

3/28/19

**Patient's Name:** Marc Fishman
**Date of Birth:** ███
**Date of Injury:** 11/20/13

To Whom It May Concern:

Mr. Fishman sustained a Head Injury and Post-Concussion Syndrome and was receiving cognitive rehabilitation treatment at our center. In April 2017, Mr. Fishman underwent a neuropsychological evaluation and demonstrated cognitive deficits in areas of verbal learning and memory trials, initial acquisition of non-verbal learning and memory, working memory, and verbal functioning (confrontation naming). I request, an aide to assist Mr. Fishman during visitations day with his children.

Respectfully Submitted,

*[signature]*

Jason Brown, M.D.
Clinical Professor, Neurology (ret.)
New York University Medical Center

# CENTER FOR COGNITION AND COMMUNICATION
952 Fifth Avenue, New York, NY 10075
(212) 535-8932  Fax: (212) 535-5443

3/20/19

**Patient's Name:** Marc Fishman
**Date of Birth:** ███
**Date of Injury:** 11/20/13

To Whom It May Concern:

Mr. Fishman sustained a Traumatic Brain Injury and Post-Concussion Syndrome and received cognitive rehabilitation treatment at our center. In April 2017, Mr. Fishman underwent a neuropsychological evaluation and demonstrated cognitive deficits in areas of verbal learning and memory trials, initial acquisition of non-verbal learning and memory, working memory, and verbal functioning (confrontation naming).

Respectfully Submitted,

*[signature]*

Jason Brown, M.D.
Clinical Professor, Neurology (ret.)
New York University Medical Center



# CENTER FOR COGNITION AND COMMUNICATION
952 Fifth Avenue, New York, NY 10075
(212) 535-8932  Fax: (212) 535-5443

4/19/18

**Patient's Name:** Marc Fishman
**Date of Birth:** ▮
**Date of Evaluation:** 4/28/17
**Date of Injury:** 11/20/13

To Whom It May Concern:

Mr. Fishman is a 44 year old male, who was referred for a neuropsychological evaluation. He is currently a patient under my care at Center for Cognition and Communication. Mr. Fishman needs someone to help him with note taking in court.

If there are any other questions, you can contact my office at 212-535-8932.

Respectfully Submitted,

Jason Brown, M.D.
Clinical Professor, Neurology (ret.)
New York University Medical Center

www.drjbrown.org