# 20-1300-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT



MARC FISHMAN,

*Plaintiff-Appellant,*

*v.*

OFFICE OF COURT ADMINISTRATION NEW YORK STATE COURTS, MICHELLE D'AMBROSIO, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, NEW YORK STATE UNIFIED COURT SYSTEM, NANCY J. BARRY, DISTRICT EXECUTIVE OF 9TH DISTRICT NY COURTS, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, DAN WEITZ, PROFESSIONAL DIRECTOR, IN HIS ADMINISTRATIVE AND OFFICIAL CAPACITY,

*Defendants-Appellees,*

*and*

JUDGE GORDON OLIVER, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, MAGISTRATE CAROL JORDAN, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, KATHY DAVIDSON, CHIEF ADMINISTRATIVE JUDGE OF THE 9TH CIRCUIT AND FORMER CHIEF JUDGE OF THE WESTCHESTER FAMILY COURT IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, JUDGE MICHELLE I. SCHAUER, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, JUDGE HAL B. GREENWALD, IN HIS ADMINISTRATIVE AND OFFICIAL CAPACITY, JUDGE ALAN D. SCHEINKMAN, IN HIS ADMINISTRATIVE AND OFFICIAL CAPACITY AS CHIEF ADMINISTRATIVE JUDGE OF THE 9TH CIRCUIT COURTS,

*Defendants.*

_____

*On Appeal from the United States District Court
for the Southern District of New York*

## PETITION FOR REHEARING EN BANC

Caner Demirayak
LAW OFFICE OF CANER DEMIRAYAK, ESQ.
*Attorneys for Plaintiff-Appellant*
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
718-344-6048

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... i

TABLE OF AUTHORITIES ................................................................ ii

STATEMENT OF THE CASE ...............................................................1

RULE 35 STATEMENT .........................................................................3

REASONS TO GRANT PETITION .......................................................4

I.   The Panel Did Not Apply a Liberal Standard of Review in Assessing the *Pro Se* Litigant's Complaint *De Novo* ...........................................4

II.  The Panel Did Not Apply the Functional Approach to Determining that Michelle D'Ambrosio Was Entitled to Judicial Immunity and Had it Done so a Different Result Would Have Been Required ......................................7

III. The Panel Incorrectly Upheld the District Court's Dismissal on Abstention Grounds and Disregarded Relevant Precedent .......................9

IV.  The Panel Conflicted with This Circuit's Decisions in *Brooklyn Ctr. for Independence of the Disabled v Metro. Transp. Auth.* and *Hamilton v. Westchester Cty.*, by Holding That Plaintiff Did Not Plausibly State Claims for Disability Discrimination ........................................................11

V.   The Panel's Decision Conflicts with the Ninth Circuit's Decision in *County of Duvall v Kitsap* in Improperly Applying Judicial Immunity to a Judicial Employee's Denial of a Reasonable Accommodation ...............................13

CONCLUSION .....................................................................................13

CERTIFICATE OF COMPLIANCE ....................................................14

CERTIFICATE OF SERVICE ............................................................15

# TABLE OF AUTHORITIES

**Cases**

*Bliven v. Hunt*,
   579 F.3d 204 (2d Cir. 2009) ..................................................................3

*Brooklyn Ctr. for Independence of Disabled v. Metropolitan Transportation Authority*,
   2021 U.S. App. LEXIS 25104, 2021 WL 3713540 (2d Cir. Aug. 23, 2021)3, 4, 9, 11

*Cruz v. Gomez*,
   202 F.3d 593 (2d Cir. 2000) ...............................................................3, 6

*Duvall v. County of Kitsap*,
   260 F.3d 1124 (9th Cir. 2001) ...........................................................4, 13

*Green v. Mattingly*,
   585 F.3d 97, 102 (2d Cir. 2009) ........................................................3, 10

*Hamilton v. Westchester Cty.*,
   3 F.4th 86 (2d Cir. 2021) ...................................................................12

*Huminski v. Corsones*,
   396 F.3d 53 (2d Cir. 2004) ................................................................3, 7

*Jones v. County of Westchester*,
   678 Fed. Appx. 48 (2d Cir. 2017)..........................................................4

*Kadoch v. Kadoch*,
   662 Fed. Appx. 26 (2d Cir. 2016)..........................................................4

*Sung Cho v. City of New York*,
   910 F.3d 639 (2d Cir. 2018) ...........................................................3, 10

*Szymonik v. Connecticut*,
   807 Fed. Appx. 97 (2d Cir. 2020)..........................................................4

*Tennessee v Lane*,
  541 U.S. 509 (U.S. 2004)......................................................................................2

*Triestman v. Fed. Bureau of Prisons*,
  470 F.3d 471 (2d Cir. 2006) ............................................................................3, 5

*Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138 (2d Cir. 1999)................................3, 5

**Other Authorities**

*How Court Users Can Obtain accommodations*, New York State Unified Court
  System,
  *http://ww2.nycourts.gov/Accessibility/CourtUsers_Guidelines.shtml#how*     (last
  visited Oct. 11, 2020)..........................................................................................7

Plaintiff-appellant, Marc Fishman, petitions this court for rehearing *en banc* of the panel's decision in *Fishman v. Office of Court Administration New York State Courts*, 20-1300 (2d Cir. Sept. 28, 2021).

## STATEMENT OF THE CASE

In this *pro se* matter the panel failed to afford Marc Fishman the special solicitude generally afforded to *pro se* litigants in conducting its *de novo* review of the complaint to determine if it stated a plausible claim for relief. In doing so the panel rejected long standing precedent in this circuit requiring a liberal reading of a *pro se* complaint with a view towards avoiding dismissals unless there are no set of facts under which a *pro se* can prove his claims.

The panel also mistakenly found that alternative accommodations were provided to plaintiff. However, on January 25, 2017, the defendants issued a written order specifically denying plaintiff the supposed alternative accommodation of a note taker in court. In that Order, which this court must take judicial notice of it is stated: "that the branch of [the] ADA accommodation request that Marc Fishman be permitted to have a note taker[1] present and to personally record the proceedings is

---

[1] The panel was also wrong as a practical matter to accept defendants' position that Computer Real Time Assisted Transcription (CART) is only available for those with hearing impairments. It is established in the disabled community that CART is not limited to the hearing impaired but also to those with cognitive disabilities. Substantial medical and disability medical journals and sources were referred to in the opening brief establishing this point. The defendants cannot avoid liability

1

denied." The Order is annexed to this petition for ease of access to the circuit. As such, the panel's decision was fundamentally incorrect and went against precent in this circuit when it found that the *pro se* plaintiff was not discriminated against in violation of the Americans with Disabilities Act and the Rehabilitation Act.

Where no valid alternative accommodation is provided that allows for meaningful access, it is the law that the public entity has discriminated against the plaintiff. Moreover, the panel disregard clear precedent in this circuit as to the doctrines of judicial immunity by not even applying the functional approach when analyzing such claims and likewise improperly applied *Rooker-Feldman*, *Younger* and *O'Shea* abstention.

At the very least the panel should have vacated the dismissal of the claims against the Office of Court Administration defendants and permitted plaintiff-appellant to amend his complaint with the new aid of counsel. If allowed to stand, the panel's decision will result in a continuation of the "long history" of "the unequal treatment of disabled persons in the administration of judicial services," which Congress sought to remedy by enacting the ADA. *See Tennessee v Lane*, 541 U.S. 509, 531 (U.S. 2004).

---

by illegally denying plaintiff an accommodation to which is entitled to by incorrectly limiting it to a particular type of disability without any basis.

## RULE 35 STATEMENT

Rehearing is warranted as the panel's decision directly conflicts with decisions of the Supreme Court and the Second Circuit. Consideration by the full court is necessary to secure and maintain uniformity of the court's decisions. This matter also involves questions of exceptional importance as the panel's decision conflicts with relevant authoritative decisions of other Courts of Appeals that have addressed the issues involved in this proceeding as follows:

1. The decision of the panel conflicts with the Second Circuit's decisions applying a liberal standard to *pro se* complaints in *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), *Weixel v. Bd. of Educ. Of N.Y.*, 287 F.3d 138 (2d Cir. 2002), *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006) where a dismissal of a *pro se* complaint was reversed applying such standard.

2. The decision of the panel conflicts with the Second Circuit's decisions applying a functional approach to claims of judicial immunity and finding no immunity for administrative or ministerial acts in *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005) and *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).

3. The decision of the panel conflicts with the Second Circuit's decisions as to the application of the *Rooker Feldman Younger* and *O'Shea* abstention doctrines in *Brooklyn Ctr. for Independence of Disabled v. Metropolitan*

3

*Transportation Authority*, 2021 U.S. App. LEXIS 25104, 2021 WL 3713540 (2d Cir. Aug. 23, 2021) *Green v. Mattingly*, 585 F.3d 97, 102 (2d Cir. 2009), *Sung Cho v. City of New York*, 910 F.3d 639, 645 (2d Cir. 2018), *Kadoch v. Kadoch*, 662 Fed. Appx. 26, 28 (2d Cir. 2016), *Szymonik v. Connecticut*, 807 Fed. Appx. 97, 99 (2d Cir. 2020), *Jones v. County of Westchester*, 678 Fed. Appx. 48, 49 (2d Cir. 2017).

4. The decision of the panel conflicts with the Second Circuit's decisions in determining whether a *pro se* litigant has stated plausible claims of discrimination under the Americans with Disabilities Act and Rehabilitation Act in *Brooklyn Ctr for Independence of Disabled* and *Hamilton v. Westchester Cty.*, 3 F. 4th 86 (2d Cir. 2021)

5. The decision of the panel conflicts with the decision of the Ninth Circuit in *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) where it found no judicial immunity for administrative denials or grants of reasonable accommodations in the courtroom.

## REASONS TO GRANT PETITION

### I.    The Panel Did Not Apply a Liberal Standard of Review in Assessing the *Pro Se* Litigant's Complaint *De Novo*

The panel's summary order of September 28, 2021 makes no reference to plaintiff's *pro se* status when he filed his complaint in the district court. The panel

also did not make clear that it was applying a liberal standard of review in light of plaintiff's *pro se* complaint. This Circuit consistently applies such standard even after a *pro se* litigant retains counsel during appellate proceedings.

This Circuit holds time and again that "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

It was explained in *Triestman* that "This policy of liberally construing *pro se* Submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman*, 470 F.3d at 475.

In *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138 (2d Cir. 1999), it was made clear that "A *pro se* complaint should not be dismissed unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief…This is especially true when dealing with *pro se* complaints alleging civil rights violations."

When applying such standard this Circuit held in *Weixel that* "It is clear that, read liberally and in the light most favorable to the plaintiffs, the amended complaint does state a claim for disability discrimination." *Weixel*, 287 F.3d at 146. This was

based specifically on the circuit's rejection of the district court's decision that the plaintiff failed to allege she was denied a benefit she was entitled to or that she was denied a reasonable accommodation. Similarly in the case at bar, the circuit was wrong to find that the plaintiff was not denied effective access or meaningful access to the court proceedings with the provision of an alternative accommodation. As explained herein, the panel finding that plaintiff was afforded a note taker instead of CART is wrong as demonstrated by the family court's Order specifically denying any such alternative accommodation to plaintiff.

Considering these facts, it is apparent that the panel did not apply a liberal standard of review or consider plaintiff's *pro se* status in issuing its summary order. Instead, the panel should have found that "We cannot rule out the possibility that [plaintiff] could amend his complaint in this case to state a valid claim…" and vacate and remand the matter for amendment of the complaint by counsel. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

The panel wrongfully held the *pro se* plaintiff to his inartfully pled allegations which included errors and mistaken positions as to the facts in this matter. The panel should have applied the liberal *pro se* standard, vacated the decision and directed the plaintiff to timely file a motion to amend his complaint below.

**II.** **The Panel Did Not Apply the Functional Approach to Determining that Michelle D'Ambrosio Was Entitled to Judicial Immunity and Had it Done so a Different Result Would Have Been Required**

The defendants' own self-imposed rules and division of reasonable accommodations for persons with disabilities defined the functions undertaken by Michelle D'Ambrosio on behalf of Judge Schauer as administrative in nature and not subject to judicial immunity. The policy specifically provides: "In contrast, accommodations that do not affect the rights of parties to the proceeding or the judge's inherent authority over the courtroom and proceedings may be arranged by non-judicial court personnel. Such "administrative accommodations" include for example, providing assistive listening devices or scribes…" *See How Court Users Can Obtain accommodations*, New York State Unified Court System, *http://ww2.nycourts.gov/Accessibility/CourtUsers_Guidelines.shtml#how* (last visited Oct. 11, 2020).

The panel's refusal to apply the functional approach goes against clear Second Circuit precedent and against defendant's own decision to render such actions administrative in nature. In *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2004), this Circuit held that "A judge is not protected under the doctrine of judicial immunity…if the action in question is not judicial in nature, as when the judge performs an administrative, legislative, or executive act."

Here, there is no question that the provision of assistive listening devices or scribes is not a judicial action in nature. The defendants' own policy state as much and the provision of such auxiliary aids is required by federal and state law, rendering the provision of same a purely executive and administrative act separate and apart from the judicial process. A scribe is a note taker, which was also denied here to plaintiff.

Based on these facts and the case law it is clear the panel improperly applied judicial immunity based on the specific role of the person denying the accommodations instead of assessing same based on the function taken by the particular court or judicial employee.

In addition to the protections under federal law, New York State Judiciary Law section 390 provides: "Whenever any…hard of hearing person is a party to a legal proceeding of any nature…the court in all instances shall appoint a qualified interpreter." The statute goes on to state "A court may, upon request of a…hard of hearing person or upon its own motion [appoint] a stenographer who can furnish communication access real-time translation."

Inasmuch as OCA's own policies define the provision of auxiliary aids as administrative and because federal law and state law require the provision of such aids under all circumstances, the grant or denial of such aids and accommodations simply cannot be deemed judicial in nature when looking at the function of the

judicial employee in making such decisions. The panel failed to do so, requiring the circuit to ensure uniformity and consistency in its decisions.

### III. The Panel Incorrectly Upheld the District Court's Dismissal on Abstention Grounds and Disregarded Relevant Precedent

In *Brooklyn Ctr. for Independence of the Disabled v. Metro. Transp. Auth.*, 2021 U.S. App. LEXIS 25104, 2021 WL 3713540 (2d Cir. Aug. 23, 2021) this Circuit made clear that abstention was not required as "Federal courts can properly identify conditions that violate federal law," without unnecessarily intruding on or interfering with state proceedings and actions. There, the circuit held that "District courts may conceive of remedies that do not embroil the court," in running the state actions and proceedings. *Id* at *12.

Additionally, since plaintiff is claiming money damages abstention was not appropriate as per this circuit's decision in *Jones v. Cty of Westchester*, 678 Fed. Appx. 48 (2d Cir. 2017). There, this circuit held that a money damages award would not affect family court proceedings as he is only seeking a federal vindication of his rights: by stating: "There appears to be little chance that a potential award of money damages would interfere with or disrupt the…proceedings that are ongoing in Westchester County Family Court." *Jones*, 678 Fed. Appx. at 49. Here, plaintiff claimed past economic money damages for the Appellees improper conduct in forcing the disabled plaintiff to expend his own monies in obtaining auxiliary aids

and purchasing transcripts in family court. Plaintiff does not claim any damages for ongoing proceedings, only those past proceedings that have already ended.

Moreover, at the time the complaint in this matter was filed, the state proceedings subject to the allegations had not ended. Therefore, it could not be said that plaintiff was a state court loser seeking reversal by the federal court.

Additionally, the panel disregarded this circuit's decision in *Sung Cho v. City of New York*, 910 F.3d 639 (2d Cir. 2018). There, it was held that abstention is not proper were a plaintiff is only filing suit to determine if federal law was violated during state court foreclosure proceedings.

The panel also disregarded *Green v. Mattingly*, 585 F.3d 97 (2d Cir. 2009). In that case it was held that *Rooker-Feldman* could not apply as the plaintiff was not a state court loser and did not invite district court review and rejection of a state court judgment. The key in that case was that the decisions and actions involved in the suit were not final decisions that would have allowed for review by the highest court in the State of New York and then the United States Supreme Court.

Likewise here, the refusal to provide reasonable accommodations for plaintiff's disabilities were not final orders which could be appealed nor were they dispositive of any issues in the family court. Thus, the plaintiff "had neither a practical reason nor a legal basis to appeal the state court decision that caused her alleged injuries." *Green*, 585 F.3d at 102. The "expanded record" demonstrates that

10

the appellate division in the state of New York consistently held that the orders challenged by plaintiff were not final and not subject to appeal.

IV.    **The Panel Conflicted with This Circuit's Decisions in *Brooklyn Ctr. for Independence of the Disabled v Metro. Transp. Auth.* and *Hamilton v. Westchester Cty.*, by Holding That Plaintiff Did Not Plausibly State Claims for Disability Discrimination**

The panel's decision was flawed as it is based on an alternative accommodation that plaintiff never received or was offered and as a result conflicts with two recent cases from this Circuit in 2021. This Circuit consistently holds that "A plaintiff claiming a violation of Title II or section 504 must show, in relevant part, that the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs or activities, or was otherwise discriminated against by the defendant because of the plaintiff's disability. A public entity discriminated against an individual with a disability when it fails to provide meaningful access to its benefits, programs or services." *Brooklyn Ctr. for Independence of the Disabled v. Metro. Transp. Auth.*, 2021 U.S. App. LEXIS 25104 (2d Cir. Aug. 23, 2021).

In this circuit, "To ensure meaningful access a public entity must make reasonable accommodations in its program or benefit…An accommodation must overcome….non-trivial temporal delays that limit access." *Brooklyn Ctr. for Independence of the Disabled*, 2021 U.S. App. LEXIS 25104. And, the "reasonableness of an accommodation is a fact-specific question that often must be

11

resolved by a fact finder." *See id*. There, this Circuit reversed a summary judgment order by holding that "It is not clear on the record whether any accommodations provided are plainly reasonable." *See id*.

Here, serious fact-specific questions remained open as to whether plaintiff was provided a reasonable accommodation. The panel went beyond the record and misread the relevant state court documents and proceedings. It is not clear how the panel arrived at its faulty conclusion that "the court gave Fishman alternative accommodations during its proceedings…including permission to use a neutral, non-witness notetaker." As per the January 2017 Order of the family court, a note taker was DENIED to Fishman. As the parties dispute if such accommodation was ever available to Fishman the panel should not have resolved that factual dispute in defendants' favor. Since such accommodation was not provided and thus no alternative to CART was permitted, the plaintiff did state plausible[2] claims for discrimination, requiring reversal.

---

[2] In *Hamilton v. Westchester Cty.*, 3 F.4th 86 (2d Cir. 2021) it was held that a temporary disability lasting less than six months is actionable. The panel sidestepped the issue of whether plaintiff was disabled but *Hamilton* makes clear he has plausibly alleged his disability regardless.

## V. The Panel's Decision Conflicts with the Ninth Circuit's Decision in *County of Duvall v Kitsap* in Improperly Applying Judicial Immunity to a Judicial Employee's Denial of a Reasonable Accommodation

The panel's application of judicial immunity to court attorney Michelle D'Ambrosio directly conflicts with the Ninth Circuit's decision in *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) which found an issue of fact as to whether the judicial employee was entitled to immunity for denying courtroom disability accommodations. In *Duvall* the Ninth Circuit held: "[I]t appears that when a statute requires, or perhaps even authorizes, the provision of a particular form of assistive device to a hearing-impaired individual, [the ADA coordinator] has the authority to make the necessary arrangements therefor, as an administrative matter."

Here, the panel resolved the factual dispute over whether the court attorney was engaging in an administrative function in defendant's favor and cloaked her with judicial immunity. However, since defendant's own policies denote her function in denying the auxiliary aids: note taker and CART as administrative, issues of fact existed which would entitle plaintiff to survive dismissal.

## CONCLUSION

For the reasons stated above, the petition for rehearing *en banc* should be granted.

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rules of Appellate Procedure Rules 32(a)(7)(B) and (C) and 40(b)(1), the undersigned attorney certifies that the accompanying brief is printed in 14-point typeface, Times New Roman, and, along with footnotes in 12-point typeface Times New Roman, contains no more than 3,900 words. According to the data in Microsoft Word, this brief contains **3,017** words.

/s/ Caner Demirayak

Caner Demirayak, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I electronically filed the foregoing Petition for Rehearing *En Banc* with the Clerk of the Court using the CM/ECF NextGen System which sent notice of such filing to the attorneys for the defendants-appellees as registered CM/ECF NextGen users.

I further certify that pursuant to Local Rule 40.1(b) that this petition does not exceed 50 pages and therefore no paper copies are filed.

/s/ Caner Demirayak

*Caner Demirayak*

Caner Demirayak, Esq.

NOTICE OF ENTRY

PLEASE TAKE NOTICE that the within
is a true copy of an order entered in
the office of the Clerk of the Family
Court of the State of New York in the
County of Westchester.

Date: ...... 1/25/17 ...

~~~ M M'all~,

Chief Clerk of the Court

Order
    Distributed        ☒ P   ☐ P-ATY
                       ☐ R   ☐ R-ATY
☐ DSS/SCU                    ☐ C-ATY
☐ OTHER . . . . . . . . . .  ☐ N

At a Term of the Family Court of the
State of New York, held in and for
the County of Westchester, at 131
Warburton Avenue, Yonkers, New York
10701 on January 25, 2017

PRESENT: HON. MICHELLE I. SCHAUER

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---------------------------------------------------------------------x

In the Matter of Proceedings under Article 6 and
Article 8 of the Family Court Act

JENNIFER SOLOMON,

Petitioner,

DECISION AND ORDER
UPON APPLICATION
FOR ADA
ACCOMMODATIONS

Docket Nos.:
O-7850-14 et al

MARC FISHMAN,

File No. 131794

Respondent.

---------------------------------------------------------------------x

The parties in this proceeding are the parents of four children. The parties were divorced in August 2012. In June 2014, Ms. Solomon filed a family offense petition on behalf of herself and the children, as well as a petition to modify an order of visitation between the father and the children. Those petitions are currently pending before this Court, as well as eighteen other petitions including the mother's petitions alleging violations of the Temporary Order of Protection and petitions filed by both parents seeking modification, enforcement, or alleging violations, of a custody order.[1]

On June 28, 2016, this Court commenced a fact-finding proceeding on Ms. Solomon's petitions alleging that Mr. Fishman violated, on numerous occasions, the temporary orders of protection which had been in effect continuously since June 11,

---

[1] In October 2012, the parties began post-judgment modification proceedings in Family Court. That initial wave of Family Court matters concluded in July 2013, and the petitions currently pending before this Court are a fraction of the petitions that have been filed in this Court since then, many of which have been previously disposed. In addition, Mr. Fishman also had related matters pending before a Supreme Court Judge and a Support Magistrate, and both parties currently have petitions pending before a Support Magistrate.

2014.[2] The fact-finding continued for several days, concluding on September 2, 2016. On that date, this Court found that Mr. Fishman had violated the temporary orders of protection in several respects. The matter was adjourned for a dispositional hearing. Due to Mr. Fishman's representation that he was having hernia surgery in October and required six to seven weeks recovery time, this Court granted his request to schedule the disposition for a date after his recovery. Accordingly, the dispositional hearing was scheduled for December 22, 2016.

On December 13, 2016, the Deputy Chief Clerk of this Court received an email from Donna Drumm stating that she had been retained by Mr. Fishman to be his ADA (Americans with Disabilities Act) Advocate and attaching a "Confidential Document - For Americans with Disabilities Act (ADA) Accommodation purposes only" that indicated that no one besides the clerk of the court had been sent a copy of the document, including Mr. Fishman's assigned counsel.[3] Ms. Drumm also sent a few follow up ex parte e-mails to this Court's Court Attorney, requesting various ADA accommodations. The disabilities are stated to be largely the result of two automobile accidents suffered by Mr. Fishman - one in June 2013 and one in November 2013.

Although this Court did not issue a formal Order, this Court granted Ms. Drumm's request for a 90 day adjournment of court proceedings scheduled for December 22, 2016.[4] Ms. Drumm also requested that she be permitted to be present with Mr. Fishman during his court appearances at his expense, as his "Americans with Disability Advocate." In support of the request, she asserted that Mr. Fishman needed the assistance of such an advocate to "'cue' him when he begins engaging in tangential speech to slow down or take a break. This will assist the judge, court reporter[5] and attorneys to understand what Mr. Fishman is saying when his speech becomes garbled. The ADA Advocate will also work with Mr. Fishman's therapist's suggested strategies for coping with impulsivity and tangential speech in the courtroom." This Court granted her request to be present, although it should be noted that in Mr. Fishman's approximately 14 appearances before this Court between January 2015 and September 2016, neither this Court nor the other attorneys have ever raised a problem of not understanding Mr. Fishman.

The matter is again before this Court based upon another e-mail request made

---

[2]Although a Temporary Order of Protection has continuously been in effect throughout these proceedings, the terms and conditions have been modified on several occasions so as to accommodate various access plans for Mr. Fishman and the children.

[3]Mr. Fishman has had numerous changes in counsel throughout these proceedings. He had three separate retained attorneys in the past and in the interests of justice was also assigned four separate attorneys all of whom requested to be relieved or were discharged by Mr. Fishman. His current attorney is his fifth assigned counsel in these proceedings.

[4]The matters were adjourned, after coordinating amenable dates with all counsel, to March 14, 2017 at 9:00.

[5]Family Court does not use court reporters. Proceedings are recorded by the use of digital voice recorders.

by Ms. Drumm on January 11, 2017, to this Court's Court Attorney renewing requests for accommodations, and the Court issues this Order formally addressing the accommodation requests. Although some information about Mr. Fishman's asserted disabilities were disclosed to all counsel through his assigned attorney in connection with that attorney's request for an adjournment of the dispositional hearing, this Court is keeping the medical information confidential at this juncture.[6]

As an accommodation to Mr. Fishman's asserted disabilities, this Court permits (and has permitted at prior proceedings), Mr. Fishman to wear sunglasses, as he deems necessary, in the courtroom. Mr. Fishman's requests to hire a note taker and use a tape recorder during court proceedings is denied. Instead, Mr. Fishman may continue to order transcripts at his expense, as he has done for almost every court proceeding, other than in camera interviews between the Court and the children. To the extent that Ms. Drumm is requesting certain "accommodations" on behalf of one of the subject children, that relief is denied, as she has no standing to demand such relief.[7] Ms. Drumm's remaining requests deal with specific visitation issues and are denied as they do not concern court programs, services or activities. They involve a judicial determination of legal rights based upon the facts of the case and will not be determined by an ex parte request made in the guise of an accommodation but, rather, as the case proceeds in court with all parties. At such time Mr. Fishman's physical condition will be given due weight.

Accordingly, it is hereby

ORDERED, that the branch of Donna Drumm's ADA accommodation request for an adjournment of the matters pending before this Court on December 22, 2016, is granted and those matters are adjourned to March 14, 2017 at 9:00 a.m.; and it is further

ORDERED, that the branch of Donna Drumm's ADA accommodation request that she be permitted to be present with Marc Fishman, at his expense, as his ADA Advocate during court appearances at times when the parties are present in the courtroom is granted; and it is further

ORDERED, that the branch of Donna Drumm's ADA accommodation request that Marc Fishman be permitted to wear sunglasses during proceedings at his discretion is granted; and it is further

---

[6]This Court recognizes that some of Mr. Fishman's claimed disabilities may have an impact on his ability to parent the subject children and to that extent, may become relevant during subsequent custody and visitation proceedings.

[7]This Court questions the actions of Ms. Drumm, who although representing to be an ADA Advocate, is also an attorney, in requesting relief and making unsupported and conclusory allegations about a child who is represented by his own attorney and who is in the sole legal and physical custody of Ms. Solomon. This Court has no reason to believe that Ms. Drumm has ever even met the child.

ORDERED, that the branch of Donna Drumm's ADA accommodation request that Marc Fishman be permitted to have a note taker present and to personally record the proceedings is denied; and it is further

ORDERED, that the branch of Donna Drumm's ADA accommodation request that seeks an ex parte order of visitation is denied; and it is further

ORDERED, that the branch of Ms. Drumm's ADA accommodation request seeking accommodations on behalf of one of the subject children is denied.

This constitutes the Decision and Order of this Court.

Dated: January 25, 2017
    Yonkers, New York

**Hon. Michelle I. Schauer**
**Judge of the Family Court**

**PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.**

20-1300
*Fishman v. Off. of Ct. Admin.*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand twenty-one.

PRESENT:
>
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————————

MARC FISHMAN,

*Plaintiff-Appellant*,

v.                                                                    No. 20-1300

OFFICE OF COURT ADMINISTRATION NEW YORK STATE COURTS, MICHELLE D'AMBROSIO, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, NEW YORK STATE UNIFIED COURT SYSTEM, NANCY J. BARRY, DISTRICT EXECUTIVE OF THE 9TH DISTRICT NEW YORK COURTS, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, DAN WEITZ, PROFESSIONAL DIRECTOR, IN HIS ADMINISTRATIVE AND OFFICIAL CAPACITY,

*Defendants-Appellees*,

JUDGE GORDON OLIVER, IN HER
ADMINISTRATIVE AND OFFICIAL CAPACITY,
MAGISTRATE CAROL JORDAN, IN HER
ADMINISTRATIVE AND OFFICIAL CAPACITY,
KATHY DAVIDSON, CHIEF ADMINISTRATIVE
JUDGE OF THE 9TH CIRCUIT AND FORMER
CHIEF JUDGE OF THE WESTCHESTER FAMILY
COURT IN HER ADMINISTRATIVE AND
OFFICIAL CAPACITY, JUDGE MICHELLE I.
SCHAUER, IN HER ADMINISTRATIVE AND
OFFICIAL CAPACITY, JUDGE HAL B.
GREENWALD, IN HIS ADMINISTRATIVE AND
OFFICIAL CAPACITY, JUDGE ALAN D.
SCHEINKMAN, IN HIS ADMINISTRATIVE AND
OFFICIAL CAPACITY AS CHIEF
ADMINISTRATIVE JUDGE OF THE 9TH
CIRCUIT COURTS,*

        *Defendants.*

_____

FOR APPELLANT:              CANER DEMIRAYAK, Law Office of Caner
Demirayak, Brooklyn, New York.

FOR APPELLEE D'AMBROSIO:    DAVID LAWRENCE III, Assistant Solicitor
General (Barbara D. Underwood, Solicitor
General, Steven C. Wu, Deputy Solicitor
General, *on the brief*), *for* Letitia James,
Attorney General of the State of New
York, New York, New York.

FOR APPELLEES OFFICE OF COURT    LISA MICHELLE EVANS, Assistant Deputy
ADMINISTRATION OF THE NEW          Counsel (Elizabeth A. Forman, *on the brief*),
YORK STATE COURTS, NEW YORK        *for* Eileen D. Millett, Counsel, New York
STATE UNIFIED COURT SYSTEM,      State Office of Court Administration,
NANCY J. BARRY, DAN WEITZ:        New York, New York.

* The Clerk of Court is directed to amend the official case caption as set forth above.

Appeal from a decision and order of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on March 5, 2020, is **AFFIRMED**.

Marc Fishman appeals the dismissal under Federal Rule of Civil Procedure 12(b)(6) of his *pro se* lawsuit alleging violations of Title II of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12131–12165, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* Defendants-Appellees are the New York State Unified Court System and its Office of Court Administration ("OCA"); Nancy Barry, an OCA district executive; Daniel Weitz,[1] the OCA professional director (OCA, Barry, and Weitz, together, the "OCA defendants"); and Michelle D'Ambrosio, a court attorney to then-Judge Michelle Schauer.

Fishman was involved in state family court proceedings originating with his 2012 divorce and involving disputes about child visitation rights and other related matters.[2] In this suit, filed in the U.S. District Court for the Southern District of New York, he seeks an award of damages against defendants as well as declaratory and injunctive relief with regard to their asserted denials of certain requested ADA accommodations in connection with the state proceedings. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

**1. Claim for damages against D'Ambrosio.** On *de novo* review, we conclude, for the same reasons as those articulated by the district court in its decision and order, that

---

[1] In the caption and throughout the briefs, this defendant's last name is spelled "Weisz," but the correct spelling appears to be "Weitz," based on his signature displayed in attachments filed in the district court.

[2] In his written submissions to this Court, Fishman asserted both that no state court action involving any defendant is still pending and also, contrarily, that "related state court proceedings," in which "defendant OCA" is involved, remain "pending." Appellant's Br. at 29–30. During oral argument, his counsel advised that he is involved in only one matter still pending in New York state courts, but it is a criminal proceeding (related to a violation of an order of protection) and is not before the family court.

judicial immunity bars Fishman's claims for damages against D'Ambrosio. In her role as court attorney, D'Ambrosio functioned as a law clerk to Judge Schauer, and Fishman's claims against D'Ambrosio pertain to Judge Schauer's determinations that "related to" Fishman's individual case. *See Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature" and protected by judicial immunity); *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) (holding that "for purposes of absolute judicial immunity, judges and their law clerks are as one"). Accordingly, D'Ambrosio is sheltered from a damages claim for the actions taken by her in the capacity of court attorney and involving Fishman's case.

**2. Claims for injunctive and declaratory relief against D'Ambrosio and OCA defendants.** Like the district court, we conclude that Fishman's claims for injunctive and declaratory relief against all defendants must be dismissed: the *Rooker-Feldman* doctrine (as to claims arising from any final state orders) and principles of *Younger* and *O'Shea* abstention (as to claims regarding any ongoing state proceedings and potential interference with state court operations, respectively) preclude the district court from entering the requested relief. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (explaining that the *Rooker-Feldman* doctrine prohibits federal courts from exercising jurisdiction over suits challenging final state court orders); *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) (prohibiting federal courts from intervening in state courts' procedures and processes); *Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (cautioning that federal courts generally should refrain from enjoining pending state court proceedings). The district court correctly concluded that it was either unlawful or imprudent for it to enter any order directing the state family court to conduct its affairs differently than it did in dealing with Fishman.

**3. Claims for damages against OCA defendants.** As to Fishman's remaining claims—those seeking damages from the OCA defendants—the district court relied on the Eleventh Amendment in entering its dismissal order. We may affirm, however, on any ground fairly presented by the record on appeal. *Munoz-Gonzalez v. D.L.C. Limousine Serv.,*

*Inc.*, 904 F.3d 208, 212 (2d Cir. 2018). We do so on the ground that Fishman has failed to state a claim on which relief may be granted.[3]

To establish a prima facie claim under either Title II of the ADA or section 504 of the Rehabilitation Act, a plaintiff must satisfy three requirements: he must show that (1) he is a "qualified individual" with a disability; (2) he was excluded from participation in a public entity's services or programs or was otherwise discriminated against by a public entity; and (3) such exclusion or discrimination was due to his disability. *Hargrave v. Vermont*, 340 F.3d 27, 34–35 (2d Cir. 2003); *see generally Dean v. Univ. at Buffalo Sch. of Med. & Biomed. Scis.*, 804 F.3d 178, 187 (2d Cir. 2015) (explaining that courts analyze claims under Title II and section 504 in tandem). The parties dispute whether Fishman is a qualified individual with a disability—the first requirement. Regardless of the correct resolution of that dispute, however, we conclude that Fishman has not plausibly alleged facts to satisfy the second and third requirements of the prima facie case.

Fishman claims primarily that the OCA defendants refused to provide him with reasonable ADA accommodations when they denied his request for computer-assisted real-time transcription ("CART") services, failed to administratively grant certain other requested accommodations, and failed to provide an ADA-compliant grievance procedure. In considering the complaint's sufficiency under Rule 12(b)(6), we consider the complaint and documents integral to the complaint and also take judicial notice of certain information in the public record. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *see also* Fed. R. Evid. 201.[4]

---

[3] In light of this conclusion, we do not reach the question whether the state's Eleventh Amendment immunity has been waived or otherwise abrogated under either Title II of the ADA or section 504 of the Rehabilitation Act, including by acceptance of federal funding.

[4] The OCA defendants ask us to take judicial notice of exhibits attached to the declaration of Lee Alan Adlerstein filed in the district court. Adlerstein Decl., ECF No. 71. These materials include an email from defendant Barry to Fishman dated June 15, 2018, and Fishman's response email to Barry dated June 18, 2018. Fishman has not objected. Fishman asks the court to take judicial notice of the New York State Unified Court System's webpage describing the ADA accommodations request process. *ADA Accommodation Request Process*, N.Y. State Unified Ct. Sys., http://ww2.nycourts.gov/ada-accommodation-request-process-32956

*(a) CART services request.* Fishman has not plausibly alleged that the denial of CART services and CART-produced transcripts constituted a failure to provide a reasonable ADA accommodation. His request for CART services was premised on his assertion that he had difficulty remembering the oral instructions of the court. In response to his multiple requests for this accommodation, the OCA defendants explained that the OCA provides CART only as an aid for individuals with hearing impairments. Thus, Fishman was required to provide medical documentation of a hearing impairment to obtain CART services, which he did not appear to do. As the state court records attached to Fishman's filings in the district court show, in addition to the general availability of written transcripts after hearings, the court gave Fishman alternative accommodations during its proceedings. These accommodations included permission to have his ADA advocate present at hearings and permission to use a neutral, non-witness notetaker as well. Further, Fishman makes no plausible allegations that the absence of CART services or CART-produced transcripts affected his ability to participate effectively in proceedings either before or after he first requested ADA accommodations in late 2016.

In light of the alternative accommodations granted or offered by the OCA defendants and reflected in the record, we conclude that he has not plausibly alleged that the denial of CART services by itself constituted unlawful discrimination. *See generally Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 95 (2d Cir. 2015) (reasonable accommodation must be "effective" but need not be "a perfect accommodation or the very accommodation most strongly preferred" by the individual).

*(b) Administrative denial of other requested accommodations.* Fishman alleges further that the OCA defendants ran afoul of the ADA when they denied his request for judicial

---

(last visited Sept. 9, 2021). We grant both requests, determining that the material is authentic and observing that the parties do not dispute the materials' authenticity. *See Oneida Indian Nation of N.Y. v. New York*, 691 F.2d 1070, 1086 (2d Cir. 1982). We also rely on parts of the state court record attached to the parties' filings in the district court; to the extent that those records are attached to filings other than the amended complaint, they are either incorporated by reference into or "integral" to Fishman's complaint. *Chambers*, 282 F.3d at 153 ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

accommodations that had already been denied by Judge Schauer. But the record is clear that, by statute and practice, the OCA defendants had no authority to override the judicial decision-makers' denials of requested accommodations.[5] The ADA does not compel the OCA defendants to take actions they are not authorized to take. *Cf. Bey v. City of New York*, 999 F.3d 157, 161 (2d Cir. 2021) (concluding that an accommodation is not "reasonable" if providing it is prohibited by law).

*(c) Grievance procedure.* Fishman asserts that the OCA violated the ADA by failing to provide an ADA-compliant grievance procedure. This assertion is flatly contradicted by both general information in the public record and specific records in Fishman's case. The New York State Unified Court System website explains in detail and in plain language the established process for requesting ADA accommodations, including both judicial and administrative accommodations. *See ADA Accommodation Request Process*, N.Y. State Unified Ct. Sys., http://ww2.nycourts.gov/ada-accommodation-request-process-32956 (last visited Sept. 9, 2021). The website also describes how to appeal denials of such requests. The state court judicial record shows that Fishman availed himself of these appeals processes: He has appealed multiple judicial determinations (regarding his ADA accommodations requests and otherwise) through the ordinary state court processes. He also appealed defendant Barry's administrative determination with respect to the provision of CART, and defendant Weitz affirmed the denial with a full explanation.

---

[5] The state court website, of which we have taken judicial notice, *see supra* at 4 n.3, explains this division of authority as follows:

> A Chief Clerk or District Executive cannot grant, as an ADA accommodation, a request that involves a judicial balancing of the rights of the parties or the Judge's inherent power to manage the courtroom and the proceeding. . . . Those types of accommodation requests must be decided by the judge or judicial officer presiding over the case.

*ADA Accommodation Request Process*, N.Y. State Unified Ct. Sys., http://ww2.nycourts.gov/ada-accommodation-request-process-32956 (last visited Sept. 9, 2021).

We therefore affirm the district court's dismissal of the damages claims against the OCA defendants: we conclude that Fishman has not stated a claim on which relief may be granted.

* * *

We have considered Fishman's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the district court's order dismissing the second amended complaint.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

8